Troy A. Wallin, Esq. (AZ Bar No. 023522)
Chad A. Hester, Esq. (AZ Bar No. 022894)
WALLIN HESTER, PLC
Rome Towers
1760 E. Pecos Rd., Ste. 332
Gilbert, AZ 85295
Email: *courtfilings@wallinhester.com*
Telephone: 480-240-4150
Facsimile: 480-240-4151
*Attorneys for Defendants*

H. Troy Romero, (CA Bar No. 224867)
ROMERO PARK, P.S.
16935 W. Bernardo Drive, Suite 260
San Diego, CA 92127
Email: *tromero@romeropark.com*
Telephone: 858-592-0065

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl A. Wescott,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>David Crowe; Mike Lyonette; Thomas P. Madden; Taylor Collins; Jeff Rau; Darrell Bushnell; Amy Bushnell; Peter Tierney; Kathy Fettke; Susie Yee; Norman Davies; Claire Davies; Sandra Winfrey; Brian Putze; Colin Ross; Brad Malcolm; Michael Jimenez; Gustavo Varela; Robert Crowe; Bernadette Brown; Federico Gurdian; Terencio Garcia, Does 1 through 50,<br><br>　　　　　　Defendants. | Case No: 2:20-cv-01383-PHX-CDB<br><br>**MOTION TO DISMISS** |

Pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure, Defendants David Crowe, Mike Lyonette, Thomas P. Madden, Peter Tierney, Colin Ross, Brad Malcolm, and Michael Jimenez ("Defendants") respectfully move the Court for an Order dismissing Plaintiff's First Amended Complaint (Doc. #26) and/or certain claims contained therein for lack of personal jurisdiction and failure to state a claim against these Defendants upon which relief can be granted. This Motion to Dismiss ("Motion") is supported by the following Memorandum of Points and Authorities, the Court's entire file in this matter, and any oral argument that the Court may wish to hear.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

Plaintiff brought his complaint alleging breach of contract and misrepresentation; yet, the allegations are against individuals who are not even parties to the very contract that he claims has been breached. What's more is that **none** of the Defendants have any ties to Arizona, where Plaintiff arbitrarily filed this matter – contrary to the provision contained in the contract at issue. Plaintiff does not even attempt to set forth any facts as to why Arizona has jurisdiction over the Defendants. Further, Plaintiff's amended complaint, styled "Plaintiff's [Corrected] Complaint…" ("Amended Complaint") fails to state facts sufficient to support *any* of the causes of actions alleged against *any* of the Defendants.

---

[1] Pursuant to L.R.12.1(c), Defendants' counsel met and conferred with Plaintiff via letter dated June 29, 2020, which stated the lack of jurisdiction and failure to state a claim. Plaintiff was not responsive to the letter or multiple emails which were sent thereafter to try and work out this dispute. The parties have been unable to agree that the pleading is curable by a permissible amendment.

# STATEMENT OF FACTS

In the case at Bar, Plaintiff alleges that he is an experienced international real estate developer, with a focus on residential developments in Latin America. (Amended Complaint, ¶11.) Plaintiff also alleges that he entered into a contract to purchase property commonly known as the Seaside Mariana[2] ("Resort"), located in Nicaragua ("Purchase Contract"), with the intention of improving the Resort and, in turn, selling it to make a profit. (Amended Complaint, ¶13.) Plaintiff further alleges that after he entered into the Purchase Contract, he then entered into the subject contract with Defendants in August 2018 to fund his purchase of the Resort ("Funding Contract"). (Amended Complaint, ¶21.) According to Plaintiff, in exchange for entering into the Funding Contract, Defendants were to receive a portion of land owned by the Resort, which was to be transferred to the Defendants as the consideration for the Funding Contract. (*Id.*)

Yet, as alleged by Plaintiff himself, the **only** individuals who were a party to the Funding Contract were Plaintiffs David Crowe and Mike Lyonette. (Amended Complaint, ¶28[3]; Complaint, Ex A.) Regardless of who the parties to the Funding Contract were, that contract became null and void once the seller terminated the purchase contract for the

---

[2] It is Defendants' belief that the name of the Resort is Seaside Mariana Spa and Golf Resort, but are referring to it herein as referenced in Plaintiffs' Amended Complaint. (Amended Complaint, ¶13.)

[3] While the Funding Contract was attached to the original Complaint, it was not made a part of the operative pleading in this case, the Amended Complaint. Presumably, Plaintiff realized all too late that by attaching the Funding Contract to the Complaint, he was not just including the contract at issue, he was including the document that **clearly** states that jurisdiction is held in California!

Resort. The closing on the purchase of the Resort never happened. As a result, the Funding Contract became obsolete as there were no funds needed for a sale that was cancelled.

## LEGAL STANDARDS

### A.     RULE 12(b)(2) STANDARD

In a motion to dismiss for lack of jurisdiction, the "party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792F.2d 925, 927 (9th Cir. 1986). Plaintiff must make a prima facie showing of jurisdictional facts to withstand a motion to dismiss. *Ballard v. Savage*, 65 F.3d 1495,1498 (9th Cir. 1995); see also *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800(9th Cir. 2004).

### B.     RULE 12(b)(6) STANDARD

A complaint should be dismissed if it appears beyond doubt that a plaintiff can prove no set of facts in support of a claim which would entitle the plaintiff to relief. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th 2000). In considering a motion to dismiss for failure to state a claim, all factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the non-moving party. *Rhodes v. Robinson*, 408 F.3d 559, 563 (9th 2005). However, legal conclusions or characterizations in a complaint do not preclude dismissal merely because they are cast in the form of factual allegations, as such conclusions or characterizations are not entitled to a presumption of truthfulness. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th 2004).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

## ARGUMENT

### A. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(2) AS DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN THIS COURT.

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of an action when the court lacks personal jurisdiction over the defendant. "When the exercise of personal jurisdiction is challenged pursuant to Rule 12(b)(2), Fed.R.Civ.P., the question 'is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by the preponderance of the evidence.'" *Rannoch, Inc. v. Rannoch Corp.*, 52 F. Supp. 2d 681, 683-84 (E.D. Va. 1999) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

To establish jurisdiction over the Defendants, none of whom reside in Arizona, this Court must first consider whether jurisdiction is authorized by Arizona law. The analysis of personal jurisdiction is normally a two-step inquiry, requiring the application of both statutory and constitutional components. *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002). "Where, as here, there is no applicable federal statute governing personal jurisdiction the district court applies the law of the state in which the district sits." *Schwarzenegger*, 374 F.3d at 800 (citing FED.R.CIV.P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). Because Arizona's long-arm statute is co-

extensive with federal due process requirements, the jurisdictional analyses under Arizona law and federal due process are the same. See ARIZ.R.CIV.P. 4.2(a); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

"The due process clause of the Fourteenth Amendment requires that the defendant must have minimum contacts with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1194 (9th Cir. 1988); see also *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In the Ninth Circuit, specific jurisdiction may be exercised only if: (1) the defendant purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directs conduct at the forum that has effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997)). If Plaintiff succeeds in establishing the first two elements of this test, the burden shifts to Defendants to "'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger,* 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–78 (1985)). The Ninth Circuit has noted that "litigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).

Therefore, it is necessary to examine carefully the nature of a defendant's contacts with Arizona in order to determine whether he may fairly be subjected to suit. To do so, the Court must first examine whether there were any activities in Arizona giving rise to the action, and any additional contacts that are unrelated to the action, as these different types of contacts are judged by different standards.

In this case, the only Defendants who entered into the Funding Contract are David Crowe and Mike Lyonette. (Original Complaint, Ex. A.) As such, David Crowe and Mike Lyonette are the only two parties who even arguably may have any contractual ties to Plaintiff based on the allegations contained in the Amended Complaint. Thomas P. Madden, Peter Tierney, Colin Ross, Brad Malcolm, and Michael Jimenez all seek relief under 12(b)(2) as they have not conducted any activities within the State of Arizona or purposely directed any conducted towards the jurisdiction. The facts as demonstrated in the pleadings show that only David Crowe and Mike Lyonette were parties. There are no facts stated in the Amended Complaint which show that Thomas P. Madden, Peter Tierney, Colin Ross, Brad Malcolm, and Michael Jimenez ever entered into a contract with Plaintiff, much less having entered into a contract in Arizona or taken any actions which would lead to personal jurisdiction within Arizona. Accordingly, these Defendants should be dismissed for lack of personal jurisdiction.

As for Defendants David Crowe and Mike Lyonette, who signed the Funding Contract, they also should be dismissed for lack of personal jurisdiction. The Funding Contract itself has a jurisdiction and venue clause which states that the contract "shall be governed by and construed in accordance with the laws of San Francisco, California in the

United States of America, and thus that shall be the jurisdiction and venue for this contract." (Original Complaint, Ex. A, pg. 6). The Funding Contract makes it clear that to the extent Plaintiff has any claim against any of the Defendants that both jurisdiction and venue must be in California – they do not exist in Arizona. Thus, this Motion should be granted as to all Defendants.

### B.  THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) AS PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO SUPPORT ANY OF HIS CLAIMS.

The Court can and should dismiss this case as to all Defendants for lack of personal jurisdiction. In the event that the Court concludes otherwise, the Court should still dismiss the Complaint as to all Defendants[4] for failure to state a claim on each cause of action.

As stated above, the subject contract at issue, the Funding Contract, contains a provision requiring it to be governed by California law. *Id.* As such, all of the Defendants' citations will be to California law.

### 1.  Elements for Breach of Contract Are Not Established.

The essential elements to be plead in an action for breach of contract are (1) the existence of a contract; (2) Plaintiff's performance of the contract or excuse for non-performance; (3) Defendant's breach of the contract; and (4) the resulting damages to Plaintiff. *Lortz v. Connell* (1969) 273 Cal. App. 286, 290.

---

[4] The undersigned counsel also now represent Defendant Jeff Rau. Since Defendant Rau already answered the Complaint he cannot join in this motion. Notwithstanding, the arguments made by the Defendants under FRCP 12(b)(6) should apply to him as well and the Court would be within its jurisdictional authority to also dismiss the complaint against him.

While Plaintiff has identified the Funding Contract, the contract itself shows that none of the Defendants other than David Crow and Mike Lyonette are parties to it. Therefore, Plaintiff cannot enforce this contract as to Thomas P. Madden, Peter Tierney, Colin Ross, Brad Malcolm, and Michael Jimenez.

Under the second element, Plaintiff must prove that he has fulfilled his obligations and complied with any and all conditions and agreements of the contract that he is required to perform. *See Pry Corp. of American v. Leach* (1960) 177 Cal. App. 2d 623, 639-40. Plaintiff admits that the seller ("Fleming" or "Seller") of the Resort backed out of selling the Resort to Plaintiff. The Funding Contract states in Article 1, Section 10 that Plaintiff has "bound" the seller of the Resort in a contract that ensures David Crow and Mike Lyonette will get everything they need at the closing. However, Plaintiff failed to get the Seller to complete the closing of the sale and thus failed to perform under the contract. As shown in Exhibit B to the Amended Complaint, Fleming informed Plaintiff that he had terminated the sale of the Resort to Plaintiff. (Amended Complaint, Ex. B, pg. 2.)

Finally, under the third element, a "breach" is defined as a defendant's unjustified or unexcused failure to perform. Plaintiff must plead the facts constituting the breach in unequivocal language. *See Poirier v. Gravel* (1891) 88 Cal. 79. Here, Plaintiff merely claims that all Defendants breached by failing to close on the Funding Contract. (Amended Complaint, ¶ 58.) However, this does not add up. The sole purpose of the Funding Contract was to fund the purchase of the Resort. Yet, the Seller terminated the contract with Plaintiff for the purchase and sale of the Resort. This begs the question, how can it be alleged that Defendants breached a contract of which the performance of said contract was invalidated

by the termination of the sale? The simple answer is, they didn't – there was no sale and thus there was no breach (nor frankly could there be a breach).

Plaintiff may have a claim against the Seller of the Resort, but what is clear by his Amended Complaint is that Plaintiff does not have a breach of contract claim against any of the Defendants for at least the reasons stated above. As such, Plaintiff's cause of action for breach of contract should be dismissed, and Plaintiff should be denied leave to amend, since any attempt to correct as to the necessary elements for a breach of contract would be futile.

### 2. Plaintiff's 2nd and 3rd Causes of Action for Promissory Fraud and Negligent Misrepresentation Fail to State Facts Sufficient to State a Cause of Action.

Plaintiff's second and third causes of action for Promissory Fraud and Negligent Misrepresentation contain nothing more than conclusory allegations and a guess that Defendants committed fraud by never intending to close on the Funding Contract. However, as shown above, the closing on the Funding Contract could not occur as Fleming cancelled the sale of the Resort to Plaintiff.

Under Federal Rule of Civil Procedure 9(b), a cause of action for fraud must be pled with particularity. "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charges so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations and internal quotations omitted).

The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or *scienter*); (3) intent to defraud,

i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996); *see also Cleveland v. Deutsche Bank Nat'l Trust Co.*, 2009 U.S. Dist. LEXIS 7165, at *8 (S.D. Cal. Feb. 2, 2009). The complaint must plead in detail "the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). The complaint must also "set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). Rule 9(b) requires plaintiffs to differentiate between the conduct of each defendant and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)).

Here, Plaintiff has not alleged any of the elements of fraud with sufficient particularity. Plaintiff does not identify a single statement or misrepresentation made by any of the named Defendants. Indeed, Plaintiff complains only that it is ***possible*** the Defendants never intended to close on the Funding Contract. Plaintiff does not identify any false statements made by the Defendants, the name of the person who spoke, their capacity to speak, the person to whom the speech was addressed, what was said, and when it was said. A complaint lacking such allegations does not state facts sufficient to charge a Defendant with fraud. *See Id.* All of the twenty plus Defendants are lumped together with absolutely no way to determine against which Defendant(s) the allegations are plead.

Regardless, as stated above, the only two Defendants who were actually parties to the Funding Contract were excused from performance due to the Seller's termination of the sale of the Resort to Plaintiff. Thus, Plaintiff's second and third causes of action should be dismissed. Further, the Court should deny leave to amend this claim because Plaintiff cannot amend to get around the impossibility of closing on the Funding Contract, leaving Plaintiff with a total lack of existence of any facts that could be construed to state a claim for fraud against Defendants.

### 3. Plaintiff's 4th Cause of Action for Intentional Interference with Contract Fails to State Facts Sufficient to State a Cause of Action.

Plaintiff claims that the Defendants' refusal to close on the Funding Contract interfered with his relationship with Fleming. Plaintiff once again has lumped all of the Defendants together, despite only two of them being parties to the Funding Contract, whose alleged breach he claims resulted in the interference with the Fleming contracts.

"To prevail on a cause of action for intentional interference with contractual relations, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1148. The Reeves Court further states that, "[t]o establish the claim, the plaintiff need not prove that a defendant acted with the primary purpose of disrupting the contract, but must show the defendant's knowledge that the interference was certain or substantially certain to occur as a result of his or her action." *Id*.

Plaintiff fails to provide any facts showing a valid contract between Plaintiff and Fleming. Plaintiff merely references that he had numerous other contracts to purchase assets. However, Plaintiff does not state facts to show any valid contract which could have been interfered with.

Plaintiff generally throws out the conclusory allegation that the Defendants knew of the many contracts he had with Fleming. However, Plaintiff's vague allegations that failure to close on the Funding Contract would lead to all of his contracts with Fleming failing is far too attenuated. There is no direct causal link.

Plaintiff has no facts which show any direct action on behalf of the Defendants (keeping in mind that most all of them were not even a party to the Funding Contract) were designed to induce a breach of any of Plaintiff's contracts with Fleming. Plaintiff must show some action which actually interfered with the contract. Failing to provide funds for a wholly separate contract, even if true, would not be interference with other contracts the Plaintiff may have had.

Importantly, Plaintiff's damages are wholly speculative. Plaintiff runs amok with his claims of the many contracts to which he may have been able to make money; however, the fact of the matter remains, none of these alleged contracts would have been *guaranteed* money. Additionally, they were not sufficiently set forth to allow a reasonable person to understand their validity or the basis for Plaintiff's money-making scheme.

In all, Plaintiff has failed to state any of the elements necessary to succeed on this cause of action. Even if Plaintiff could show other contracts existed, he cannot show intentional interference with unrelated contracts due to Defendants' excused performance

in funding a separate property. As such, this cause of action should be dismissed and leave to amend denied.

### 4. Plaintiff's 5th Cause of Action for Negligent Interference with Economic Advantage Fails to State Facts Sufficient to State a Cause of Action.

Plaintiff claims that the Defendants knew of his economically advantageous relationship with Fleming and that by not funding his purchase of the Resort, Defendants caused him to lose this relationship. Once again, Defendants must point out that only David Crowe and Mike Lyonette were even parties to the Funding Contract and, therefore, could not have possibly been links between the failure to fund and the loss of this relationship even if this were true, which Defendants do not believe it is.

The elements of negligent interference with prospective economic advantage are (1) the existence of an economic relationship between the plaintiff and a third party containing the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's knowledge (actual or construed) that the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the defendant's failure to act with reasonable care; (5) actual disruption of the relationship; and (6) economic harm proximately caused by the defendant's negligence." (*Redfearn, supra*, 20 Cal.App.5th at 1005.) " 'The difference between intentional interference and negligent interference with prospective economic advantage relates to the defendant's intent.' " (*Id.* at 1006.)

This tort requires an independently wrongful act. "An act is not independently wrongful merely because defendant acted with an improper motive. ... [A]n act is

independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1158-1159.) "Commonly included among improper means are actions which are independently actionable, violations of federal or state law or unethical business practices, e.g., violence, misrepresentation, unfounded litigation, defamation, trade libel or trademark infringement." (*Pmc, Inc. v. Saban Entm't* (1996) 45 Cal.App.4th 579, 603.)

Plaintiff does not meet any of the elements for this cause of action. The speculative statements that Plaintiff may have been able to complete other deals with Fleming are just that, speculative, and do not prove an actual economic relationship existed. Plaintiff's conclusory allegations that the Defendants knew of the economic relationship are very thin, to say the least. There are no facts alleged, just a conclusory statement that they knew of the relationship and that if they failed to fund the purchase of the Resort, his relationship would be disrupted. This applies to each element listed.

However, the main crux of the failure is that Plaintiff must show a wrongful act on behalf of the Defendants, which he has not done. Even if, for argument's sake, the two Defendants who were a party to the contract did breach the contract (which they did not), that still would not rise to a wrongful act that is unlawful. As stated in *PMC, Inc.*, misrepresentations or other normal bad actions do not rise to the level of the wrongful act which is required under this cause of action.

In addition, " '[t]he tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care.' " (*LiMandri v. Judkins* (1997)

52 Cal.App.4th 326, 348.) Plaintiff has not stated any facts which show that the Defendants owed Plaintiff a duty of care. There are no facts in the Amended Complaint at all which show any relationship between Plaintiff and any of the Defendants, except David Crowe and Mike Lyonette. Regardless, Plaintiff wholly fails to allege any facts showing that they owed him a duty with regard to his relationship with Fleming. As such, this entire cause of action should be dismissed without leave to amend.

### 5. Plaintiff's 6th Causes of Action for Breach of the Covenant of Good Faith & Fair Dealing Fails to State Facts Sufficient to State a Cause of Action.

The covenant of good faith and fair dealing is implied into every contract, and it "requires that neither party do anything which will deprive the other of the benefits of the agreement." *Gibson v. Gov't Employees Ins. Co.* (1984) 162 Cal. App. 3d 441, 445. "The implied covenant of good faith and fair dealing does *not* extend beyond the terms of the contract at issue." *Poway Royal Mobilehome Owners Ass'n v. City of Poway* (2007) 149 Cal. App. 4th 1460, 1477 (citing *New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal. App. 4th 1088, 1096); *see also Gibson*, 162 Cal. App. 3d at 446. "Because contracts differ, the nature and extent of the duties owed under the implied covenant are also variable and 'will depend on the contractual purposes.'" *Love v. Fire Ins. Exch.* (1990) 221 Cal. App. 3d 1136, 1147 (quoting *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal. 3d 809, 818).

Here, there are not any facts alleged which show that any of the Defendants did anything which would deprive Plaintiff of the benefits of the agreement. As shown above, the Funding Contract could not be closed upon due to Fleming backing out of the sale of

the Resort to Plaintiff. There was no breached duty and no facts which show that a duty even existed. Just as Plaintiff's breach of contract claim fails particularly against all of the non-contracting Defendants, but also as well as the two contracting Defendants, this claim also fails and should be dismissed without leave to amend.

## CONCLUSION/PRAYER FOR RELIEF

Plaintiff's Amended Complaint fails against the Defendants for, amongst others, 1) lack of personal jurisdiction (not only because none of the Defendants have ties to the jurisdiction, but most importantly, because the action was not brought in the correct jurisdiction according to the subject contract); and 2) failure to state facts sufficient to support any of the listed causes of action contained in Plaintiff's Amended Complaint. Leave to amend should be denied as there are no facts which could be alleged to overcome the deficiencies in the Amended Complaint. As such, Defendants respectfully request that the Amended Complaint be dismissed and leave to amend be denied.

RESPECTFULLY SUBMITTED this 20th day of July, 2020.

WALLIN HESTER, PLC

By: /s/ Chad A. Hester
Chad A. Hester, Esq. (No. 022894)
*Attorneys for Removing Defendants*

///

///

1  ELECTRONICALLY filed and copy emailed this 20th day of July, 2020, to:

2

3  Carl A. Wescott
409 N. Scottsdale Rd., Ste. 223
4  Scottsdale, AZ 85257
*Plaintiff In Pro Per*
5  Email: carlwescott2020@gmail.com
415-335-5000
6

7  Fabian Zazueta
ZAZUETA LAW, PLLC
8  4742 N. 24th Street, Suite 300
Phoenix, AZ 85016
9  *Email: fabian@zazuetalawfirm.com*
*Attorney for Defendants Sandra Winfrey*
10  *And Brian Putze*
11

12  /s/ Lori Feasel
Lori Feasel
13