Fabian Zazueta, #032687
**ZAZUETA LAW, PLLC**
4742 N 24th St., Suite 300
Phoenix, AZ 85016
Office: (480) 522-2088
Fabian@zazuetalawfirm.com
*Attorney for Defendants Sandra Winfrey
and Brian Putze*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carl A. Wescott,<br><br>        Plaintiff,<br><br>  vs.<br><br>David Crowe; Mike Lyonette; Thomas P. Madden; Taylor Collins; Jeff Rau; Darrell Bushnell; Amy Bushnell; Peter Tierney; Kathy Fettke; Susie Yee; Norman Davies; Claire Davies; Sandra Winfrey; Brian Putze; Colin Ross; Brad Malcolm; Michael Jimenez; Gustavo Varela; Robert Crowe; Bernadette Brown; Federico Gurdian; Terencio Garcia, Does 1 through 50,<br><br>        Defendants. | Case No.: CV 20-1383 PHX-SPL<br><br>**DEFENDANTS SANDRA WINFREY AND BRIAN PUTZE'S REPLY IN SUPPORT TO MOTION TO DISMISS**<br><br>(Honorable<br>Steven P. Logan) |

Defendants Sandra Winfrey and Brian Putze (collectively, the "Winfrey Defendants"), by and through undersigned counsel, hereby file their Reply in Support to their Joinder to the Motion to Dismiss [Doc. 12, 14]. In support of their Reply, the Winfrey Defendants state the following:[1]

---

[1] Plaintiff begins his Response contending that the Motion to Dismiss should be struck for Defendants' failure to meet and confer to discuss whether the First Amended Complaint could be cured by possible amendment. [*See generally* Doc. 23, pp. 1-3]. Plaintiff admits that the undersigned and Plaintiff held a twenty (20) minute teleconference concerning the facts and claims alleged in Plaintiff's First Amendment Complaint (among other items). The undersigned made clear that the Winfrey Defendants are not liable to Plaintiff under any set of facts as they have never met Plaintiff, never engaged in any business transaction with Plaintiff, and are Virginia residents. In all candor to the Court, the undersigned submits that he did not expressly inform Plaintiff that he had the option to amend the First Amended Complaint. That is not the

## I. The Winfrey Defendants are not Subject to General Jurisdiction.

The Ninth Circuit makes clear that "[i]n opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Ranza v. Nike, Inc*., 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted). And, "[a] plaintiff may not simply rest on the 'bare allegations of [the] complaint.' " *Id*. (citations omitted). Plaintiff concedes that "[t]here are only two Defendants for whom the Plaintiff is highly confident he could get general jurisdiction: Mr. Jeff Rau . . . and Mr. Tomas P. Madden." [Doc. 23, p. 5:6-8]. More importantly, Plaintiff concedes that "[f]or the two Winfrey Defendants . . . the Plaintiff does not know enough about their activities to intelligently opine." [*Id.* p. 5:9-12]. That is because there are none. Plaintiff has not, and cannot, pointed to any fact or law to support a finding of general jurisdiction in this forum. Namely, Plaintiff fails to point to any set of facts that demonstrate the Winfrey Defendants engaged in substantial, systemic, and continuous activities in Arizona that they can be sued in Arizona. *Batton v. Tennessee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 270, 736 P.2d 2, 4 (1987)(quotations omitted). The Winfrey Defendants' contacts with Arizona are non-existent and do not establish personal general jurisdiction.

## II. There is No Specific Jurisdiction over the Winfrey Defendants.

Plaintiff next argues, in conclusory fashion, that "[he] believes he has enough for specific jurisdiction in this District for all named Defendants, including the Winfrey Defendants . . ." [*Id.* p. 5:14-17]. For support, Plaintiff copies and pastes various allegations from the First

---

undersigned's responsibility. Plaintiff is presumed to know the civil rules. Further, based on any reasonable interpretation of the parties' conversation, it was clear that any amendment would be futile for the reasons state herein. Plaintiff's subjective understanding of the parties' conversation does not warrant striking the Motion to Dismiss or the Winfrey Defendants' Joinder.

Amended Complaint and an attached Exhibit "A".[2] A reading of those facts, however, shows that Plaintiff fails to demonstrate how the Winfrey Defendants' purported conduct or omission created sufficient minimum contacts with Arizona to allow this Court specific personal jurisdiction. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984). Plaintiff cannot point to any contract, non-disclosure agreement, let alone any set of facts to demonstrate the Winfrey Defendants directed any activities to Arizona or that they purposefully availed themselves to the privileges, benefits, and protections of this forum. *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The Winfrey Defendants are not signatories on any contract let alone any contract that binds them to this forum. Plaintiff fails to allege facts, or submit any admissible evidence, sufficient to support personal specific jurisdiction over the Winfrey Defendants.

### III.   Plaintiff Fails to State a Claim and Leave to Amend Should be Denied.

Plaintiff's First Amended Complaint should be dismissed; thus, this Court need not reach the merits of the case. Indeed, "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). "[T]he Supreme Court has specifically instructed that a district court must first determine whether it has jurisdiction before it can decide whether

---

[2] Plaintiff contends that the Exhibit "A" is the first paragraph of a narrative he used to set the context in a Motion to Deem Certain RFA's Admitted as to Defendant Jeff Rau. The Winfrey Defendants note that those facts in Exhibit A have not been alleged in the First Amended Complaint nor are they alleged in Plaintiff's response in the form of an affidavit or declaration signed under the penalty of perjury. The Winfrey Defendants further note that the Motion to Deem Certain RFA's Admitted is a pending and undecided motion that this Court need not consider. *See* LR.Civ. 3.6(c). In any event, even if those facts are considered, they fail to show how these Defendants are subject to this Court's jurisdiction.

a complaint states a claim." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011).

Here, assuming the Court can exercise personal jurisdiction over the Winfrey Defendants, Plaintiff does not address how his First Amended Complaint states a cognizable claim against these Defendants. Indeed, Plaintiff recognizes his deficient pleading and "agrees with the Defendants that his legal complaint could be improved." Plaintiff requests to "improve" his pleading via amendment should be denied as futile as discussed in the moving papers. There are no set of supplemental facts that Plaintiff can allege that would impose liability on the Winfrey Defendants—parties who have never contracted with Plaintiff, have never met Plaintiff, and did not know about Plaintiff until the commencement of this Action. For the reasons stated herein, the First Amended Complaint should be denied.

**RESPECTFULLY SUBMITTED** this 11st day of August, 2020.

        **ZAZUETA LAW, PLLC**

        */s/ Fabian Zazueta*
        Fabian Zazueta, Esq.
        4742 N. 24th St. Suite 300
        Phoenix, Arizona 85016
        Fabian@zazuetalawfirm.com
        *Attorney for Sandra Winfrey and Brian Putze*

# CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2020, I electronically submitted the attached document to the Clerk's office using EMF/ECF system for filing and electronically served the same to the following recipient:

Troy A. Wallin, Esq.
Chad A. Hester, Esq.
Wallin Hester, PLC
Rome Towers
1760 E. Pecos Rd., Ste. 33
Gilbert, AZ 85295
Courtfilings@wallinhester.com

H. Troy Romero, Esq. (*Pro Hac Vice Pending*)
Romero Park, P.S.
16935 W. Bernardo Drive, Suite 260
San Diego, CA 92127
Tromero@romeropark.com
*Attorneys for Defendants*

I further hereby certify that on August 11, 2020, I e-mailed the attached document to the following recipient:

Carl A. Wescott
Carlwescott2020@gmail.com
Carlwsoj@gmail.com
*Pro se Plaintiff*


 /s/ Fabian Zazueta