Troy A. Wallin, Esq. (AZ Bar No. 023522)
Chad A. Hester, Esq. (AZ Bar No. 022894)
WALLIN HESTER, PLC
Rome Towers
1760 E. Pecos Rd., Ste. 332
Gilbert, AZ 85295
Email: *courtfilings@wallinhester.com*
Telephone: 480-240-4150
Facsimile: 480-240-4151
*Attorneys for Defendants*

H. Troy Romero, (*Admitted Pro Hac Vice*)
ROMERO PARK, P.S.
16935 W. Bernardo Drive, Suite 260
San Diego, CA 92127
Email: *tromero@romeropark.com*
Telephone: 858-592-0065

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl A. Wescott,<br><br>              Plaintiff,<br><br>    vs.<br><br>David Crowe; Mike Lyonette; Thomas P. Madden; Taylor Collins; Jeff Rau; Darrell Bushnell; Amy Bushnell; Peter Tierney; Kathy Fettke; Susie Yee; Norman Davies; Claire Davies; Sandra Winfrey; Brian Putze; Colin Ross; Brad Malcolm; Michael Jimenez; Gustavo Varela; Robert Crowe; Bernadette Brown; Federico Gurdian; Terencio Garcia, Does 1 through 50,<br><br>              Defendants. | No: CV-20-1383-PHX-SPL<br><br>**DECLARATION AND CERTIFICATION OF H. TROY ROMERO IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS** |

I, H. Troy Romero, under penalty of perjury, do declare and certify as follows:

1. I am an attorney licensed to practice law by the states of California and Washington, and have been admitted to practice in this Court *pro hac vice*. I am an attorney at the firm of Romero Park P.S., attorneys of record for Defendants David Crowe, Mike Lyonette, Thomas Madden, Jeff Rau, Peter Tierney, Colin Ross, Brad Malcolm, and Michael Jimenez ("Defendants") in this action. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to the matters stated herein.

2. Plaintiff feigns ignorance as to Defendants' repeated efforts to meet and confer regarding his complaint, yet he attaches my letter regarding the same and the multiple emails to him to his response; thus, acknowledging the efforts, yet blatantly misrepresenting that no effort was made. On no less than four times I reached out to Plaintiff to try to talk about his complaint and the need to have it dismissed because of the contractual provision that requires the case be filed in California and because it fails to state a claim against all Defendants. For proof of our repeated efforts to meet and confer please review the following:

   A. My letter to Plaintiff dated July 6, 2020, a true and correct copy of which is attached hereto as Exhibit A;

   B. My email to Plaintiff dated July 9, 2020, a true and correct copy of which is attached hereto as Exhibit B;

   C. My email to Plaintiff dated July 10, 2020, a true and correct copy of which is attached hereto as Exhibit C; and

**1**      D. My email to Plaintiff dated July 11, 2020, a true and correct copy of which is

**2**          attached hereto as Exhibit D.

**3**  Exhibit D specifically states that it was the **fourth** time I had reached out to Plaintiff to ask

**4**

**5**  him to dismiss his case or else we would file a motion to dismiss, without him ever

**6**  responding. Plaintiff could have easily responded to any of my communications but chose

**7**  not to.

**8**      3.   When Defendants filed their Motion to Dismiss and the Motion for Judgment

**9**

**10** on the Pleadings they did not yet have a copy of this Court's July 28, 2020 Preliminary

**11** Order. While Defendants believe they complied with LRCiv 12.1(c), by including a

**12** certification within their motion, to make sure that the Court has Defendants' counsel's

**13**

**14** certification I hereby make the following certification:

**15**      Pursuant to LRCiv 12.1(c), I met and conferred with Plaintiff via letter

**16**      dated July 6, 2020,[1] which stated the lack of jurisdiction and failure to state

**17**      a claim. Plaintiff was not responsive to multiple emails which were sent

**18**      thereafter to try and work out this dispute. The parties have been unable to

**19**

**20**      agree that the pleading is curable by a permissible amendment.

**21** Further, I certify that even if I had been able to personally talk to Plaintiff about

**22** amending his complaint, it would have been futile to do so. I say this because

**23**

**24** Defendants contend this case must be filed in California, because of the choice of

**25** law and jurisdiction provision in the agreement between Plaintiff and two of the

**26** Defendants; and that all other Defendants had to be dismissed (or at least had the

**27**

---

[1] The Motion contained an inadvertent error referring to a June 29, 2020 letter and, thus, the date of the letter has been corrected here.

case moved to California) because none of them live in Arizona and none of them have any contacts with Arizona, especially as it relates to this case. There is no way that Plaintiff ever would have voluntarily agreed to move the case to California because he is on the vexatious litigation list in California (a true and correct excerpt of which is attached hereto as Exhibit E), meaning that Plaintiff filed in Arizona because he was prohibited by law from filing in California, the dictated state with jurisdiction.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNED this 19th day of August 2020.

_____
H. Troy Romero

ELECTRONICALLY filed and copy
emailed this 19th day of August, 2020, to:

Carl A. Wescott
Movenpick Apartments & Hotel (#229) – Bur Dubai
Opposite American Hospital – 19th Street – Oud Metha
Dubai, UAE (United Arab Emirates) 32733
*Plaintiff In Pro Per*
*Email: carlwsoj@gmail.com*

Fabian Zazueta
ZAZUETA LAW, PLLC
4742 N. 24th Street, Suite 300
Phoenix, AZ 85016
*Email:  fabian@zazuetalawfirm.com*
*Attorney for Defendants Sandra Winfrey*
*And Brian Putze*

/s/Kathy Koback