Exhibit A



NORTHWEST OFFICE

COLUMBIA WEST BLDG
155-108th Avenue NE, Suite 202
Bellevue, Washington 98004
Telephone (425) 450-5000
Facsimile (425) 450-0728

CALIFORNIA OFFICE

RANCHO BERNARDO COURTYARD
16935 West Bernardo Dr., Suite 260
San Diego, California  92127
Telephone (858) 592-0065
tromero@romeropark.com

*Via Electronic Mail*
July 6, 2020

Carl A. Wescott
409 N. Scottsdale Road, #223
Scottsdale, Arizona 85257
Email: carlwescott2020@gmail.com

**RE:    Carl A. Wescott v. David Crowe et al.**
        Our Reference: WESC 600

Mr. Wescott:

This firm represents David Crowe, Mike Lyonette, Thomas P. Madden, Jeff Rau, Colin Ross, Brad Malcolm, and Michael Jimenez in the above-referenced matter.

We understand that you have filed a [Corrected] Complaint under Civil Action No. CV2020-006232. You have not properly served any of my clients with the [Corrected] Complaint. If you believe we are mistaken, please kindly email me Proof of Service on each of our clients whom you believe were properly served under the applicable rule.

By way of information, your original Complaint was not properly served on my clients either, as your service by mail did not comply with Ariz. R. J. C. Civ. P. 113d.(2). In checking with the Court's docket, we were unable to locate any Proofs of Service for any of the initial pleadings, so we assume you have come to the same conclusion. We would remind you that if you ever file a Proof of Service with the Court, under penalty of perjury, that contain inaccurate statements regarding service, you can be assured that there will be consequences that follow. In simple terms, you have not properly served any of our clients with the original Complaint (which has now been superseded by the [Corrected] Complaint anyway – and, for reference, should have been styled "Amended" Complaint).

Additionally, it appears that you have attempted service of discovery requests on one or more of my clients (Requests for Admission and Interrogatories) ("Discovery Requests"), claiming they have been served pursuant to Rules 33, 33.1 and 36 of the Arizona Rules of Civil Procedure. As you may or may not know, Arizona Rules of Civil Procedure 26(f)(1) states, in part, "…Unless the Court orders otherwise for good cause: (1) a party may not seek discovery from any source-including nonparties-before that party serves its initial disclosure statement under Rule 26.1." Therefore, even if you had properly served one or more of our clients with the [Corrected] Complaint, which you have not (meaning my clients have no obligation to answer the Discovery Requests to the extent they even received them), they will still have no obligation to respond to the Discovery Requests since they have not been served with your initial disclosure statement.

Carl A. Wescott
July 6, 2020
Page 2

As to the case itself, you must know that your claims are frivolous and subject to dismissal. Aside from David Crowe and Mike Lyonette, you have no contractual relationship with any of my other clients; had no discussions with them before entering into the contract; and for many of them you have never met nor communicated with them in any matter before filing your lawsuit. In other words, there is no conceivable set of facts upon which you could sue them. Consequently, you are directed to immediately dismiss all defendants from the lawsuit except for David Crowe and Mike Lyonette.

Now, as it relates to these two gentlemen, we are confident you are aware that you entered into a Settlement Agreement with them in August 2018 in which you contractually agreed that any dispute between you and these gentlemen must be resolved in San Francisco, California. Accordingly, even as to these two gentlemen, you must dismiss your case because you filed it in Arizona – in direct violation of the terms of your Settlement Agreement with them. In simple terms, you must dismiss your [Corrected] Complaint against all of the defendants (although I am fine with you dismissing it just against my clients).

While you have a number of other problems with your [Corrected] Complaint that will ultimately require its dismissal (such as your failure to state a claim; your failure to allege fraud with specificity; impossibility of performance due to your failure to acquire the shares of Seaside Mariana; etc.), we do not need to get into these at this time. It is just worth noting that there are multiple reasons why you need to dismiss your [Corrected] Complaint against my clients because if you do not do it voluntarily, we will do it for you involuntarily.

We trust that you will dismiss your case immediately, and by no means later than Friday, July 10, 2020. In the event it is not dismissed by that date, you are hereby notified that my clients will seek sanctions against you for having to defend against your frivolous complaint. Further, you will owe attorneys fees and costs under the terms of your agreement with some of the defendants.

Thank you for your anticipated cooperation.

Very truly yours,
ROMERO PARK P.S.

*/s/H. Troy Romero*

H. Troy Romero