**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carl A. Wescott, | ) | No. CV-20-01383-PHX-SPL |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| David Crowe, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendants' Motion to Dismiss ("Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and 12(b)(6).[1] For the following reasons, the case will be transferred to the Northern District of California.

**I.  BACKGROUND**

This case arises out of a contractual dispute between Plaintiff Carl A. Wescott ("Plaintiff") and two of the Defendants, David Crowe and Mike Lyonette. The subject contract was entered into on August 11, 2018. (Doc. 1-4 at 16) On May 27, 2020, Plaintiff filed a complaint in Maricopa County Superior Court, alleging breach of contract, promissory fraud, and negligent misrepresentation against Crowe, Lyonette, and several other defendants generally referred to in the contract as the "Litigating Group." (Doc. 1-4

---

[1] Plaintiff argues that Defendants failed to adhere to LRCiv. 12.1(c) when filing their Motion to Dismiss, which requires Defendants to file a Certificate of Conferral. The Court reiterated the need to comply with the local rules in its Preliminary Order dated August 25, 2020. (Doc. 21) Although Defendants did not initially attach a certificate of effort of conferral to their Motion to Dismiss, they constructively rectified their mistake by filing it concurrent with their Reply. (Doc. 34)

at 5–15) Plaintiff amended his complaint on June 12, 2020 and added allegations of intentional interference with contract, negligent interference with economic advantage, and breach of the covenant of good faith and fair dealing. (Doc. 1-4 at 28–44) On July 13, 2020, Defendants David Crowe, Mike Lyonette, Thomas P. Madden, Peter Tierney, Colin Ross, Brad Malcolm, and Michael Jimenez (collectively, "moving Defendants") filed a notice of removal to this Court based on 28 U.S.C. § 1332 jurisdiction.[2] (Doc. 1-4 at 1–4) On July 20, 2020, the moving Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(2) and 12(b)(6). (Doc. 12) The Motion is fully briefed and ready for review. (Docs. 12, 23, 32)[3]

## II.   LEGAL STANDARDS

"A motion to enforce a forum-selection clause is treated as a motion pursuant to Federal Rule of Civil Procedure 12(b)(3)." *Kukje Hwajae Ins. Co. v. M/V HYUNDAI LIBERTY*, 408 F.3d 1250, 1254 (9th Cir. 2005). The Court need not accept the pleadings as true and may consider facts outside the pleadings. *Id.*

When venue is improper, the Court has discretion to dismiss the action or, "in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976).

## III.   DISCUSSION[4]

This case involves multiple defendants, only two of whom are express parties to the subject contract. The parties do not dispute this fact. Plaintiff further appears to allege those

---

[2] Plaintiff and Defendant Peter Tierney filed a stipulation to dismiss (Doc. 43) on September 11, 2020 which was granted by the Court. (Doc. 44)

[3] On July 21, 2020, Defendants Brian Putze and Sandra Winfrey joined in Defendants' Motion to Dismiss. (Doc. 29) Plaintiff and Defendants Putze and Winfrey later filed a notice of settlement (Doc. 35) and those Defendants were dismissed from this action on August 26, 2020. (Doc. 42)

[4] The Court acknowledges receipt of Defendants' Objection for lack of Notice of Service on August 26, 2020. (Doc. 41) In the Objection Defendants claim Plaintiff did not comply with the Preliminary Order issued by this Court on July 28, 2020, which was a restatement of Rule 4. Rule 4 challenges to notice or service of process are waived unless raised in a Rule 12 pre-answer motion, or, when there is no pre-answer motion, in the answer. *See Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 145 (9th Cir. 1975). As Defendants did not raise this challenge in the instant motion, the Court considers it waived and will not rule on it.

2

two parties acted on behalf of the remaining five moving defendants, who are generally referred to in the contract as the "Litigating Group." (Doc. 1-4 at 16, 34, ¶¶ 22-25; Doc. 23 at 3) Defendants argue that the Complaint should be dismissed for lack of personal jurisdiction because the subject contract contains a forum selection clause naming San Francisco, California as the proper venue for any suits arising from it. (Doc. 12 at 7–8) Although the parties address the forum selection clause in a motion based on lack of personal jurisdiction under Rule 12(b)(2), it is more appropriately considered under Rule 12(b)(3). *See Kukje Hwajae Ins. Co.*, 408 F.3d at 1254 *citing Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) ("A motion to enforce a forum-selection clause is treated as a motion pursuant to Federal Rule of Civil Procedure 12(b)(3).").

Agreed-upon forum selection clauses are typically found to be enforceable because they are presumptively valid. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991). "[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court," *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964), and may "waive the right to challenge the preselected forum as inconvenient or less convenient," *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. D. of Tex.*, 571 U.S. 49, 64 (2013). The party challenging a forum selection clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 17 (1972). "[T]here are three reasons a forum selection clause may be unenforceable: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) (citations and quotation marks omitted).

Here, the subject contract, which is attached to Plaintiff's initial complaint, contains the following clause:

> Governing Law. This Agreement shall be governed by and

>construed in accordance with the laws of San Francisco, California in the United States of America, and thus that shall be the jurisdiction and venue for this contract.

(Doc. 1-4 at 19) Plaintiff does not challenge the validity of this provision. Instead, in his amended complaint, Plaintiff simply states that venue is appropriate in this Court because the provisions of the contract were orally agreed upon in Maricopa County, and the "initial signed version" of the "relevant contract" was also written, formed, and signed in Maricopa County. (Doc. 1-4 at 30) Where a contract is written, however, has no bearing on the agreed upon forum selection clause, and Plaintiff has provided no supporting case law to the contrary. To the extent Plaintiff argues that because he was a resident of Maricopa County at one time, the case should be heard in this Court, the Court notes that Plaintiff has since moved to the United Arab Emirates, making California and Arizona equally convenient venues. (Doc. 23 at 9) The Court finds Plaintiff's argument that Defendants already have an advantage in the District of Arizona to be equally unavailing. (Doc. 23 at 9–10) Finally, the Court finds Plaintiff's contention that another contract exists containing an Arizona forum selection clause to be irrelevant as that alleged contract is not in dispute or at issue in Plaintiff's amended complaint.[5] The Court thus finds Plaintiff has failed to meet his burden and the forum selection clause governs the claims in this cause of action. In the interest of justice and upholding the agreed-upon forum selection clause, the Court finds the Northern District of California is the proper venue. Because the Court does not have jurisdiction over the claims, it declines to address the merits of the Motion to Dismiss. (Doc. 12) In its discretion, the Court will therefore transfer this action to the Northern District of California, pursuant to 28 U.S.C. § 1406(a).

Accordingly,

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1406(a), the Clerk is directed to transfer this case to the United States District Court for the Northern District of California

---

[5] Although Plaintiff declares that another "initial" contract exists between the parties, Plaintiff's claims in his amended complaint are specifically in relation to the August 11, 2018 Settlement Agreement. Accordingly, the Court finds this other unknown contract to be outside the scope of this litigation and will not consider it.

1 | for all further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action in the District of Arizona.

Dated this 14th day of September, 2020.

_____
Honorable Steven P. Logan
United States District Judge