1
2
3
4

H. Troy Romero, CBN #224867
ROMERO PARK, P.S.
16935 W. Bernardo Drive, Suite 260
San Diego, CA 92127
Email: tromero@romeropark.com
Telephone:  858-592-0065

5

*Attorneys for Defendants Crowe, Lyonette,*
*Madden, Rau, Ross, Malcolm, and Jimenez*

6
7
8
9

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CALIFORNIA
### NORTHERN DISTRICT

10

Carl A. Wescott,

11

                    Plaintiff,

12

          vs.

13
14
15
16
17
18

David Crowe; Mike Lyonette;
Thomas P. Madden; Taylor Collins; Jeff Rau;
Darrell Bushnell; Amy Bushnell;
Peter Tierney;  Kathy Fettke; Susie Yee;
Norman Davies; Claire Davies; Sandra Winfrey;
Brian Putze; Colin Ross; Brad Malcolm;
Michael Jimenez; Gustavo Varela; Robert
Crowe; Bernadette Brown; Federico Gurdian;
Terencio Garcia,  Does 1 through 50,

19

                    Defendants.

No:  3:20-cv-06456-JD

**MOTION TO DISMISS**

Hearing Date: Thurs., Dec. 3, 2020
Hearing Time: 10:00 a.m.
Courtroom: 11
Judge: Hon. James Donato

20
21

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22

          PLEASE TAKE NOTICE THAT ON Thursday, December 3, 2020 at 10:00 a.m., or as

23

soon thereafter as the matter may be heard, in Courtroom 11 of the United States District Court,

24

Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102,

25

Defendants David Crowe, Mike Lyonette, Thomas P. Madden, Colin Ross, Brad Malcolm, and

26

Michael Jimenez's ("Defendants") Motion to Dismiss Amended Complaint[1] will come on for

27
28

---

[1] This Motion was originally filed in the U.S. District Court in Arizona but was not ruled upon because said court transferred this lawsuit to the Court at bar. The Motion has now been refiled for this Court's substantive consideration.

hearing.

The Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") on the grounds that the Amended Complaint fails to state a cause of action against Defendants. It is also brought under Rule 8 of the FRCP for failure to comply with the required pleading elements. It is finally brought on the grounds that Plaintiff is on the Vexatious Litigant list and he has failed to fulfill the conditions precedent to maintaining this action. Accordingly, Defendants hereby respectfully move the Court for an Order dismissing Plaintiff's First Amended Complaint (Dkt. #1-4) and/or certain claims contained therein. This Motion to Dismiss ("Motion") is supported by the following Memorandum of Points and Authorities, the Court's entire file in this matter, and any oral argument that the Court may wish to hear.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff is a Vexatious Litigant. He has brought many lawsuits in the state of California (including this Court, as well as dozens in other states) that have all been dismissed as meritless. Plaintiff tried to do an end run around the prohibition against him in suing people in California without complying with the requirements of being on the Vexatious Litigant list by suing all of the Defendants in Arizona.[2] However, the U.S. District Court in Arizona correctly transferred venue of this case to this Court in California and now Plaintiff is subject to California's rules and laws, including compliance with the Vexatious Litigant policies and procedures, which he has not followed, thereby requiring dismissal of this Complaint.

Further, even if he were not on the Vexatious Litigant list the Complaint would still need to be dismissed because it alleges breach of contract and misrepresentation; yet the allegations are against individuals who are not even parties to the very contract that he claims has been breached. Finally, as described in detail below, Plaintiff's amended complaint, styled "Plaintiff's [Corrected] Complaint…" ("Amended Complaint") fails to state facts sufficient to support *any* of the causes of actions alleged against *any* of the Defendants.

//

---

[2] Plaintiff filed over 20 lawsuits in Arizona within a matter of just a few months, which included the instant case.

## STATEMENT OF FACTS

In the case at bar, Plaintiff alleges that he is an experienced international real estate developer, with a focus on residential developments in Latin America. (Amended Complaint, ¶11.) Plaintiff also alleges that he entered into a contract to purchase property commonly known as the Seaside Mariana[3] ("Resort"), located in Nicaragua ("Purchase Contract"), with the intention of improving the Resort and, in turn, selling it to make a profit. (Amended Complaint, ¶13.) Plaintiff further alleges that after he entered into the Purchase Contract, he then entered into the subject contract with Defendants in August 2018 to fund his purchase of the Resort ("Funding Contract"). (Amended Complaint, ¶21.) According to Plaintiff, in exchange for entering into the Funding Contract, Defendants were to receive a portion of land owned by the Resort, which was to be transferred to Defendants as the consideration for the Funding Contract. (*Id.*)

Yet, as alleged by Plaintiff himself, the **only** individuals who were a party to the Funding Contract were Plaintiffs David Crowe and Mike Lyonette. (Amended Complaint, ¶28[4]; Complaint, Ex A.) Regardless of who the parties to the Funding Contract were, that contract became null and void once the seller terminated the purchase contract for the Resort. The closing on the purchase of the Resort never happened. As a result, the Funding Contract became obsolete as there were no funds needed for a sale that was cancelled.

## LEGAL STANDARDS

### A.    RULE 12(b)(6) STANDARD

A complaint should be dismissed if it appears beyond doubt that a plaintiff can prove no set of facts in support of a claim which would entitle the plaintiff to relief. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th 2000). In considering a motion to dismiss for failure to state a claim, all factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the non-moving party. *Rhodes v. Robinson*, 408 F.3d 559, 563 (9th

---

[3] It is Defendants' belief that the name of the Resort is Seaside Mariana Spa and Golf Resort, but are referring to it herein as referenced in Plaintiffs' Amended Complaint. (Amended Complaint, ¶13.)

[4] While the Funding Contract was attached to the original Complaint, it was not attached to the Amended Complaint. Presumably, Plaintiff realized all too late that by attaching the Funding Contract to the Complaint, he was not just including the contract at issue, he was including the document that **clearly** states that most of the named Defendants were not parties to the contract yet are being sued for breach of contract!

2005). However, legal conclusions or characterizations in a complaint do not preclude dismissal merely because they are cast in the form of factual allegations, as such conclusions or characterizations are not entitled to a presumption of truthfulness. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th 2004).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

## ARGUMENT

### A.    THE COMPLAINT SHOULD BE DISMISSED AS PLAINTIFF IS A VEXATIOUS LITIGANT.

On May 1, 2017, Plaintiff was placed on the Vexatious Litigant List which is held and maintained by the Judicial Council of California. *See* Exhibit 1[5]. Pursuant to Cal. Civ. Proc. Code §§ 391 et seq., a vexatious litigant is prohibited from filing suit in the State of California without first obtain court permission. Here, Plaintiff attempted to make an end run around this law by filing his case in Arizona. However, proper jurisdiction was in California which is why this case was transferred here by the District Court of Arizona.

This Court can and should dismiss this case as Plaintiff's Amended Complaint has no merit and was filed for the purpose of harassment and bullying Defendants into a small, quick settlement. Cal. Civ. Proc. Code § 391.3(b) provides that a court shall dismiss a case when the action has no merit and was brought for the purpose of harassment or delay. This section applies to vexatious litigants who were able to file due to being represented by counsel. This case is analogous in that Plaintiff was able to file the case because he did so in Arizona and not California due to the ban. As such, this Court should dismiss this cause pursuant to § 391.3(b).

Alternatively, should the Court decide not to dismiss Plaintiff's Amended Complaint for all the reasons set forth in this Motion to Dismiss, Plaintiff should be required to furnish a security

---

[5] Defendants have filed a Request for Judicial Notice concurrently with this Motion and have attached an excerpt of the Vexatious Litigant list (showing Plaintiff on it) as Exhibit 1 thereto and ask the Court to take Judicial Notice of the same. The entire Vexatious Litigant list can be found at https://www.courts.ca.gov/documents/vexlit.pdf.

1    pursuant to Cal. Civ. Proc. Code § 391.3(a). Plaintiff is a vexatious litigant and there is no reasonable

2    probability that Plaintiff will prevail. This Court should order Plaintiff to post a security which will

3    compensate all Defendants once they defeat these spurious claims. Should Plaintiff fail to post the

4    security, then this case must be dismissed immediately. *Taliaferro v. Hoogs (*Cal. App. 1st Dist. Sept.

5    15, 1965).

6

7          **B.**      **THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) AS PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO SUPPORT ANY OF HIS CLAIMS.**

8

9        The Court should dismiss the Amended Complaint as to all Defendants[6] for failure to state

10    a claim on each cause of action.

11               **1.**    **Elements for Breach of Contract Are Not Established.**

12        The essential elements to be plead in an action for breach of contract are (1) the existence

13    of a contract; (2) Plaintiff's performance of the contract or excuse for non-performance;

14    (3) Defendant's breach of the contract; and (4) the resulting damages to Plaintiff. *Lortz v. Connell*

15    (1969) 273 Cal. App. 286, 290.

16        While Plaintiff has identified the Funding Contract, the contract itself shows that none of

17    the Defendants other than David Crowe and Mike Lyonette are parties to it. Therefore, Plaintiff

18    cannot enforce this contract as to Thomas P. Madden, Jeff Rau, Colin Ross, Brad Malcolm, and

19    Michael Jimenez.

20        Under the second element, Plaintiff must prove that he has fulfilled his obligations and

21    complied with any and all conditions and agreements of the contract that he is required to perform.

22    *See Pry Corp. of American v. Leach* (1960) 177 Cal. App. 2d 623, 639-40. Plaintiff admits that the

23    seller ("Fleming" or "Seller") of the Resort backed out of selling the Resort to Plaintiff. The

24    Funding Contract states in Article 1, Section 10 that Plaintiff has "bound" the seller of the Resort

25    in a contract that ensures David Crowe and Mike Lyonette will get everything they need at the

26

27    —————————————

[6] The undersigned counsel also represent Defendant Jeff Rau. Since Defendant Rau already answered the Amended Complaint he cannot join in this motion. Notwithstanding, the arguments made by Defendants under FRCP 12(b)(6) should apply to him as well and the Court would be within its jurisdictional authority to also dismiss the Amended Complaint against him.

28

closing. However, Plaintiff failed to get the Seller to complete the closing of the sale and thus failed to perform under the contract. As shown in Exhibit B to the Amended Complaint, Fleming informed Plaintiff that he had terminated the sale of the Resort to Plaintiff. (Amended Complaint, Ex. B, pg. 2.)

Finally, under the third element, a "breach" is defined as a defendant's unjustified or unexcused failure to perform. Plaintiff must plead the facts constituting the breach in unequivocal language. *See Poirier v. Gravel* (1891) 88 Cal. 79. Here, Plaintiff merely claims that all Defendants breached by failing to close on the Funding Contract. (Amended Complaint, ¶ 58.) However, this does not add up. The sole purpose of the Funding Contract was to fund the purchase of the Resort. Yet, the Seller terminated the contract with Plaintiff for the purchase and sale of the Resort. This begs the question, how can it be alleged that Defendants breached a contract of which the performance of said contract was invalidated by the termination of the sale? The simple answer is, they did not – there was no sale and thus there was no breach (nor frankly could there be a breach).

Plaintiff may have a claim against the Seller of the Resort, but what is clear by his Amended Complaint is that Plaintiff does not have a breach of contract claim against any of the Defendants for at least the reasons stated above. As such, Plaintiff's cause of action for breach of contract should be dismissed, and Plaintiff should be denied leave to amend, since any attempt to correct as to the necessary elements for a breach of contract would be futile.

### 2.  Plaintiff's 2ⁿᵈ and 3ʳᵈ Causes of Action for Promissory Fraud and Negligent Misrepresentation Fail to State Facts Sufficient to State a Cause of Action.

Plaintiff's second and third causes of action for Promissory Fraud and Negligent Misrepresentation contain nothing more than conclusory allegations and a guess that Defendants committed fraud by never intending to close on the Funding Contract. However, as shown above, the closing on the Funding Contract could not occur as Fleming cancelled the sale of the Resort to Plaintiff.

Under Federal Rule of Civil Procedure 9(b), a cause of action for fraud must be pled with particularity. "To comply with Rule 9(b), allegations of fraud must be specific enough to give

defendants notice of the particular misconduct which is alleged to constitute the fraud charges so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations and internal quotations omitted).

The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or *scienter*); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996); *see also Cleveland v. Deutsche Bank Nat'l Trust Co.*, 2009 U.S. Dist. LEXIS 7165, at *8 (S.D. Cal. Feb. 2, 2009). The complaint must plead in detail "the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). The complaint must also "set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). Rule 9(b) requires plaintiffs to differentiate between the conduct of each defendant and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)).

Here, Plaintiff has not alleged any of the elements of fraud with sufficient particularity. Plaintiff does not identify a single statement or misrepresentation made by any of the named Defendants. Indeed, Plaintiff complains only that it is ***possible*** the Defendants never intended to close on the Funding Contract. Plaintiff does not identify any false statements made by the Defendants, the name of the person who spoke, their capacity to speak, the person to whom the speech was addressed, what was said, and when it was said. A complaint lacking such allegations does not state facts sufficient to charge a Defendant with fraud. *See Id*. All of the twenty plus Defendants are lumped together with absolutely no way to determine against which Defendant(s) the allegations are plead.

Regardless, as stated above, the only two Defendants who were actual parties to the Funding Contract were excused from performance due to the Seller's termination of the sale of the

Resort to Plaintiff. Thus, Plaintiff's second and third causes of action should be dismissed. Further, the Court should deny leave to amend this claim because Plaintiff cannot amend to get around the impossibility of closing on the Funding Contract, leaving Plaintiff with a total lack of existence of any facts that could be construed to state a claim for fraud against Defendants.

### 3. Plaintiff's 4th Cause of Action for Intentional Interference with Contract Fails to State Facts Sufficient to State a Cause of Action.

Plaintiff claims that Defendants' refusal to close on the Funding Contract interfered with his relationship with Fleming. Plaintiff once again has lumped all of the Defendants together, despite only two of them being parties to the Funding Contract, whose alleged breach he claims resulted in the interference with the Fleming contracts.

"To prevail on a cause of action for intentional interference with contractual relations, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1148. The Reeves Court further states that, "[t]o establish the claim, the plaintiff need not prove that a defendant acted with the primary purpose of disrupting the contract, but must show the defendant's knowledge that the interference was certain or substantially certain to occur as a result of his or her action." *Id*.

Plaintiff fails to provide any facts showing a valid contract between Plaintiff and Fleming. Plaintiff merely references that he had numerous other contracts to purchase assets. However, Plaintiff does not state facts to show any valid contract which could have been interfered with.

Plaintiff generally throws out the conclusory allegation that Defendants knew of the many contracts he had with Fleming. However, Plaintiff's vague allegations that failure to close on the Funding Contract would lead to all of his contracts with Fleming failing is far too attenuated. There is no direct causal link.

Plaintiff has no facts which show any direct action on behalf of Defendants (keeping in mind that most all of them were not even a party to the Funding Contract) were designed to induce

a breach of any of Plaintiff's contracts with Fleming. Plaintiff must show some action which actually interfered with the contract. Failing to provide funds for a wholly separate contract, even if true, would not be interference with other contracts the Plaintiff may have had.

Importantly, Plaintiff's damages are wholly speculative. Plaintiff runs amok with his claims of the many contracts to which he may have been able to make money; however, the fact of the matter remains, none of these alleged contracts would have been *guaranteed* money. Additionally, they were not sufficiently set forth to allow a reasonable person to understand their validity or the basis for Plaintiff's money-making scheme.

In all, Plaintiff has failed to state any of the elements necessary to succeed on this cause of action. Even if Plaintiff could show other contracts existed, he cannot show intentional interference with unrelated contracts due to Defendants' excused performance in funding a separate property. As such, this cause of action should be dismissed and leave to amend denied.

### 4. Plaintiff's 5th Cause of Action for Negligent Interference with Economic Advantage Fails to State Facts Sufficient to State a Cause of Action.

Plaintiff claims that Defendants knew of his economically advantageous relationship with Fleming and that by not funding his purchase of the Resort, Defendants caused him to lose this relationship. Once again, Defendants must point out that only David Crowe and Mike Lyonette were even parties to the Funding Contract and, therefore, could not have possibly been links between the failure to fund and the loss of this relationship even if this were true, which Defendants do not believe it is.

The elements of negligent interference with prospective economic advantage are (1) the existence of an economic relationship between the plaintiff and a third party containing the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's knowledge (actual or construed) that the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the defendant's failure to act with reasonable care; (5) actual disruption of the relationship; and (6) economic harm proximately caused by the defendant's negligence." (*Redfearn, supra*, 20 Cal.App.5th at 1005.) " 'The difference between intentional interference and negligent interference with prospective economic

advantage relates to the defendant's intent.' " (*Id.* at 1006.)

This tort requires an independently wrongful act. "An act is not independently wrongful merely because defendant acted with an improper motive. ... [A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1158-1159.) "Commonly included among improper means are actions which are independently actionable, violations of federal or state law or unethical business practices, e.g., violence, misrepresentation, unfounded litigation, defamation, trade libel or trademark infringement." (*Pmc, Inc. v. Saban Entm't* (1996) 45 Cal.App.4th 579, 603.)

Plaintiff does not meet any of the elements for this cause of action. The speculative statements that Plaintiff may have been able to complete other deals with Fleming are just that, speculative, and do not prove an actual economic relationship existed. Plaintiff's conclusory allegations that Defendants knew of the economic relationship are very thin, to say the least. There are no facts alleged, just a conclusory statement that they knew of the relationship and that if they failed to fund the purchase of the Resort, his relationship would be disrupted. This applies to each element listed.

However, the main crux of the failure is that Plaintiff must show a wrongful act on behalf of Defendants, which he has not done. Even if, for argument's sake, the two Defendants who were a party to the contract did breach the contract (which they did not), that still would not rise to a wrongful act that is unlawful. As stated in *PMC, Inc.*, misrepresentations or other normal bad actions do not rise to the level of the wrongful act which is required under this cause of action.

In addition, " '[t]he tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care.' " (*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 348.) Plaintiff has not stated any facts which show that Defendants owed Plaintiff a duty of care. There are no facts in the Amended Complaint at all which show any relationship between Plaintiff and any of the Defendants, except David Crowe and Mike Lyonette. Regardless, Plaintiff wholly fails to allege any facts showing that they owed him a duty with regard to his relationship with Fleming. As such, this entire cause of action should be dismissed

without leave to amend.

### 5.    Plaintiff's 6th Causes of Action for Breach of the Covenant of Good Faith & Fair Dealing Fails to State Facts Sufficient to State a Cause of Action.

The covenant of good faith and fair dealing is implied into every contract, and it "requires that neither party do anything which will deprive the other of the benefits of the agreement." *Gibson v. Gov't Employees Ins. Co.* (1984) 162 Cal. App. 3d 441, 445. "The implied covenant of good faith and fair dealing does *not* extend beyond the terms of the contract at issue." *Poway Royal Mobilehome Owners Ass'n v. City of Poway* (2007) 149 Cal. App. 4th 1460, 1477 (citing *New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal. App. 4th 1088, 1096); *see also Gibson*, 162 Cal. App. 3d at 446. "Because contracts differ, the nature and extent of the duties owed under the implied covenant are also variable and 'will depend on the contractual purposes.'" *Love v. Fire Ins. Exch.* (1990) 221 Cal. App. 3d 1136, 1147 (quoting *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal. 3d 809, 818).

Here, there are not any facts alleged which show that any of the Defendants did anything which would deprive Plaintiff of the benefits of the agreement. As shown above, the Funding Contract could not be closed upon due to Fleming backing out of the sale of the Resort to Plaintiff. There was no breached duty and no facts which show that a duty even existed. Just as Plaintiff's breach of contract claim fails particularly against all the non-contracting Defendants, but also as well as the two contracting Defendants, this claim also fails and should be dismissed without leave to amend.

### C.    THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT VIOLATES RULE 8.

FRCP 8(e)(1) provides that "[e]very averment of a pleading shall be simple, concise, and direct." A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," along with a short and plain statement of jurisdiction and a demand for judgment. Fed. R. Civ. P. 8(a). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer

justice." *Jacobson v. Schwartzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005) (quoting *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (internal citations and quotations omitted)). Due to these considerations, courts require attorneys and litigants to comply with Rule 8's requirements by filing pleadings that are precise and clear. "[N]either the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange." *Id.* (quoting *Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226-27 (D. Haw. 1971)).

The Amended Complaint filed by Plaintiff contains verbose and redundant allegations that render the pleading unmanageable and burdensome. One can only wonder whether this document was drafted with the specific intent of overwhelming the Court and bullying Defendants. There is no apparent reason for the lack of clarity and failure to follow the rules. Plaintiff fails to allege any concrete facts that would be sufficient to state a claim for relief, and instead he presents redundant and immaterial verbiage that fails to link any of the Defendants to specific actions that caused injury to Plaintiff. Accordingly, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety as violative of Rule 8. See, e.g., *Viacom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 776 (7th Cir. 1994) (finding confusing and redundant 119-page complaint was an "egregious" violation of Rule 8); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (finding Rule 8 was violated where "confusing and conclusory" complaint and attached exhibits exceeded 70 pages in length).

## CONCLUSION/PRAYER FOR RELIEF

Plaintiff is a Vexatious Litigant. This Court has dismissed many of his prior complaints, as have other courts in California. Plaintiff's latest complaint should meet the same fate.

Further, Plaintiff's Amended Complaint fails against Defendants for, amongst others, failure to state facts sufficient to support any of the listed causes of action contained in Plaintiff's Amended Complaint. Leave to amend should be denied as there are no facts which could be alleged to overcome the deficiencies in the Amended Complaint. As such, Defendants respectfully request that the Amended Complaint be dismissed and leave to amend be denied.

RESPECTFULLY SUBMITTED this 22nd day of October, 2020.

ROMERO PARK P.S.

By: /s/ H. Troy Romero
H. Troy Romero, CBN #224867

1

**PROOF OF SERVICE BY ELECTRONIC MAIL**

2

I, Kathy Koback, certify and declare as follows:

3

I am a citizen of the United States and a resident of the State of Washington. I am over the

4

age of 18 years and not a party to the within-entitled cause. I am an employee with the law firm of

5

Romero Park P.S., whose addresses are 16935 West Bernardo Drive, Suite 260, San Diego,

6

California 92127 and 155 – 108th Avenue NE, Suite 202, Bellevue, Washington 98004, which is

7

located in the county where the mailing described below took place.

8

On October 22, 2020, at my place of business in Bellevue, Washington, a copy of the

attached document described as:

9

MOTION TO DISMISS

10

was sent via electronic mail pursuant to the parties' agreement for acceptance of service via

11

electronic mail, and addressed to:

12

Carl A. Wescott

13

Movenpick Apartments & Hotel (#229) – Bur Dubai
Opposite American Hospital – 19th Street – Oud Metha

14

Dubai, UAE (United Arab Emirates) 32733

15

*Plaintiff In Pro Per*
*Email: carlwsoj@gmail.com*

16

17

I certify and declare under penalty of perjury under the laws of the State of California that

18

the foregoing is true and correct.

19

DATED: October 22, 2020.

20

21

Kathy Koback, Legal Assistant

22

23

24

25

26

27

28