H. Troy Romero, CBN #224867
ROMERO PARK, P.S.
16935 W. Bernardo Drive, Suite 260
San Diego, CA 92127
Email: *tromero@romeropark.com*
Telephone:  858-592-0065

*Attorneys for Defendant Jeff Rau*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CALIFORNIA
NORTHERN DISTRICT**

| | |
|---|---|
| Carl A. Wescott,<br><br>          Plaintiff,<br><br>     vs.<br><br>David Crowe; Mike Lyonette;<br>Thomas P. Madden; Taylor Collins; Jeff Rau;<br>Darrell Bushnell; Amy Bushnell;<br>Peter Tierney;  Kathy Fettke; Susie Yee;<br>Norman Davies; Claire Davies; Sandra Winfrey;<br>Brian Putze; Colin Ross; Brad Malcolm;<br>Michael Jimenez; Gustavo Varela; Robert<br>Crowe; Bernadette Brown; Federico Gurdian;<br>Terencio Garcia,  Does 1 through 50,<br><br>          Defendants. | No:  3:20-cv-06456-JD<br><br>**DEFENDANT JEFF RAU'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing Date: Thurs., Dec. 3, 2020<br>Hearing Time: 10:00 a.m.<br>Courtroom: 11<br>Judge: Hon. James Donato |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON Thursday, December 3, 2020 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Jeff Rau's ("Defendant" or "Rau") Motion for Judgment on the Pleadings will come on for hearing, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant respectfully moves the Court for judgment on the pleadings as to Plaintiff's First Amended Complaint (Dkt. #1-4) and/or certain claims contained therein for failure to state a claim against

Rau upon which relief can be granted. This Motion for Judgment on the Pleadings ("Motion") is supported by the following Memorandum of Points and Authorities, the Court's entire file in this matter, and any oral argument that the Court may wish to hear.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff is a Vexatious Litigant. He has brought many lawsuits in the state of California (including this Court, as well as dozens in other states) that have all been dismissed as meritless. Plaintiff tried to do an end run around the prohibition against him in suing people in California without complying with the requirements of being on the Vexatious Litigant list by suing all of the Defendants in the instant case in Arizona.[2] However, the U.S. District Court in Arizona correctly transferred venue of this case to this Court in California and now Plaintiff is subject to California's rules and laws, including compliance with the Vexatious Litigant policies and procedures, which he has not followed, thereby requiring dismissal of this Complaint.

Further, even if he were not on the Vexatious Litigant list the Complaint would still need to be dismissed because it alleges breach of contract and misrepresentation; yet the allegations are against individuals who are not even parties to the very contract that he claims has been breached. Finally, as described in detail below, Plaintiff's amended complaint, styled "Plaintiff's [Corrected] Complaint…" ("Amended Complaint") fails to state facts sufficient to support *any* of the causes of actions alleged against Rau.

## STATEMENT OF FACTS

In the case at Bar, Plaintiff alleges that he is an experienced international real estate developer, with a focus on residential developments in Latin America. (Amended Complaint, ¶11.) Plaintiff also alleges that he entered into a contract to purchase property commonly known as the Seaside Mariana ("Resort"), located in Nicaragua ("Purchase Contract"), with the intention of

---

[1] This Motion was originally filed in the U.S. District Court in Arizona but was not ruled upon because said court transferred this lawsuit to the Court at bar. The Motion has now been refiled for this Court's substantive consideration.

[2] Plaintiff filed over 20 lawsuits in Arizona within a matter of just a few months, which included the instant case.

improving the Resort and, in turn, selling it to make a profit. (Amended Complaint, ¶13.) Plaintiff further alleges that after he entered into the Purchase Contract, he then entered into the subject contract with Defendants in August 2018 to fund his purchase of the Resort ("Funding Contract"). (Amended Complaint, ¶21.) According to Plaintiff, in exchange for entering into the Funding Contract, Defendants were to receive a portion of land owned by the Resort, which was to be transferred to the Defendants as the consideration for the Funding Contract. (*Id.*)

Yet, as alleged by Plaintiff himself, the **only** individuals who were a party to the Funding Contract were Plaintiffs David Crowe and Mike Lyonette. (Amended Complaint, ¶28[3]; Complaint, Ex A.) Regardless of who the parties to the Funding Contract were, that contract became null and void once the seller terminated the purchase contract for the Resort. The closing on the purchase of the Resort never happened. As a result, the Funding Contract became obsolete as there were no funds needed for a sale that was cancelled.

## LEGAL STANDARDS

### A.   RULE 12(c) STANDARD

"After the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). If upon reviewing the pleadings it is clear that the plaintiff would be not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Id.* (citing *White v. Lemacks*, 183 F.3d 1253, 1255 (11th Cir. 1999)).

//

//

---

[3] While the Funding Contract was attached to the original Complaint, it was not made a part of the operative pleading in this case, the Amended Complaint. Presumably, Plaintiff realized all too late that by attaching the Funding Contract to the Complaint, he was not just including the contract at issue, he was including the document that **clearly** states that jurisdiction is held in California!

# ARGUMENT

## A. THE COMPLAINT SHOULD BE DISMISSED AS PLAINTIFF IS A VEXATIOUS LITIGANT.

On May 1, 2017, Plaintiff was placed on the Vexatious Litigant List which is held and maintained by the Judicial Council of California. *See* Exhibit 1[4]. Pursuant to Cal. Civ. Proc. Code §§ 391 et seq., a vexatious litigant is prohibited from filing suit in the State of California without first obtain court permission. Here, Plaintiff attempted to make an end run around this law by filing his case in Arizona. However, proper jurisdiction was in California which is why this case was transferred here by the District Court of Arizona.

This Court can and should dismiss this case as Plaintiff's Amended Complaint has no merit and was filed for the purpose of harassment and bullying Defendant into a small, quick settlement. Cal. Civ. Proc. Code § 391.3(b) provides that a court shall dismiss a case when the action has no merit and was brought for the purpose of harassment or delay. This section applies to vexatious litigants who were able to file due to being represented by counsel. This case is analogous in that Plaintiff was able to file the case because he did so in Arizona and not California due to the ban. As such, this Court should dismiss this cause pursuant to § 391.3(b).

Alternatively, should the Court decide not to dismiss Plaintiff's Amended Complaint for all the reasons set forth in this Motion, Plaintiff should be required to furnish a security pursuant to Cal. Civ. Proc. Code § 391.3(a). Plaintiff is a vexatious litigant and there is no reasonable probability that Plaintiff will prevail. This Court should order Plaintiff to post a security which will compensate Defendant once he defeats these spurious claims. Should Plaintiff fail to post the security, then this case must be dismissed immediately. *Taliaferro v. Hoogs (*Cal. App. 1st Dist. Sept. 15, 1965).

//
//
//

---

[4] Defendants have filed a Request for Judicial Notice concurrently with this Motion and have attached an excerpt of the Vexatious Litigant list (showing Plaintiff on it) as Exhibit 1 thereto and ask the Court to take Judicial Notice of the same. The entire Vexatious Litigant list can be found at https://www.courts.ca.gov/documents/vexlit.pdf.

**B.  THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(c) AS PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO PREVAIL ON ANY OF HIS CLAIMS.**

The Court should dismiss the Amended Complaint as to Defendant for failure to state a claim on each cause of action.

### 1. Elements for Breach of Contract Are Not Established.

The essential elements to be plead in an action for breach of contract are (1) the existence of a contract; (2) Plaintiff's performance of the contract or excuse for non-performance; (3) Defendant's breach of the contract; and (4) the resulting damages to Plaintiff. *Lortz v. Connell* (1969) 273 Cal. App. 286, 290.

While Plaintiff has identified the Funding Contract, the contract itself shows that Rau is not a party to it. Therefore, Plaintiff cannot enforce this contract as to Rau. As Plaintiff has failed to prove up the first element, that Rau was a party to the Funding Contract, this cause of action fails and judgment should be entered in Rau's favor.

Under the second element, Plaintiff must prove that he has fulfilled his obligations and complied with any and all conditions and agreements of the contract that he is required to perform. *See Pry Corp. of American v. Leach* (1960) 177 Cal. App. 2d 623, 639-40. Plaintiff admits that the seller ("Fleming" or "Seller") of the Resort backed out of selling the Resort to Plaintiff. The Funding Contract states in Article 1, Section 10 that Plaintiff has "bound" the seller of the Resort in a contract that ensures David Crow and Mike Lyonette will get everything they need at the closing. However, Plaintiff failed to get the Seller to complete the closing of the sale and thus failed to perform under the contract. As shown in Exhibit B to the Amended Complaint, Fleming informed Plaintiff that he had terminated the sale of the Resort to Plaintiff. (Amended Complaint, Ex. B, pg. 2.)

Finally, under the third element, a "breach" is defined as a defendant's unjustified or unexcused failure to perform. Plaintiff must plead the facts constituting the breach in unequivocal language. *See Poirier v. Gravel* (1891) 88 Cal. 79. Here, Plaintiff merely claims that defendants breached by failing to close on the Funding Contract. (Amended Complaint, ¶ 58.) However, this

does not add up. The sole purpose of the Funding Contract was to fund the purchase of the Resort. Yet, the Seller terminated the contract with Plaintiff for the purchase and sale of the Resort. This begs the question, how can it be alleged that Rau breached a contract of which the performance of said contract was invalidated by the termination of the sale, let alone the fact that Rau was not a party to the Funding Contract? The simple answer is there was no sale and thus there was no breach (nor frankly could there be a breach).

Plaintiff may have a claim against the Seller of the Resort, but what is clear by his Amended Complaint is that Plaintiff does not have a breach of contract claim against Rau for the reasons stated above. As such, this Court should enter judgment in favor of Rau and against Plaintiff on this cause of action for breach of contract. Plaintiff should further be denied leave to amend, since any attempt to correct as to the necessary elements for a breach of contract would be futile.

**2. Plaintiff's 2nd and 3rd Causes of Action for Promissory Fraud and Negligent Misrepresentation Fail to State Facts Sufficient to State a Cause of Action.**

Plaintiff's second and third causes of action for Promissory Fraud and Negligent Misrepresentation contain nothing more than conclusory allegations that Rau committed fraud by never intending to close on the Funding Contract. However, as shown above, the closing on the Funding Contract could not occur as Fleming cancelled the sale of the Resort to Plaintiff. Further, since Rau was not a party to the Funding Contract, he could not have made any promises regarding any intentions to providing funding.

Under Federal Rule of Civil Procedure 9(b), a cause of action for fraud must be pled with particularity. "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charges so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations and internal quotations omitted).

The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or *scienter*); (3) intent to defraud, i.e., to induce reliance;

(4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996); *see also Cleveland v. Deutsche Bank Nat'l Trust Co.*, 2009 U.S. Dist. LEXIS 7165, at *8 (S.D. Cal. Feb. 2, 2009). The complaint must plead in detail "the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). The complaint must also "set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). Rule 9(b) requires plaintiffs to differentiate between the conduct of each defendant and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)).

      Here, Plaintiff has not alleged any of the elements of fraud with sufficient particularity. Plaintiff does not identify a single statement or misrepresentation made by Rau. Indeed, Plaintiff complains only that it is ***possible*** the Defendants never intended to close on the Funding Contract. Plaintiff does not identify any false statements made by Rau, nor does he identify any person to whom the speech was addressed, what was said, and when it was said. A complaint lacking such allegations does not state facts sufficient to charge a Defendant with fraud. *See Id*. All of the twenty plus Defendants are lumped together with absolutely no way to determine against which Defendant(s) the allegations are plead.

      Regardless, as stated above, Rau was not one of the only two Defendants who were actual parties to the Funding Contract, who were excused from performance anyway due to the Seller's termination of the sale of the Resort to Plaintiff. Thus, Rau is entitled to judgment against Plaintiff on his second and third causes of action. Further, the Court should deny leave to amend this claim because Plaintiff cannot amend to not only get around the impossibility of closing on the Funding Contract, but more importantly, allege specific facts against Rau as a non-party to the Funding Contract; thus, leaving Plaintiff with a total lack of existence of any facts that could be construed to state a claim for fraud against Rau.

### 3. Plaintiff's 4th Cause of Action for Intentional Interference with Contract Fails to State Facts Sufficient to State a Cause of Action.

Plaintiff claims that the Defendants' refusal to close on the Funding Contract interfered with his relationship with Fleming. Plaintiff once again has lumped all of the Defendants together, despite only two of them being parties to the Funding Contract, whose alleged breach he claims resulted in the interference with the Fleming contracts.

"To prevail on a cause of action for intentional interference with contractual relations, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1148. The Reeves Court further states that, "[t]o establish the claim, the plaintiff need not prove that a defendant acted with the primary purpose of disrupting the contract, but must show the defendant's knowledge that the interference was certain or substantially certain to occur as a result of his or her action." *Id*.

Plaintiff fails to provide any facts showing a valid contract between Plaintiff and Fleming. Plaintiff merely references that he had numerous other contracts to purchase assets. However, Plaintiff does not state facts to show any valid contract which could have been interfered with.

Plaintiff generally throws out the conclusory allegation that the Defendants knew of the many contracts he had with Fleming. He does not state any facts which support that Rau had any knowledge of these contracts. Plaintiff's vague allegations that failure to close on the Funding Contract would lead to all of his contracts with Fleming failing is far too attenuated. There is no direct causal link.

Plaintiff states no facts which show any direct action on behalf of Rau (who was not even a party to the Funding Contract) which were designed to induce a breach of any of Plaintiff's contracts with Fleming. Plaintiff must show some action which actually interfered with the contract. Failing to provide funds for a wholly separate contract, even if true, would not be interference with other contracts the Plaintiff may have had.

Importantly, Plaintiff's damages are wholly speculative. Plaintiff runs amok with his claims of the many contracts to which he may have been able to make money; however, the fact of the matter remains, none of these alleged contracts would have been *guaranteed* money. Additionally, they were not sufficiently set forth to allow a reasonable person to understand their validity or the basis for Plaintiff's money-making scheme.

In all, Plaintiff has failed to state any of the elements necessary to succeed on this cause of action. Even if Plaintiff could show other contracts existed, he cannot show intentional interference with unrelated contracts due to Rau's failure to perform on a contract he was not even a party to. As such, judgment should be granted in Rau's favor and leave to amend denied.

### 4. Plaintiff's 5th Cause of Action for Negligent Interference with Economic Advantage Fails to State Facts Sufficient to State a Cause of Action.

Plaintiff claims that the Defendants knew of his economically advantageous relationship with Fleming and that by not funding his purchase of the Resort, Defendants caused him to lose this relationship. Once again, it must be point out that only David Crowe and Mike Lyonette were even parties to the Funding Contract and, therefore, Rau could not have possibly been linked between the failure to fund and the loss of this relationship even if this were true, which Rau does not believe it is.

The elements of negligent interference with prospective economic advantage are (1) the existence of an economic relationship between the plaintiff and a third party containing the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's knowledge (actual or construed) that the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the defendant's failure to act with reasonable care; (5) actual disruption of the relationship; and (6) economic harm proximately caused by the defendant's negligence." (*Redfearn, supra*, 20 Cal.App.5th at 1005.) " 'The difference between intentional interference and negligent interference with prospective economic advantage relates to the defendant's intent.' " (*Id.* at 1006.)

This tort requires an independently wrongful act. "An act is not independently wrongful

merely because defendant acted with an improper motive. ... [A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1158-1159.) "Commonly included among improper means are actions which are independently actionable, violations of federal or state law or unethical business practices, e.g., violence, misrepresentation, unfounded litigation, defamation, trade libel or trademark infringement." (*Pmc, Inc. v. Saban Entm't* (1996) 45 Cal.App.4th 579, 603.)

Plaintiff does not meet any of the elements for this cause of action. The speculative statements that Plaintiff may have been able to complete other deals with Fleming are just that, speculative, and do not prove an actual economic relationship existed. Plaintiff's conclusory allegations that Rau knew of the economic relationship is very thin, to say the least. There are no facts alleged, just a conclusory statement that he knew of the relationship and that if he failed to close on the Funding Contract, his relationship would be disrupted. However, Rau was not a party to the Funding Contract.

The main crux of the failure is that Plaintiff must show a wrongful act on behalf of Rau, which he has not done. Even if, for argument's sake, Rau were a party to the Funding Contract and did breach the contract (which he was not and did not), that still would not rise to a wrongful act that is unlawful. As stated in *PMC, Inc.*, misrepresentations or other normal bad actions do not rise to the level of the wrongful act which is required under this cause of action.

In addition, " '[t]he tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care.' " (*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 348.) Plaintiff has not stated any facts which show that Rau owed Plaintiff a duty of care. There are no facts in the Amended Complaint at all which show any relationship between Plaintiff and Rau. As such, judgment should be entered in favor of Rau and against Plaintiff.

//
//
//

**5. Plaintiff's 6th Causes of Action for Breach of the Covenant of Good Faith & Fair Dealing Fails to State Facts Sufficient to State a Cause of Action.**

The covenant of good faith and fair dealing is implied into every contract, and it "requires that neither party do anything which will deprive the other of the benefits of the agreement." *Gibson v. Gov't Employees Ins. Co.* (1984) 162 Cal. App. 3d 441, 445. "The implied covenant of good faith and fair dealing does *not* extend beyond the terms of the contract at issue." *Poway Royal Mobilehome Owners Ass'n v. City of Poway* (2007) 149 Cal. App. 4th 1460, 1477 (citing *New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal. App. 4th 1088, 1096); *see also Gibson*, 162 Cal. App. 3d at 446. "Because contracts differ, the nature and extent of the duties owed under the implied covenant are also variable and 'will depend on the contractual purposes.'" *Love v. Fire Ins. Exch.* (1990) 221 Cal. App. 3d 1136, 1147 (quoting *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal. 3d 809, 818).

Here, there are no facts alleged which show that Rau did anything which would deprive Plaintiff of the benefits of the agreement. Regardless, Rau was not even a party to the Funding Contract; thus, it is nonsensical to think that he could possibly have done anything of the sort. As shown above, the Funding Contract could not be closed upon due to Fleming backing out of the sale of the Resort to Plaintiff. There was no breached duty by Rau, or any of the Defendants for that matter, and no facts which show that a duty even existed. Just as Plaintiff's breach of contract claim fails particularly against Rau, this claim also fails and judgment should be entered in favor of Rau and against Plaintiff.

**C.   THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT VIOLATES RULE 8.**

FRCP 8(e)(1) provides that "[e]very averment of a pleading shall be simple, concise, and direct." A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," along with a short and plain statement of jurisdiction and a demand for judgment. Fed. R. Civ. P. 8(a). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer

justice." *Jacobson v. Schwartzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005) (quoting *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (internal citations and quotations omitted)). Due to these considerations, courts require attorneys and litigants to comply with Rule 8's requirements by filing pleadings that are precise and clear. "[N]either the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange." *Id.* (quoting *Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226-27 (D. Haw. 1971)).

The Amended Complaint filed by Plaintiff contains verbose and redundant allegations that render the pleading unmanageable and burdensome. One can only wonder whether this document was drafted with the specific intent of overwhelming the Court and bullying Defendant. There is no apparent reason for the lack of clarity and failure to follow the rules. Plaintiff fails to allege any concrete facts that would be sufficient to state a claim for relief, and instead he presents redundant and immaterial verbiage that fails to link the Defendant to specific actions that caused injury to Plaintiff. Accordingly, Defendant respectfully requests that the Court dismiss the Amended Complaint in its entirety as violative of Rule 8. See, e.g., *Viacom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 776 (7th Cir. 1994) (finding confusing and redundant 119-page complaint was an "egregious" violation of Rule 8); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (finding Rule 8 was violated where "confusing and conclusory" complaint and attached exhibits exceeded 70 pages in length).

**CONCLUSION/PRAYER FOR RELIEF**

Plaintiff's Amended Complaint fails against Rau as no facts are alleged against Rau, Rau was not a party to the Funding Contract and, as detailed above, all of the causes of action fail as stated against Rau. Leave to amend should be denied as there are no facts against Rau which could be alleged to overcome the extreme deficiencies in the Amended Complaint. As such, Rau respectfully request that judgment be entered in his favor against Plaintiff on the Amended Complaint.

RESPECTFULLY SUBMITTED this 22nd day of October, 2020.

ROMERO PARK P.S.

By: */s/ H. Troy Romero*
    H. Troy Romero, CBN #224867

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I, Kathy Koback, certify and declare as follows:

I am a citizen of the United States and a resident of the State of Washington. I am over the age of 18 years and not a party to the within-entitled cause. I am an employee with the law firm of Romero Park P.S., whose addresses are 16935 West Bernardo Drive, Suite 260, San Diego, California 92127 and 155 – 108th Avenue NE, Suite 202, Bellevue, Washington 98004, which is located in the county where the mailing described below took place.

On October 22, 2020, at my place of business in Bellevue, Washington, a copy of the attached document described as:

**DEFENDANT JEFF RAU'S MOTION FOR JUDGMENT ON THE PLEADINGS**

was sent via electronic mail pursuant to the parties' agreement for acceptance of service via electronic mail, and addressed to:

Carl A. Wescott
Movenpick Apartments & Hotel (#229) – Bur Dubai
Opposite American Hospital – 19th Street – Oud Metha
Dubai, UAE (United Arab Emirates) 32733
*Plaintiff In Pro Per*
*Email:* *carlwsoj@gmail.com*

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: October 22, 2020.

_____
Kathy Koback, Legal Assistant