H. Troy Romero, CBN #224867
ROMERO PARK, P.S.
16935 W. Bernardo Drive, Suite 260
San Diego, CA 92127
Email: *tromero@romeropark.com*
Telephone: 858-592-0065

*Attorneys for Defendant Jeff Rau*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CALIFORNIA
# NORTHERN DISTRICT

| | |
|---|---|
| Carl A. Wescott,<br><br>    Plaintiff,<br><br>vs.<br><br>David Crowe; Mike Lyonette; Thomas P. Madden; Taylor Collins; Jeff Rau; Darrell Bushnell; Amy Bushnell; Peter Tierney; Kathy Fettke; Susie Yee; Norman Davies; Claire Davies; Sandra Winfrey; Brian Putze; Colin Ross; Brad Malcolm; Michael Jimenez; Gustavo Varela; Robert Crowe; Bernadette Brown; Federico Gurdian; Terencio Garcia, Does 1 through 50,<br><br>    Defendants. | No: 3:20-cv-06456-JD<br><br>**DEFENDANT JEFF RAU'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing Date: Thurs., Dec. 3, 2020<br>Hearing Time: 10:00 a.m.<br>Courtroom: 11<br>Judge: Hon. James Donato |

  Defendant Jeff Rau ("Defendant") respectfully submits the following reply in support of his Motion for Judgment on the Pleadings (Doc. #15). Plaintiff's opposition seeks to further confuse this Court and improperly cites to evidence outside of the pleadings in this case. Plaintiff proceeds to assert that he is entitled to judgment by claiming that all of the elements of breach of contract were met, despite the fact that Defendant never entered into any contract with Plaintiff. Finally, Plaintiff then agrees that the remaining causes of action in his Amended Complaint are insufficient to state a claim and merely seeks leave to amend without demonstrating how he can amend to overcome the failures set forth in Defendant's motion.

### A. VEXATIOUS LITIGANT LIST

Defendant's first basis for dismissal of the case is that Plaintiff is prohibited from pursuing his claim because he is on the California Vexatious Litigant List (the "List") and did not comply with the applicable requirements in order to file a lawsuit while on the List. Plaintiff's response is an acknowledgement that he is on the List – his argument though is that being on the List is irrelevant now because he filed this lawsuit in Arizona. This argument should be rejected for several reasons.

First, this lawsuit is now in California. Plaintiff did not cite to any authority that says that Cal. Civ. Proc. Code §§ 391 et seq. is not applicable to a case that was originally filed in one state but transferred to another state because of lack of jurisdiction.

Second, Plaintiff is bound by his agreement that California law applies to the subject contract. In the original Complaint, Plaintiff attached the subject contract (called the "Funding Agreement"), which clearly states that California law applies. *See o*riginal Complaint, Ex. A, ¶20 (the "Contract"). Accordingly, Plaintiff agreed that California law applies to this subject dispute, and as such, even if he originally filed in Arizona his lawsuit is governed by California law, which means he is still subject to Cal. Civ. Proc. Code §§ 391 and had to abide by its terms, which he did not.[1]

Third, Plaintiff seeks to have this Court reward him from trying to avoid the effects of Cal. Civ. Proc. Code §§ 391 et seq. by filing in Arizona. It is beyond dispute that Plaintiff: a) **knew** he agreed in the Contract that California law governed his relationship with Defendant; b) **knew** that he was on the Vexatious Litigant list in California and could not file this lawsuit in California; and c) **admitted** he filed in Arizona to try to avoid the consequences of Civ. Proc. Code §§ 391 et seq. The Court should not reward Plaintiff for knowingly try to avoid the effects of California law to which he agreed and was subject.

---

[1] It should be noted that Plaintiff filed in a state court in Arizona; not federal court. Plaintiff now wants to say that federal law applies because he contends it is more lax than California state law on what constitutes a vexatious litigant and the ramifications of being so designated. However, Plaintiff did not so plead in his Complaint, or his Amended Complaint, and even if he had he would still be bound by his contractual obligation to have California state law apply.

### B.     PLAINTIFF'S IMPROPER INCLUSION OF NEW FACTS

Defendant's second ground for dismissal is under Fed. R. Civ. P. 12(c) wherein he alleges Plaintiff has failed to set forth a set of facts in the Amended Complaint that entitle him to any relief. Plaintiff, in his Opposition, has to admit that Defendant **is not a party to the Contract**. Consequently, there is no basis on which Plaintiff is entitled to any relief against Defendant.

Plaintiff tries to avoid this unavoidable conclusion by introducing "new facts" in his Opposition, going so far as to assert there are other contracts that exist and were allegedly breached. However, it is well settled that in Fed. R. Civ. P. 12 motions briefing a plaintiff is limited to the facts as alleged in his operative complaint. Fed. R. Civ. P. 12(d); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court should not consider Plaintiff's declaration, nor any of the new allegations of other contracts. Since Plaintiff has admitted Defendant was not a party to the Contract, and since there is nothing in the Amended Complaint that states, or even suggests Plaintiff has a viable claim against Defendant, the Court should dismiss Defendant from this lawsuit.

### C.     PLAINTIFF'S RULE 8 FAILURES

Defendant's third grounds for dismissal of the Amended Complaint is that it fails to meet the minimum pleadings standards as forth in Fed. R. Civ. P. 8. Plaintiff has the burden of proving that the Amended Complaint meets these minimum standards. However, instead of showing the Court how his allegations are direct and understandable, Plaintiff tries to shift the burden to Defendant. Plaintiff bears the burden of meeting the Rule 8 minimum pleadings standards. Fed. R. Civ. P. 8(e)(1).

This Court can review the Amended Complaint and see where it falls short. The Amended Complaint seemingly demonstrates a story with details, but when looked at from an all-encompassing perspective, those details do not translate into facts to support the causes of action against this Defendant.

As the *Bautista* court held, defendants should not have to expend time and effort searching through a mass of conclusory and extraneous allegations in order to determine the essentials claims. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). Plaintiff is verbose in effort to

obfuscate and confuse. Even more compelling, however, is that Plaintiff does not usually distinguish between each Defendant – he lumps them all in together. It is not sufficient to use the word "Defendants" when suing over a dozen people and imputing the purported actions of one to all the others. Plaintiff's failure to segregate out the facts that apply to just Defendant are fatal – Plaintiff's complaint against Defendant must be dismissed.

### D. PLAINTIFF DOES NOT SHOW THIS COURT HOW HIS AMENDED COMPLAINT STATES A VALID CLAIM

The undersigned's experience is that rarely do courts dismiss under Rule 8. In this instance though, it is proper because Plaintiff failed to segregate his factual allegations against just Defendant from the other Defendants. This is why Defendant spent significant time in his original motion detailing the pleading deficiencies for each cause of action. Plaintiff's Opposition did not change, and frankly could not change, the fact that Plaintiff has failed to state any particular sustainable claims against Defendant.

#### 1. Plaintiff cannot state a claim for breach of contract against Defendant

Plaintiff's only attempt to oppose the motion for judgment on the pleadings on the grounds of his failure to state a claim is that his Amended Complaint states there was a contract, his performance, Defendant's breach, and his damages. However, much like the Amended Complaint, there are no facts demonstrated to show it is true or that he can even state a colorful claim.

As more fully discussed in Defendant's motion for judgment on the pleadings, while Plaintiff did show a contract exists, it is only between Plaintiff and two of the Defendants, neither of whom is Defendant Rau. Plaintiff's claim that Defendant Rau was a party to the Contract is contradicted by Plaintiff's own statements in his complaints and the Contract attached to the original Complaint itself. Nowhere in the Contract is Defendant's name mentioned. Nowhere in the Contract is it stated other parties are involved. Therefore, the claim fails as a matter of law and there is no possible way to amend the complaint to make Defendant a party to it as the Contract speaks for itself.

Plaintiff's conclusion that he showed he performed is also false. By Plaintiff's own statements and exhibits to his complaints, the Contract could not have been fulfilled as the seller of

the Seaside Mariana Resort refused to close on the sale to Plaintiff. Therefore, Plaintiff did not perform and no amount of amending will fix this fatal flaw.

Even if Defendant Rau were one of the two Defendants who signed the Contract (which he was not), as the seller of the resort refused to close on the sale of the resort, even the two contracting Defendants could not have breached their obligations. There was no closing and therefore, there was nothing to fund. All of these facts are stated in Plaintiff's muddled complaints.

Finally, as to damages, Plaintiff has not shown that he suffered damages (particularly as a result of Defendant Rau's actions), he merely states he would have profited. However, once again, since Plaintiff's purchase of the resort failed, even if the funding had occurred, Plaintiff would have not purchased anything to make a profit on. Further, even if the sale had gone through, profit is mere speculation for which Plaintiff does not demonstrate how it could have been calculated.

### 2. Plaintiff admits his causes of action fail to state a claim

As to the Plaintiff's other five remaining causes of action, Plaintiff does not even attempt to justify how they state a claim. He merely offers to amend them to state a claim. However, Plaintiff does not demonstrate how he could amend to fix the glaring issues with each cause of action. The fact of the matter is that each of these causes of action is predicated upon there being a contract between Plaintiff and Defendant Rau. As already demonstrated, Defendant Rau was not a party to the Contract and therefore each of these causes of action fail as a matter of law. As Plaintiff concedes his Amended Complaint is insufficient and has failed to demonstrate how an amendment would resolve the deficiencies, the Court should grant the motion for judgment on the pleadings as to all causes of action and deny leave to amend.

### E. LEAVE TO AMEND SHOULD BE DENIED

While courts are generally urged to grant leave to amend liberally, the 9th Circuit has repeatedly held that denial of leave to amend is appropriate "when the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Service*, 911 F.2d 242, 247 (9th Cir. 1990); See also *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) and *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010). Further, the 9th Circuit has also held that amendment should be denied when it would prejudice the moving defendants.

*Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997); *Ascon Properties, Inc. v. Mobil Oil Co.* 866 F.2d 1149, 1161 (9th Cir. 1989); *MV American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (denial of motion to amend upheld where new allegations based on facts moving party already knew would totally alter basis of action and necessitate additional discovery).

It is clearly shown from Plaintiff's original Complaint and Amended Complaint that only two of the Defendants (neither of whom were Defendant Rau) were parties to the contract which is the subject of the pleadings and that the contract could not have been fulfilled by those two Defendants due to the resort's seller's refusal to close on the sale of the resort. There is no amount of amending that can change these facts. Despite Plaintiff now wanting the Court to look at another purported contract for which he has not plead a breach of contract, this Court does not have to and should not grant leave to amend as amendment would be futile and would contain legal issues wholly separate from the case at issue.

Amendment would be prejudicial to Defendant as Plaintiff's new theories go beyond the scope of the subject contract and seek to alter the basis of the action. Amendment would also be prejudicial to Defendant because he was not named in the subject contract and it would keep him in a case to which Plaintiff has no way to exert a claim against him.

### CONCLUSION/PRAYER FOR RELIEF

Plaintiff's Amended Complaint should be dismissed as Plaintiff is on the California Vexatious Litigant List and is intentionally tried to skirt the rules in order to file this lawsuit, despite the subject contract requiring it to be brought in California to be viewed under California law. Plaintiff's Amended Complaint fails against Defendant for, amongst others, 1) failure to comply with Rule 8, and 2) failure to state facts sufficient to support any of the listed causes of action contained in Plaintiff's Amended Complaint as Defendant Rau was not a party to the subject contract. Leave to amend should be denied as there are no facts which could be alleged to overcome the deficiencies in the Amended Complaint. As such, Defendant Rau respectfully requests judgment in his favor against Plaintiff dismissing this action without leave to amend.

1 | RESPECTFULLY SUBMITTED this 9th day of November, 2020.
2 |
3 | ROMERO PARK P.S.
4 | By: */s/ H. Troy Romero*
5 | H. Troy Romero, CBN #224867

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I, Kathy Koback, certify and declare as follows:

I am a citizen of the United States and a resident of the State of Washington. I am over the age of 18 years and not a party to the within-entitled cause. I am an employee with the law firm of Romero Park P.S., whose addresses are 16935 West Bernardo Drive, Suite 260, San Diego, California 92127 and 155 – 108th Avenue NE, Suite 202, Bellevue, Washington 98004, which is located in the county where the mailing described below took place.

On November 9, 2020, at my place of business in Bellevue, Washington, a copy of the attached document described as:

**DEFENDANT JEFF RAU'S REPLY IN SUPPORT OF**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

was sent via electronic mail pursuant to the parties' agreement for acceptance of service via electronic mail, and addressed to:

Carl A. Wescott
Movenpick Apartments & Hotel (#509) – Bur Dubai
Opposite American Hospital – 19th Street – Oud Metha
Dubai, UAE (United Arab Emirates) 32733
*Plaintiff In Pro Per*
*Email: carlwsoj@gmail.com*

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: November 9, 2020.

_____
Kathy Koback, Legal Assistant