1  H. Troy Romero, CBN #224867
   ROMERO PARK, P.S.
2  16935 W. Bernardo Drive, Suite 260
   San Diego, CA 92127
3  Email: *tromero@romeropark.com*
   Telephone:  858-592-0065
4

5  *Attorneys for Defendants Crowe, Lyonette,*
   *Madden, Ross, Malcolm, and Jimenez*

6

7

8              **UNITED STATES DISTRICT COURT**
               **FOR THE DISTRICT OF CALIFORNIA**
9                    **NORTHERN DISTRICT**

10 Carl A. Wescott,

                                             No:  3:20-cv-06456-JD
11             Plaintiff,

12        vs.                                **DEFENDANTS' REPLY IN**
                                             **SUPPORT OF MOTION TO**
13 David Crowe; Mike Lyonette;               **DISMISS**
   Thomas P. Madden; Taylor Collins; Jeff Rau;
14 Darrell Bushnell; Amy Bushnell;
   Peter Tierney;  Kathy Fettke; Susie Yee;   Hearing Date: Thurs., Dec. 3, 2020
15 Norman Davies; Claire Davies; Sandra Winfrey; Hearing Time: 10:00 a.m.
   Brian Putze; Colin Ross; Brad Malcolm;     Courtroom: 11
16 Michael Jimenez; Gustavo Varela; Robert    Judge: Hon. James Donato
   Crowe; Bernadette Brown; Federico Gurdian;
17 Terencio Garcia,  Does 1 through 50,
18
               Defendants.
19

20

21        Defendants David Crowe, Mike Lyonette, Thomas P. Madden, Colin Ross, Brad Malcolm,

22 and Michael Jimenez ("Defendants") respectfully submit the following reply in support of their

23 Motion to Dismiss the Plaintiff's First Amended Complaint (Doc. #12). Plaintiff admits he is on

24 the California Vexatious Litigant List but unpersuasively argues it does not apply. Plaintiff admits

25 that the contract referenced in his original complaint does not name any of the Defendants (except

26 for two, thereby essentially admitting he did not state a claim against them) but then tries to

27 improperly submit "new facts" to try to support his claims. Finally, Plaintiff admits that all other

28 causes of action (except breach of contract) in his Amended Complaint are insufficient to state a

1
2
3
4

claim but argues that instead of dismissal he should be given leave to amend, yet does not explain to the Court how leave to amend will give him a basis to properly state a claim. Simply put, Plaintiff's Opposition did not rebut any of the three main reasons for granting Defendants' Motion to Dismiss. Accordingly, the Court should grant Defendants' Motion and Dismiss the case.

5

### A.    VEXATIOUS LITIGANT LIST

6
7
8
9
10
11

Defendants' first basis for dismissal of the case is that Plaintiff is prohibited from pursuing his claim because he is on the California Vexatious Litigant List (the "List") and did not comply with the applicable requirements in order to file a lawsuit while on the List. Plaintiff's response is an acknowledgement that he is on the List – his argument though is that being on the List is irrelevant now because he filed this lawsuit in Arizona. This argument should be rejected for several reasons.

12
13
14

First, this lawsuit is now in California. Plaintiff did not cite to any authority that says that Cal. Civ. Proc. Code §§ 391 et seq. is not applicable to a case that was originally filed in one state but transferred to this state because of lack of jurisdiction.

15
16
17
18
19
20
21

Second, Plaintiff is bound by his agreement that California law applies to the subject contract. In the original Complaint, Plaintiff attached the subject contract (called the "Funding Agreement"), which clearly states that California law applies. *See o*riginal Complaint, Ex. A, ¶20 (the "Contract"). Accordingly, Plaintiff agreed that California law applies to this subject dispute, and as such, even if he originally filed in Arizona his lawsuit is governed by California law, which means he is still subject to Cal. Civ. Proc. Code §§ 391 et seq. and had to abide by its terms, which he did not.[1]

22
23
24
25

Third, Plaintiff seeks to have this Court reward him from trying to avoid the effects of Cal. Civ. Proc. Code §§ 391 et seq. by filing in Arizona. It is beyond dispute that before Plaintiff initiated this Lawsuit he: a) **knew** he agreed in the Contract that California law governed his relationship with Defendants; b) **knew** that he was on the Vexatious Litigant list in California and

26
27
28

---

[1] It should be noted that Plaintiff filed in a state court in Arizona; not federal court. Plaintiff now wants to say that federal law applies because he contends it is more lax than California state law on what constitutes a vexatious litigant and the ramifications of being so designated. However, Plaintiff did not so plead in his Complaint, or his Amended Complaint, and even if he had he would still be bound by his contractual obligation to have California state law apply.

**1**  could not file this lawsuit in California; and c) **admitted** he filed in Arizona to try to avoid the

**2**  consequences of Civ. Proc. Code §§ 391 et seq. The Court should not reward Plaintiff for

**3**  knowingly trying to avoid the effects of California law to which he agreed and was subject.

**4**  　　　　　**B.**　　　**PLAINTIFF'S IMPROPER INCLUSION OF NEW FACTS**

**5**  　　　　　Defendants' second ground for dismissal is under Fed. R. Civ. P. 12(b), wherein they allege

**6**  Plaintiff has failed to set forth a set of facts in the Amended Complaint that entitle him to any relief.

**7**  Plaintiff, in his Opposition, points to the presumed ignorance of the undersigned as to the reason

**8**  that Defendants state that only two of the many Defendants were parties to the contract with

**9**  Plaintiff. Yet, the contract clearly lists the names of only two Defendants as signers – David Crowe

**10**  and Mike Lyonette. All other Defendants must be dismissed from this action because they are not

**11**  signers to the contract. As to Mr. Crowe and Mr. Lyonette, as will be discussed below, Plaintiff did

**12**  not in his Opposition overcome the undisputable fact that these Defendants were relieved of any

**13**  contractual obligation to fund the subject project because Plaintiff lost it before funding was

**14**  arguably required. Consequently, there is no basis on which Plaintiff is entitled to any relief against

**15**  any of the Defendants.

**16**  　　　　　Plaintiff tries to avoid this unavoidable conclusion by introducing "new facts" in his

**17**  Opposition, going so far as to assert there are other contracts that exist and were allegedly breached.

**18**  However, it is well settled that in Fed. R. Civ. P. 12 motions briefing a plaintiff is limited to the

**19**  facts as alleged in his operative complaint. Fed. R. Civ. P. 12(d); *Grossman v. Nationsbank, N.A.*,

**20**  225 F.3d 1228, 1231 (11th Cir. 2000). The Court should not consider Plaintiff's declaration, nor any

**21**  of the new allegations of other contracts. Since Exhibit A to the original Complaint shows that

**22**  Defendants Thomas P. Madden, Jeff Rau, Colin Ross, Brad Malcolm, and Michael Jimenez were

**23**  not parties to the Contract, and since there is nothing in the Amended Complaint that states, or even

**24**  suggests Plaintiff has a viable claim against these Defendants, the Court should dismiss these

**25**  Defendants from this lawsuit. Further, while Defendants David Crowe and Mike Lyonette were

**26**  parties to the Funding Contract, their performance was excused because of the cancellation of

**27**  Plaintiff's underlying contract to acquire the subject project, and therefore they too should be

**28**  dismissed, as well.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### C.    PLAINTIFF'S RULE 8 FAILURES

Defendants' third grounds for dismissal of the Amended Complaint is that it fails to meet the minimum pleadings standards as forth in Fed. R. Civ. P. 8. Plaintiff has the burden of proving that the Amended Complaint meets these minimum standards. However, instead of showing the Court how his allegations are direct and understandable, Plaintiff tries to shift the burden to Defendants. Plaintiff bears the burden of meeting the Rule 8 minimum pleadings standards. Fed. R. Civ. P. 8(e)(1).

This Court can review the Amended Complaint and see where it falls short. The Amended Complaint seemingly demonstrates a story with details, but when looked at from an all-encompassing perspective, those details do not translate into facts to support the causes of action against Defendants.

As the *Bautista* court held, defendants should not have to expend time and effort searching through a mass of conclusory and extraneous allegations in order to determine the essentials claims. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). Plaintiff is verbose in effort to obfuscate and confuse. Even more compelling, however, is that Plaintiff does not usually distinguish between each Defendant – he lumps them all in together. It is not sufficient to use the word "Defendants" when suing over a dozen people and imputing the purported actions of one to all the others. Plaintiff's failure to segregate out the facts that apply to each Defendant are fatal – Plaintiff's complaint against Defendants must be dismissed.

### D.    PLAINTIFF DOES NOT SHOW THIS COURT HOW HIS AMENDED COMPLAINT STATES A VALID CLAIM

The undersigned's experience is that rarely do courts dismiss under Rule 8. In this instance though, it is proper because Plaintiff failed to segregate his factual allegations against each Defendant from the other Defendants. This is why Defendants spent significant time in their original motion detailing the pleading deficiencies for each cause of action. Plaintiff's Opposition did not change, and frankly could not change the fact that Plaintiff has failed to state any particular sustainable claims against Defendants.

**1.   Plaintiff cannot state a claim for breach of contract against Defendants**

Plaintiff's only attempt to oppose the Motion to Dismiss on the grounds of his failure to state a claim is that his Amended Complaint states there was a contract, his performance, Defendant's breach, and his damages. However, much like the Amended Complaint, there are no facts demonstrated to show it is true or that he can even state a colorful claim.

As more fully discussed in Defendants' Motion to Dismiss, while Plaintiff did show a contract exists, it is only between Plaintiff and two of the Defendants, neither of whom had the obligation to perform due to Plaintiff's lack of performance in the separate, underlying contract[2]. Plaintiff's claim that all Defendants were parties to the Funding Contract is contradicted by Plaintiff's own statements in his complaints and the Funding Contract attached to the original Complaint itself. Nowhere in the contract are Defendants' names mentioned, with the exception of Defendants Crowe and Lyonette. Nowhere in the Contract is it stated other parties are involved. Therefore, the claim fails as a matter of law and there is no possible way to amend the complaint to make all Defendants a party to it as the Funding Contract speaks for itself.

Plaintiff's conclusion that he showed he performed is also false. By Plaintiff's own statements and exhibits to his complaints, the Funding Contract could not have been fulfilled as the seller of the Seaside Mariana Resort refused to close on the sale to Plaintiff. Therefore, Plaintiff did not perform and no amount of amending will fix this fatal flaw.

Even if each additional Defendant herein were one of the two Defendants who signed the Contract (which they are not), as the seller of the resort refused to close on the sale of the resort, even the two contracting Defendants could not have breached their obligations. There was no closing and therefore, there was nothing to fund. All of these facts are stated in Plaintiff's muddled complaints.

Finally, as to damages, Plaintiff has not shown that he suffered damages (particularly as a result of Defendants' actions), he merely states he would have profited. However, once again,

---

[2] The Court should note that despite Plaintiff's lengthy Opposition and inappropriate introduction of "new facts" he still does not deny the truthfulness of Defendants' contention that Plaintiff never acquired the subject project. The Funding Contract, which is before the Court as Exhibit A to the original Complaint, clearly states that even Defendants Crowe and Lyonette had no obligation to fund unless and until Plaintiff acquired clear title to the subject project, which Plaintiff did not allege in his Amended Complaint and cannot truthfully allege even if granted leave to amend.

1

2

3

since Plaintiff's purchase of the resort failed, even if the funding had occurred, Plaintiff would have not purchased anything to make a profit on. Further, even if the sale had gone through, profit is mere speculation for which Plaintiff does not demonstrate how it could have been calculated.

4

### 2.  Plaintiff admits his causes of action fail to state a claim

5

6

7

8

9

10

11

12

13

As to Plaintiff's other five remaining causes of action, Plaintiff does not even attempt to justify how they state a claim. He merely offers to amend them to state a claim. However, Plaintiff does not demonstrate how he could amend to fix the glaring issues with each cause of action. The fact of the matter is that each of these causes of action is predicated upon there being a contract between Plaintiff and each of the Defendants. As already demonstrated, most of the Defendants were not parties to the Funding Contract and therefore each of these causes of action fail as a matter of law. As Plaintiff concedes, his Amended Complaint is insufficient and has failed to demonstrate how an amendment would resolve the deficiencies, the Court should grant the Motion to Dismiss as to all causes of action and deny leave to amend.

14

### E.     LEAVE TO AMEND SHOULD BE DENIED

15

16

17

18

19

20

21

22

23

24

25

26

While courts are generally urged to grant leave to amend liberally, the 9th Circuit has repeatedly held that denial of leave to amend is appropriate "when the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Service*, 911 F.2d 242, 247 (9th Cir. 1990); See also *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) and *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010). Further, the 9th Circuit has also held that amendment should be denied when it would prejudice the moving defendants. *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997); *Ascon Properties, Inc. v. Mobil Oil Co.* 866 F.2d 1149, 1161 (9th Cir. 1989); *MV American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (denial of motion to amend upheld where new allegations based on facts moving party already knew would totally alter basis of action and necessitate additional discovery).

27

28

It is clearly shown from Plaintiff's original Complaint and Amended Complaint that only two of the Defendants were parties to the Funding Contract which is the subject of the pleadings

1
2
3
4
5
6

and that the contract could not have been fulfilled by those two Defendants due to the resort's

seller's refusal to close on the sale of the resort. There is no amount of amending that can change

these facts. Despite Plaintiff now wanting the Court to look at another purported contract for which

he has not plead a breach of contract, this Court does not have to and should not grant leave to

amend as amendment would be futile and would contain legal issues wholly separate from the case

at issue.

7
8
9
10

      Amendment would be prejudicial to Defendants as Plaintiff's new theories go beyond the

scope of the subject contract and seek to alter the basis of the action. Amendment would also be

prejudicial to Defendants here who were not named parties to the Funding Contract as it would

keep them in a case to which Plaintiff has no way to exert a claim against them.

11

### CONCLUSION/PRAYER FOR RELIEF

12
13
14
15
16
17
18
19
20

      Plaintiff's Amended Complaint should be dismissed as Plaintiff is on the California

Vexatious Litigant List and is intentionally tried to skirt the rules in order to file this lawsuit,

despite the subject contract requiring it to be brought in California and to be viewed under

California law. Plaintiff's Amended Complaint fails against Defendants for, amongst others, 1)

failure to comply with Rule 8, and 2) failure to comply with Rule 12 in that it fails to state facts

sufficient to support any of the listed causes of action contained in Plaintiff's Amended Complaint.

Leave to amend should be denied as there are no facts which could be alleged to overcome the

deficiencies in the Amended Complaint. As such, Defendants respectfully request that the

Amended Complaint be dismissed and leave to amend be denied.

21
22

      RESPECTFULLY SUBMITTED this 10th day of November, 2020.

23

      ROMERO PARK P.S.

24
25

      By: */s/ H. Troy Romero*
        H. Troy Romero, CBN #224867

26
27
28

1

2

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I, Kathy Koback, certify and declare as follows:

3

I am a citizen of the United States and a resident of the State of Washington.  I am over the

4

age of 18 years and not a party to the within-entitled cause.  I am an employee with the law firm of

5

Romero Park P.S., whose addresses are 16935 West Bernardo Drive, Suite 260, San Diego,

6

California 92127 and 155 – 108th Avenue NE, Suite 202, Bellevue, Washington 98004, which is

7

located in the county where the mailing described below took place.

8

On November 10, 2020, at my place of business in Bellevue, Washington, a copy of the

attached document described as:

9

10

**DEFENDANTS' REPLY IN SUPPORT OF**

**MOTION TO DISMISS**

11

12

was sent via electronic mail pursuant to the parties' agreement for acceptance of service via

electronic mail, and addressed to:

13

14

Carl A. Wescott
Movenpick Apartments & Hotel (#509) – Bur Dubai
Opposite American Hospital – 19th Street – Oud Metha
Dubai, UAE (United Arab Emirates) 32733
*Plaintiff In Pro Per*
*Email: carlwsoj@gmail.com*

15

16

17

18

I certify and declare under penalty of perjury under the laws of the State of California that

19

the foregoing is true and correct.

20

DATED: November 10, 2020.

21

22

_____

Kathy Koback, Legal Assistant

23

24

25

26

27

28