H. Troy Romero, CBN #224867
ROMERO PARK, P.S.
16935 W. Bernardo Drive, Suite 260
San Diego, CA 92127
Email: tromero@romeropark.com
Telephone:  858-592-0065

*Attorneys for Defendants Crowe, Lyonette,*
*Rau, Ross, Malcolm, and Jimenez*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CALIFORNIA
## NORTHERN DISTRICT

| | |
|---|---|
| Carl A. Wescott,<br><br>                        Plaintiff,<br><br>              vs.<br><br>David Crowe; Mike Lyonette;<br>Thomas P. Madden; Taylor Collins; Jeff Rau;<br>Darrell Bushnell; Amy Bushnell;<br>Peter Tierney;  Kathy Fettke; Susie Yee;<br>Norman Davies; Claire Davies; Sandra Winfrey;<br>Brian Putze; Colin Ross; Brad Malcolm;<br>Michael Jimenez; Gustavo Varela; Robert<br>Crowe; Bernadette Brown; Federico Gurdian;<br>Terencio Garcia,  Does 1 through 50,<br><br>                        Defendants. | No:  3:20-cv-06456-JD<br><br>DEFENDANTS CROWE'S, LYONETTE'S, RAU'S, ROSS', MALCOLM'S, AND JIMENEZ'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS LEGAL COMPLAINT UNDER RULE 15(a)(2) |

## I.  INTRODUCTION

Plaintiff's Motion for Leave to Amend (the "Motion") should be denied because this Court already has submitted before it Defendants' Motions to Dismiss/Judgment on the Pleading [Dkt. Nos. 57 and 59]. Plaintiff should not be allowed to amend his complaint when there are pending motions for dismissal.

Further, Plaintiff is on the California Vexatious Litigant List, and has not yet satisfied the prerequisites for bringing and maintaining a lawsuit in California.

1    Even if the above two reasons were not in existence, the Motion would still need to be
2    denied because Plaintiff failed to satisfy the procedural requirements of FRCP 15.

3    Just in case the Court is not convinced to deny the Motion on the first three grounds,
4    Defendants also believe that the Motion for Leave to File the Second Amended Complaint
5    should also be denied on its merits.

6    Plaintiff, a vexatious litigant in the state of California, is continually trying to change his
7    "story" of the alleged events that compelled him to bring this frivolous case. Plaintiff now seeks
8    to amend his First Amended Complaint ("FAC"). Ignoring the requirements of FRCP 15, the
9    week following the filing of his Motion for Leave to Amend (the "Motion"), Plaintiff filed a
10   Second Amended Complaint ("SAC") without this Court's approval, nor Defendants' written
11   consent to do so. Plaintiff's Motion must fail for at least three reasons: 1) the Motion does did
12   not follow the necessary procedural requirements and is particularly untimely given Defendants'
13   pending 12(b)(6) motion to dismiss and Defendant Rau's motion for judgment on the pleadings
14   (collectively referred to herein as "Defendants' Motions); 2) Plaintiff is a vexatious litigant and
15   did not follow the requirements necessary to have this action heard in a California court; and 3)
16   any amendment would be futile and would not cure the defects described in Defendants'
17   Motions.

18   Much of Plaintiff's case hinges on a breach of contract claim (the "Funding Contract")
19   where all but two Defendants were not even a party to the contract in dispute and, more
20   importantly, the contract's obligations remain unfulfilled solely due to Plaintiff's own conduct.
21   The two Defendants involved in the contract acted in good faith and cooperated fully with
22   Plaintiff, and remained ready, willing, and able to close on the Funding Contract but for the
23   impossibility of closing created by Plaintiff's actions beyond their control. Ironically, Plaintiff
24   still filed this action.

25                          **II. RELIEF REQUESTED**

26   Defendants respectfully request this Court deny Plaintiff's request to grant him leave to
27   amend the FAC and file a SAC. Defendants further request this Court rule on Defendants'
28   Motions prior to giving considering to Plaintiff's Motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.    RESPONSE

### A.    Plaintiff Should Not Be Allowed to Amend his Complaint When Motions to Dismiss and Judgment on Pleadings are Pending.

Granting Plaintiff's leave to amend the FAC after Defendants have filed a 12(b)(6) motion and a motion for judgment on the pleadings would prejudice Defendants by causing unnecessary 'time and expenses of continued litigation.' *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quoting Troxel *Manufacturing Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973), cert. denied, 416 U.S. 939, 40 L. Ed. 2d 290, 94 S. Ct. 1942 (1974)). Defendants have already spent time and the parties and Court's resources fighting Plaintiff's frivolous suit. They have already spent time and effort getting this case removed from Arizona. Moreover, Defendants have already filed a motion to dismiss and a motion for judgment on the pleadings, which have been pending before this Court for approximately four months. It is an unnecessary expenditure of time and money to require Defendants to respond to any further unsubstantiated and unsupported allegations levied against them by Plaintiff.

Defendants filed a 12(b)(6) motion and a motion for judgment on the pleadings in Arizona on July 20, 2020 to dismiss this case. Defendants filed a motion to dismiss before this Court on October 22, 2020 on the same grounds for failure to state a claim ("Motion to Dismiss").[1] Defendant Rau filed his Motion for Judgment on the Pleadings on the same date ("Motion for Judgment on Pleadings" and collectively "Defendants' Motions").[2] This Court then entered an order on November 17, 2020, holding that Defendants' Motions were suitable for a decision without oral argument.[3] Plaintiff has cited no valid reason for why this Court should not rule on Defendants' Motions. If the Court rules in favor of Defendants on their Motions, then such ruling renders Plaintiff's current Motion moot. Plaintiff is apparently trying to distract the Court from ruling on Defendants' Motions by submitting the pending Motion four months after Defendants' Motions were submitted to the Court for consideration. The Court should not be distracted, and should first rule on Defendants' Motions to determine if Plaintiff should even be

---

[1] Motion to Dismiss, filed on October 22, 2020, Docket No. 57.
[2] Motion for Judgment on the Pleadings, filed on October, 22, 2020, Docket No. 59.
[3] Court's Order, entered November 17, 2020, Docket No. 70.

given the chance to amend. In short, Plaintiff's motion for leave to amend is not ripe unless and until the Court rules on Defendants' Motions.

**B.      This Court Should not Grant Leave to Amend Because Plaintiff is a Vexatious Litigant in California and has not Fulfilled the Proper Prerequisites to File Suit.**

A plaintiff's motion for leave to amend may be denied when the plaintiff is acting in bad faith. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). On May 1, 2017, Plaintiff was placed on the Vexatious Litigant List which is held and maintained by the Judicial Council of California. Pursuant to Cal. Civ. Proc. Code §§ 391 et seq., a vexatious litigant is prohibited from filing suit in the State of California without first obtaining court permission. Here, Plaintiff attempted to make an end run around this law by filing this case initially in Arizona, even though he knew that the subject contract he complains of has an exclusive California jurisdiction and venue provision in it. He did this to try to avoid having to comply with the prerequisites to maintaining litigation in California when the plaintiff is on California's Vexatious Litigant List.

As set forth in more detail in Defendants' Motions, Cal. Civ. Proc. Code § 391.3(b) provides that a court shall dismiss a case when the action has no merit and was brought for the purpose of harassment or delay. This section applies to vexatious litigants who were able to file due to being represented by counsel. This case is analogous in that Plaintiff was able to file the case because he disregarded California's jurisdiction pursuant to the Funding Contract, and instead filed in Arizona since he was prohibited from filing in California. As such, Plaintiff should not be rewarded for his end-run attempt and this Court should grant Defendants' Motions and dismiss this case pursuant to § 391.3(b).

Should this Court not grant Defendants' Motions, Plaintiff is still required to furnish a security pursuant to Cal. Civ. Proc. Code § 391.3(a). Since Plaintiff has failed to post the security, then Plaintiff's Motion must be denied (and frankly, Defendants' Motions should be granted since the law is clear that failure to post the security requires immediate dismissal of the case. *Taliaferro v. Hoogs* (Cal. App. 1st Dist. Sept. 15, 1965).

**C.      Plaintiff's Filing Did Not Follow the Procedural Requirements of FRCP 15(a).**

Plaintiff has filed the SAC without satisfying the necessary procedural requirements. Pursuant to the Federal Rules of Civil Procedure, a party may amend its pleading once if it the party does so within the required period: a) 21 days of serving it; or 2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (3), or (f), whichever is earlier. Fed R. Civ. P. 15(a)(1). In the instant action, on June 12, 2020, Plaintiff filed his first amended complaint in the Superior Court of Arizona, Maricopa County (Plaintiff inadvertently called it his 'corrected' complaint).[4] Additionally, even if Plaintiff had not already amended (which he has), Defendants' Motions were initially filed with the U.S. District Court for the District of Arizona (Phoenix Division) and served upon Plaintiff on July 20, 2020 [Dkt. No. 12] and July 23, 2020 [Dkt. No. 15][5] and subsequently filed with this Court and served upon Plaintiff on October 22, 2020; thus, Plaintiff filed his SAC well past the 21st day after service of Defendants' Motions and must be struck.

FRCP 15(a)(2) states any subsequent amendments to a pleading may be allowed in limited circumstances: 1) upon written consent of the opposing party; or 2) upon the court's leave. Plaintiff has now filed his SAC even though opposing counsel has not provide written consent, nor has this Court granted him leave to do so.

In light of the fact that Plaintiff has already filed the SAC, without getting leave of the Court to do so (or Defendants' consent), Defendants respectfully request that Plaintiff's Motion be denied and that the SAC be stricken from the record.

**D.  Motion Should Be Dismissed Because this Suit is Frivolous and Lacks Merit.**

In the event that the Court denies Defendants' Motions, does not require the posting of a security, and finds that Plaintiff had the right to file the SAC, Plaintiff's Motion for Leave to Amend should still be denied on its merits.

---

[4] *See* Case No. CV2020-006232.
[5] *See* Case No. 2:20-cv-01383-SPL.

1
2
3
4
5
6
7
8
9

     While FRCP 15 does hold that leave should be granted freely it should not be granted automatically. *See Learjet, Inc. v. Oneok, Inc.* (*In re W. States Wholesale Nat. Gas Antitrust Litig.*), 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). A court's discretion is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint. *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980). In the present case, Plaintiff has had such an opportunity to amend, and did so. Just because Plaintiff, again, wants to re-write the "facts" to suit his fancy is not a reason to be granted leave to amend - there is no reason Plaintiff should be granted another opportunity amend his FAC and his SAC should be stricken.

10
11
12
13
14
15
16

     In his Motion, Plaintiff fails to state how any amendment could cure the defects in the FAC. Futility of amendment is yet another reason a court can deny a motion for leave to amend. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (*citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Under a futility analysis, if upon a de novo review a court finds a complaint cannot be cured of its defects, dismissal is proper. *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (*quoting Krainski v. Nevada ex rel. Bd. of Regents of NV. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010)).

17
18
19
20
21
22

     Many of the allegations in the SAC stem from the Funding Contract. Only two of the Defendants signed that contract or were party to it. Yet, the SAC alleges a breach of contract claim against all of the Defendants. No amount of amending can alter the fact that none of the Defendants but Crowe and Lyonette were parties to or signed the Funding Contract. Thus, it would be futile to allow a SAC that alleges breach of contract against non-parties to the Funding Contract.

23
24
25
26
27
28

     Further, FRCP 9 requires a plaintiff plead fraud claims with particularity. Plaintiff, in his FAC, has not met this standard. Even though he has already amended his pleadings under the FAC, the SAC is subject to the same problems. A review of the SAC (even though it is lengthy) does not set forth allegations of fraud against each Defendant. That is because Plaintiff cannot do so. There are no known communications whatsoever between Plaintiff and all of the Defendants except for Crowe and Lyonette. Accordingly, it would be futile to allow Plaintiff leave to file the

1
2
SAC (that he has already filed and should be stricken) because Plaintiff has failed to plead with

particularity his fraud claims against each Defendant.

3
4
5
For these reasons, this Court should not allow the Plaintiff leave to amend because he

cannot satisfy the futility analysis even if the Court is not persuaded by Defendants' first three

arguments for denial of the subject Motion.

6
## V. CONCLUSION

7
8
9
10
11
12
13
The Motion for Leave to Amend should be denied and the SAC Plaintiff improperly filed

should be struck. Plaintiff ignored the requirements of FRCP 15, ignored the requirements

required for a vexatious litigant to bring suit in California, and cannot cure the defects in the

Complaint. Further, the causes of action and allegations are pleaded so vaguely so as to fail to

meet federal pleading standards and put Defendants on notice of the accusations against them.

For the above reasons, Defendants request this Court deny Plaintiff's Motion, strike the SAC

from the record, and grant Defendants' pending Motions.

14
RESPECTFULLY SUBMITTED this 25th day of February 2021.

15
16
17
ROMERO PARK P.S.

By: _____

H. Troy Romero, CBN #224867

18
19
20
21
22
23
24
25
26
27
28

1

**PROOF OF SERVICE BY ELECTRONIC MAIL**

2

I, Kathy Koback, certify and declare as follows:

3

I am a citizen of the United States and a resident of the State of Washington. I am over the

4

age of 18 years and not a party to the within-entitled cause. I am an employee with the law firm of

5

Romero Park P.S., whose addresses are 16935 West Bernardo Drive, Suite 260, San Diego,

6

California 92127 and 155 – 108th Avenue NE, Suite 202, Bellevue, Washington 98004, which is

7

located in the county where the mailing described below took place.

8

On February 25, 2021, at my place of business in Bellevue, Washington, a copy of the

attached document described as:

9

DEFENDANTS CROWE'S, LYONETTE'S, RAU'S, ROSS', MALCOLM'S, AND JIMENEZ'S

10

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS LEGAL
COMPLAINT UNDER RULE 15(a)(2)

11

was sent via electronic mail pursuant to the parties' agreement for acceptance of service via

12

electronic mail, and addressed to:

13

Carl A. Wescott

14

8210 E. Via De La Escuela

15

Scottsdale, Arizona 85258
*Plaintiff In Pro Per*

16

*Email:* [carlwsoj@gmail.com](mailto:carlwsoj@gmail.com)

17

18

I certify and declare under penalty of perjury under the laws of the State of California that

19

the foregoing is true and correct.

20

DATED: February 25, 2021.

21

22

Kathy Koback, Legal Assistant

23

24

25

26

27

28