**FILED**

JUN 14 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

CARL A. WESCOTT
8210 E. Via de la Escuela
Scottsdale, AZ 85258
*in propria persona*
CARLWSOJ@GMAIL.COM
+1 936 937 2688

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CALIFORNIA
# NORTHERN DISTRICT

| | |
|---|---|
| CARL A. WESCOTT,<br><br>   Plaintiff,<br>vs.<br><br>JEFF RAU, DAVID CROWE,<br>MIKE LYONETTE, et al.,<br><br>   Defendants | Case No. 3:20-cv-06456-JD<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT JEFF RAU'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing Date: Thurs., July 1st, 2021<br>Hearing Time: 10:00 am<br>Courtroom: 11<br>Judge: Hon. James Donato |

Plaintiff Carl A. Wescott, proceeding *pro se*, hereby responds to Defendant Jeff Rau's Motion for Judgment on the Pleadings, brought pursuant to Federal Rules of Civil Procedure Rule 12(c) and filed on May 26th, 2021. Mr. Rau was served on Monday, June 1st, 2020, and then filed an Answer to the Plaintiff's legal complaint in Maricopa County Superior Court on Tuesday, June 30th, 2020 (case CV2020-006232). Mr. Rau filed an almost identical previous Motion for Judgment on the Pleadings on July 23rd, 2020, when this case was in District Court in the District of Arizona (case 2:20-cv-01383-PHX-SPL), with the biggest difference in the newer version being the addition of Mr. Rau's request for the legal complaint to be dismissed under Cal. Civ. Proc. § 391. Mr. Troy Romero, esq., attorney for Mr. Rau, further requests that this Court order the Plaintiff to post a bond as security, in the alternative, if the legal complaint is not dismissed, citing Cal. Civ. Proc. § 391.3(a). Though Mr. Rau does not mention it in the summaries of his Rule 12(c) Motion in the Notice of Motion nor

in the Introduction, on the final page of the text of his motion, as his last thought on a possible reason he can move for a dismissal of the Plaintiff's legal complaint, Mr. Rau also argues that the Plaintiff's complaint should be dismissed because it violates Rule 8.

After summarizing the relevant legal standards of review (Rule 12(c), Rule 12(b)(6), and state and federal law on vexatious litigants) the Plaintiff will further summarize Defendant Rau's arguments in his Memorandum of Points and Authorities, and the Plaintiff will address those arguments in turn, correcting factually incorrect statements by Mr. Romero on behalf of his client along the way. *Nota bene*, however, that the Plaintiff does not object to a Judgment on the Pleadings; he too would like a Judgment on the Pleadings, but one in his favor. As shall be further elucidated below, the Plaintiff believes that the facts as pled are enough for the Court to enter a judgment in favor of Plaintiff and against Mr. Jeff Rau for US $334,000 based on the breach of contract cause of action, plus prejudgment interest, costs, and fees.

### Legal Standard of Review – Rule 12(c)

When reviewing a Rule 12(c) motion, the Court applies the same standard as a Rule 12(b)(6) motion (next section, below), as the motions are "functionally identical." *Cafasso, U.S. ex rel v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). In evaluating a Rule 12(c) motion, a court may consider the complaint, the answer, and matters of public record whose authenticity is not in dispute. *Id.* "It is axiomatic, as it is for motions under Rule 12(b)(6) . . . that for purposes of the court's consideration of the Rule 12(c) motion, all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." 5C *Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1368* (3d. ed. April 2018 Update). Judgment on the pleadings is proper when "there

is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted).

### Legal Standard of Review - Rule 12(b)(6)

A plaintiff's burden at the pleading stage is relatively light, in a Court's analysis of a Rule 12(b)(6) motion as to whether colorable claims are made. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a).* The court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party," *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995), including making all reasonable inferences in favor of the non-moving party. *Rhodes v. Robinson,* 408 F.3d 559, 563 (9th 2005). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984). Claims must be "'plausible on [their] face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 570).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). *Pro se* complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Nordstrom v. Ryan,* 762 F.3d 903, 908 (9th Cir. 2014). A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,

PLAINTIFF'S RESPONSE TO DEFENDANT JEFF RAU'S
MOTION FOR JUDGMENT ON THE PLEADINGS

3

unless the complaint's deficiencies could not be cured by amendment. See *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### Legal Standard of Review – Vexatious Litigants

The *All Writs Act*, 28 U.S.C. § 1651, gives the Court the inherent power to enter prefiling orders against vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). However, such pre-filing orders are an extreme remedy and should rarely be used since such sanctions can tread on a litigant's due process right of access to the courts. *Molski*, 500 F.3d at 1057. Under California law, a vexatious litigant is one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been… finally determined adversely to the person…" Cal. Civ. Proc. Code § 391. Under the law of the State of California, "a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security." Cal. Civ. Proc. Code § 391.1. That, however, is in State Court (Superior Court), and the state Court and federal Court have different standards, separate lists, and different procedures to designate a litigant to be vexatious (Cal. Civ. Proc. Code § 391 ("CCP § 391") and 28 U.S.C. § 1651).

Restricting access to the courts is, however, a serious matter. "[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998). The First Amendment "right of the people . . . to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 524–25 (2002) (internal quotation marks omitted, alteration in original); see also

PLAINTIFF'S RESPONSE TO DEFENDANT JEFF RAU'S
MOTION FOR JUDGMENT ON THE PLEADINGS

4

*Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause). Profligate use of pre-filing orders could infringe this important right, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (*per curiam*), as the pre-clearance requirement imposes a substantial burden on the free-access guarantee. Out of regard for the constitutional underpinnings of the right to court access, "pre-filing orders should rarely be filed," and only if courts comply with certain procedural and substantive requirements. *De Long v. Hennessey*, 912 F.2d at 1147 (9th Cir. 1990). When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Id.* at 1147–48.

Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness. See *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. See *De Long v. Hennessey*, 912 F.2d at 1147-48 (before a district court issues a pre-filing injunction against a pro se litigant, it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions). The Ninth Circuit has defined vexatious

litigation as "without reasonable or probable cause or excuse, harassing, or annoying." *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 886 (9th Cir. 2012).

### ARGUMENT

The Plaintiff regards the Vexatious Litigant argument and the Rule 8 argument as threshold issues to dispose of, and thus he will address those issues first, in that order, before moving on to the more substantive issues in the actual Rule 12(c) Motion for Judgment on the Pleadings.

**Complaint Should Not Be Dismissed Due to Plaintiff being a California Vexatious Litigant**

The Plaintiff admits that he is on the California Vexatious Litigant list, an order issued mostly due to his filings in his San Francisco family law case FDI-14-781666 between September 2014 and April 2015 (the Vexatious Litigant order was on May 1st, 2017). If the Plaintiff had filed this case in California Superior Court, he would have had to seek pre-approval under CCP 391.7 prior to filing. The Plaintiff used to be a California resident, and indeed, in the past, the Plaintiff has gone through this procedure 11 times, with judges concurring 10 of 11 times that his legal complaints had merit. (Exhibit C). The Plaintiff will further admit that he had California cases dismissed against him in the past, but those cases were not without merit. The main reason most or all the Plaintiff's California cases that were active a few years ago were dismissed is that the Plaintiff was rendered homeless and his possessions stolen. Without a computer or an address, the Plaintiff was unable to receive updates from the Court nor make filings. The Plaintiff then focused on survival, getting a laptop and a place to work instead (Exhibit C, Sworn Statement of Carl Wescott).

The Plaintiff further confirms that he filed 17 cases in Arizona in 2019 and 2020, including the *Wescott versus Crowe, Rau, Lyonette, et al.* legal complaint that is now before this Court. The

reason this legal complaint was originally filed in Arizona is that the Plaintiff signed three relevant contracts with some or all of these Defendants. The first contract had a forum selection clause of Maricopa County, Arizona; hence the filing in that venue seeking a Court to assert jurisdiction over these Defendants. The second and third relevant contracts had a forum selection clause of San Francisco, California (Exhibit B, second contract of August 11th, 2018, and Exhibit C, Sworn Affidavit).

The Plaintiff is not a Vexatious Litigant in District Court, including in this Court (Exhibit C). This legal complaint was not filed for the purposes of harassment or delay. Rather, these Defendants entered in to binding contracts with the Plaintiff and then, after six months of working together, a few days before the final close of the deal the Plaintiff had put together, the Defendants breached their contract, costing the Plaintiff US $334,000 in payments the Defendants were obligated to make to the Plaintiff and larger sums he would have earned had they closed. The Defendants later repudiated the contract and committed numerous tortious acts that they should be embarrassed by. The Plaintiff seeks redress in Court so that these Defendants will be required to pay for the damages their breaches, repudiation, and other tortious acts and non-acts have caused the Plaintiff (Exhibit C).

The Plaintiff and these Defendants are now in District Court, where the Federal Rules of Civil Procedure apply. Thus, the Plaintiff was not required to seek pre-filing approval under CCP § 391. CCP § 391.3(b) is not relevant for several reasons, namely because the Plaintiff did not file in California Superior Court and did not file with the help of an attorney and later substitute himself in place of the attorney. These arguments made by an experienced attorney verge upon the sanctionable.

In the interest of judicial efficiency, in case this helps avert a future losing motion by Defendant Rau, the Plaintiff will note that under federal law, as cited in Legal Standards above, the mere fact that a plaintiff has had numerous suits dismissed against him is and would be insufficient grounds upon which to make a finding of vexatiousness in District Court.

The Defendants argue that many of Plaintiff's California Superior Court cases were dismissed as meritless, which is factually incorrect (Exhibit C), and that therefore, under CCP § 391.3(a), the Plaintiff should be required to post a bond. Had the Plaintiff filed in California Superior Court, Defendant Rau would certainly have the option of seeking a bond under CCP § 391.3(a), by following the procedures outlined in the law. We are not in California Superior Court, and Mr. Rau and his attorney have not followed the outlined procedure. Mr. Romero does not properly cite (on behalf of his client Mr. Rau) nor address the federal substantive law requirements to show bad faith or willful disobedience of a court's order by Plaintiff. Finally, Defendant Rau's cited case, in support on his desired bond, *Taliaferro v. Hoogs* (Cal. App. 1st Dist. Sept. 15, 1965), was a dispute over $360 (but claiming $10,000 of exemplary damages) originally filed in California Municipal Court, and then California Superior Court, before the appeal. By way of contrast, this District Court case seeks substantial damages backed by the included contract (Exhibit B) that Mr. Rau breached.

### Complaint Should Not Be Dismissed Due to Rule 8

The Plaintiff is confused as to how Mr. Rau's citing Rule 8 could lead to a dismissal (with prejudice, and no leave to amend, no less) at this stage, or perhaps it is Mr. Rau who is confused. Procedurally, Mr. Rau was served with the legal complaint on Monday, June 1st, 2020 (Exhibit C), and then Mr. Rau answered on Tuesday June 30th, 2020), citing four affirmative defenses. Two of

Case 3:20-cv-06456-JD   Document 92   Filed 06/14/21   Page 9 of 14

those four cited affirmative defenses were alleged lack of personal jurisdiction in Arizona Courts and incorrect venue (Answer of Mr. Jeffrey Rau, June 30th, 2020; Exhibit C, Sworn Declaration), both of which have been remedied by the move to Mr. Rau's cited and requested venue of choice, in this Court. After his Answer, Mr. Rau filed a previous Motion for Judgment on the Pleadings, on July 23rd, 2020, that did not result in the complaint being dismissed.

Mr. Rau has therefore already exhausted his remedies to dismiss the legal complaint, as he did not file a Rule 12(b) Motion to Dismiss and did file an answer. An affirmative defense to a claim for relief must be asserted in the answer (or in a motion) or it will be waived. *Fed. R. Civ. P. 12(b), (h)(1); John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008). Thus, the Plaintiff doubts that from a procedural standpoint, just like with Mr. Rau's attempt to dismiss with the Vexatious Litigant argument, that at this point, Mr. Rau can move to dismiss the Plaintiff's legal complaint under Rule 8, either.

Nevertheless, the Plaintiff will point out that if the Plaintiff's pleadings are truly so vague, ambiguous, and verbose, that they lack clarity, as Mr. Rau now alleges, he likely should have filed a Rule 12(e) Motion for a More Definitive Statement. However, having Answered already, the Plaintiff believes that Defendant Rau has now waived his right for a Rule 12(e) Motion as well. Had Mr. Rau made such a request, he would have been required to point out the specific defects complained of and the details desired. *Fed. R. Civ. P. 12(e)*. Whether in a Motion to Strike (to handle alleged redundancy), a Motion for a more Definitive Statement, or in this example of desired relief under Rule 8, the Plaintiff would hope and expect that the moving party could cite one or more specific examples of ambiguity, verbosity, and/or redundancy resulting in lack of clarity. Ironically, the Plaintiff believes that Mr. Rau's motion itself is the one that not only lacks clarity, but also incorrectly

PLAINTIFF'S RESPONSE TO DEFENDANT JEFF RAU'S
MOTION FOR JUDGMENT ON THE PLEADINGS

9

cites the facts and law, and includes no factual evidence to support its allegations where those would be expected and required.

The Plaintiff emailed Mr. Romero to give him an opportunity to cite specific examples (Exhibit E; Exhibit C). In closing on this threshold issue, the Plaintiff will simply avow his willingness to fix and improve any identified sections that any party wishes to point out. The Plaintiff will be the first to admit that the legal complaint could be more artfully pled, and indeed, he seeks to amend it for several reasons for the benefit of all, including the remaining Defendants, in both of his parallel responses to Mr. Romero's filings on behalf of his clients.

### Mr. Rau's Allegations in his Judgment on the Pleadings

Mr. Rau, in his MfJoP, alleges that he was not a party to the Sales Contract (original Complaint, Exhibit A; also attached hereto as Exhibit B), that the seller terminated the contract with the Plaintiff to buy Seaside Mariana prior to Mr. Rau's and his co-Defendants' breach and pulling out of the contract, that the Amended Complaint does not establish elements for its Breach of Contact cause of action, and that the Plaintiff fails to state facts sufficient to support his causes of action for Promissory Fraud, Negligent Misrepresentation, Intentional Interference with Contract, Negligent Interference with Economic Advantage, and Breach of the Covenant of Good Faith and Fair Dealing. Mr. Rau then asks for a Judgment on the Pleadings in his favor, indeed a dismissal with prejudice.

What Mr. Romero is claiming (that Mr. Rau is not a party to the contract) is factually incorrect, and unsupported by evidence. There is evidence that supports and proves the opposite, that Mr. Rau is indeed a party to that contract. Mr. Rau also admits signing the related NDA (Mr. Rau Answer). It is unfortunate that a California attorney seeks to mislead this Court, despite the ethical strictures he is supposed to be bound by, including BP&C 6068(d) and BP&C 6128(a). Under BP&C 6128(a), it

10

PLAINTIFF'S RESPONSE TO DEFENDANT JEFF RAU'S
MOTION FOR JUDGMENT ON THE PLEADINGS

is a crime (a misdemeanor) for Mr. Romero to lie to this Court. Mr. Romero should know better (both the facts of the case, or at least the contract at hand, and his duties to this and every Court). Mr. Rau is a party to the contract (Exhibit B and Exhibit C). The contract clearly states that the Plaintiff is one of the parties to the contract, and that the other party is the group of litigators in the litigating group that purchased lots, condominiums, and bungalows at Seaside Mariana, that "have a Nicaraguan lawsuit together". The identities of those twenty-two people were provided by David Crowe at the time of the contract signing, and the identities are also a matter of public record. The twenty-two people are David Crowe, Mike Lyonette, Thomas P. Madden, Taylor Collins; Jeff Rau; Darrell Bushnell; Amy Bushnell; Peter Tierney; Kathy Fettke; Susie Yee; Norman Davies; Claire Davies; Sandra Winfrey; Brian Putze; Colin Ross; Brad Malcolm; Michael Jimenez; Gustavo Varela, Robert Crowe, Bernadette Brown, Federico Gurdian, and Terencio Garcia. Mr. Rau is one of them. The twenty-two are bound together in a partnership for that litigation and for the contract with Plaintiff. Through agency (and further allegations of conspiracy), the individuals involved and the partnership are all liable (Exhibit C).

Mr. Romero also seeks to mislead this Court, on behalf of Mr. Rau, about the sequence of events. Mr. Rau alleges (with no supporting evidence) that the seller terminated the contract prior to the October 2018 breach of Mr. Rau and his co-Defendants, which is also untrue (Exhibit C).

The Plaintiff will first address the Motion for Judgment on the Pleadings itself and ask for a judgment in his favor and against Defendant Rau for US $334,000 plus prejudgment interest, costs, and fees, based on his Breach of Contract cause of action.

**PLAINTIFF'S RESPONSE TO DEFENDANT JEFF RAU'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

### Facts as Pled Supporting the Breach of Contract

The facts as pled supporting the Breach of Contract, as well as further facts as pled supporting a breach of the contract based on two repudiation events, are in Exhibit A, and the Elements required for a judgment in favor of Plaintiff in Exhibit D.

### Plaintiff's Request for a Judgment on the Pleadings in his Favor Against Defendant Jeff Rau

The Plaintiff respectfully disagrees with Mr. Rau with respect to the issue of whether the Plaintiff has successfully stated a claim. With regard to the Plaintiff's Cause of Action for Breach of Contract, the Plaintiff avers that the facts (Exhibit A) and elements (Exhibit D) for a judgment based on Breach of Contract are established and in place. The Plaintiff accepts Mr. Rau's elements for breach of contract, which are the same for California and more generally in the 9th Circuit: "(1) the existence of a contact; (2) Plaintiff's performance of the contract or excuse for non-performance; (3) Defendant's breach of the contract; and (4) the resulting damages to Plaintiff." (MfJoP, p. 5, and hornbook law)

The elements for a judgment in Plaintiff's favor against Mr. Rau are all here in the pled facts (for at least the US $334,000 of payments that Mr. Rau and the rest of his Defendants were required to make to the Plaintiff after the closing in October 2018, plus interest and costs). The Plaintiff would have received those payments had Mr. Rau and his co-Defendants honored the signed closing Contract. Given that the twenty-two defendants all collectively breached (including Mr. Rau) he must pay the resulting damages. All defendants that banded together in partnership have joint and several liability in this instance. In Exhibit D, the Plaintiff further demonstrates that the required elements for breach of contract are there as pled (Exhibit A).

The Plaintiff could also argue that the October 2018 actions of Mr. Rau, Mr. Crowe, and their co-defendants were a repudiation of the contract, and that the March 2019 and April 2019 actions of Mr. Madden, Mr. Rau, Mr. Crowe et al. (AC ¶47, ¶48, ¶49, and ¶50) were a further repudiation of the contract, but the Plaintiff believes that the vanilla breach of contract argument is the most clear and persuasive.

Therefore, for the reasons stated above, the Plaintiff respectfully requests that this Court order a judgment in his favor and against Defendant Mr. Rau for the US $334,000 in the contract, plus pre-judgment interest and fees. "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (quoting *Dunlap v. Credit Prot. Ass'n, L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). The Plaintiff will email his requested draft order to the Clerk of the Court, cc-ing Mr. Rau's attorneys, later this week when this response arrives at the Court and is docketed, in the hopes that it is useful for the Court. Mr. Rau should not be in any way surprised by this award, since he was aware of the contract and a party to it, promising to pay the Plaintiff that sum in 2019 and 2020 (AC ¶6, ¶21, ¶22, ¶24, ¶25, Exhibit A to original Complaint).

### Summary and Conclusion

In summary, for the procedural and legal reasons stated above (citing California laws and procedures that this Court is not bound by, and having waived affirmative defenses not cited in his Answer), the Plaintiff had respectfully asked the Court to deny the relief requested by Mr. Rau (dismissal of the complaint or the posting of a bond as security). The Plaintiff also illustrated how the facts as pled are also sufficient to establish that he has colorable claims against Mr. Rau and his

13

**PLAINTIFF'S RESPONSE TO DEFENDANT JEFF RAU'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

co-Defendants, especially under the fairly light requirements of Fed R. Civ. P. Rule 8(a), and this provides further foundation for said request.

The Plaintiff was not opposed to a Judgment on the Pleadings, though, if one could be established in his favor. The Plaintiff demonstrated that the pled facts (Exhibit A), logic, and the laws of this district support a judgment in his favor, as the four legally-required elements for breach of contract are all present (Exhibit D) and properly pled. The Plaintiff presented detailed support from the pled facts, which the parties have agreed to accept for the purposes of the Court's decision on the Pleadings, to prove that a judgment in his favor is just and warranted. Therefore, the Plaintiff respectfully requested that the Court order such a judgment against Mr. Rau and in his favor.

RESPECTFULLY SUBMITTED on June 12th, 2021

_____
CARL A. WESCOTT, *pro se*