UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL WESCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID CROWE, et al.,<br><br>    Defendants. | Case No. 20-cv-06456-JD<br><br>**ORDER RE MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 87, 89 |

Pro se plaintiff Carl Wescott has sued defendants David Crowe, Mike Lyonette, Jeff Rau, Colin Ross, Brad Malcolm, and Michael Jimenez on several California state law claims arising out of a contract to fund the purchase of a resort property in Nicaragua. Dkt. No. 82. Although all defendants are represented by the same counsel, they filed two separate motions to dismiss the second amended complaint (SAC) that presented nearly identical arguments. One was filed by Rau and was styled as motion for judgment on the pleadings, Dkt. No. 87,[1] and the other was filed on behalf of the remaining defendants under Rule 12(b)(6), Dkt. No. 89. The parties' familiarity with the record is assumed. The motions are granted in part. The Court declines the requests for judicial notice, Dkt. Nos. 86 and 88.

The Court has serious concerns about the fact that the Judicial Council of California has declared Wescott to be a vexatious litigant. Even so, this determination does not automatically import into federal court. To be sure, a party's "pattern of state court litigation" is germane to the

---

[1] It is unclear to the Court why one motion was filed as a 12(c) motion and the other as a 12(b)(6) motion, but the standard is the same, and the Court treats the motions together. *See Friends of Gualala River v. Gualala Redwood Timber, LLC*, No. 20-CV-06453-JD, 2021 WL 4053413, at *1 (N.D. Cal. Aug. 3, 2021) ("Rule 12(c) and Rule 12(b)(6) motions are functionally identical, and so the standards for a Rule 12(b)(6) motion apply to a Rule 12(c) motion.") (citing *Gregg v. Hawaii*, 870 F.3d 883, 887 (9th Cir. 2017)).

1    question of vexatiousness in federal court, but the Court presently does not have a record before it

2    that might warrant a similar declaration here. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761

3    F.3d 1057, 1062-66 (9th Cir. 2014). Consequently, defendants' arguments for dismissal or a bond

4    on the basis of vexatiousness are declined at this time. The Court may revisit this conclusion as

5    developments in the litigation warrant.

6        Although the SAC is not always clear, pro se pleadings are liberally construed, *see*

7    *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the SAC contains enough facts to plausibly allege

8    a claim against Crowe and Lyonette for breach of the Settlement Agreement dated August 11,

9    2018, Dkt. No. 82-4.[2] *See Graham v. Wells Fargo Bank, N.A.*, No. 15-CV-04220-JD, 2016 WL

10   2937501, at *2 (N.D. Cal. May 20, 2016) (citing *Commercial Mortg. Co. v. Reece*, 89 Cal. App.

11   4th 731, 745 (2001)). Defendants proffer facts outside of the complaint to the effect that the seller

12   terminated the sale of the resort to Wescott before defendants are said to have breached. Dkt.

13   No. 89 at 6. The evidence may ultimately show that to be true, but the SAC alleges otherwise, *see*

14   SAC ¶¶ 79-91, and the Court accepts those allegations as true at this stage of the case. *Huang v.*

15   *Avalanche Biotechnologies, Inc.*, No. 15-CV-03185-JD, 2016 WL 6524401, at *2 (N.D. Cal. Nov.

16   3, 2016) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). Consequently,

17   the breach of contract claim may proceed against Crowe and Lyonette.

18       The breach of contract claim is dismissed for the remaining defendants. Wescott has not

19   plausibly alleged that a contract existed between himself and Rau, Ross, Malcolm, or Jimenez.

20   Only Wescott, Crowe, and Lyonette, are parties to the Settlement Agreement, *see, e.g.,* Dkt. No.

21   82-4 at 1, and no other contracts are in dispute. The claim is dismissed with leave to amend.

22       For the promissory fraud, promissory estoppel, and negligent misrepresentation claims

23   (Counts 2 through 4), Wescott aptly acknowledged "that more specificity and particularity would

24   be beneficial." Dkt. No. 96 at 14-15. That must be done in the complaint itself, and not in a brief,

25   as Wescott attempted. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The

---

[2] Wescott attached the same agreement to several different filings on the docket, and alternately refers to it as a "funding contract," Dkt. No. 96 at 10, a "sales contract," *id.* at 11, and "closing contract," *id.* at 12, although the document itself is titled a "Settlement Agreement," Dkt. No. 82-4 at 1.

United States District Court
Northern District of California

United States District Court
Northern District of California

Court "may not consider any material beyond the pleadings," such as facts alleged in an opposition brief, in ruling on a Rule 12(b)(6) motion. *Id.* (internal quotations and citations omitted). Wescott may amend the complaint to include additional factual allegations, with an eye toward Rule 9(b)'s pleading requirements for claims sounding in fraud.

For the claims for tortious and negligent interference with contractual relations and intentional and negligent interference with prospective economic advantage (Counts 5 through 8), it may be, as Wescott suggests, that pertinent facts "will emerge after discovery." Dkt. No. 96 at 15. But those facts are not in the complaint as it currently stands, and so these claims are dismissed with leave to amend.

The claim for breach of the covenant of good faith and fair dealing (Count 9) and negligent infliction of emotional distress claim (Count 10) may proceed against defendants Crowe and Lyonette, but are dismissed for the other defendants, because they were not party to the contract, as discussed.[3]

Wescott may file a third amended complaint by February 18, 2021. This will likely be the last opportunity to amend. Failure to meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b). Wescott is advised to keep the amended complaint short and clear. If defendants move to dismiss, they should file a joint brief to the fullest extent possible, and avoid duplicative filings.

**IT IS SO ORDERED.**

Dated: January 28, 2022

JAMES DONATO
United States District Judge

---

[3] Defendants did not suggest that either of these claims should be dismissed for Crowe and Lyonette, *see* Dkt. No. 89 at 13-14.

3