

# Up Close and Personal with Suncadia's Own Jeff Rau

11/12/2020

On the sunny side of the Cascades, 80 miles from downtown Seattle, Suncadia enjoys a well-established and cherished legacy as a unique mountain resort community. We recently caught up with Jeff Rau, named Suncadia's top broker, to get a sense of what really makes the community so irresistible—and he had a lot to say!

CARL A. WESCOTT
8210 E. VIA DE LA ESCUELA
SCOTTSDALE AZ 85258
*in propria persona*
CARLWSOJ@GMAIL.COM
+1 936 937 2688

*Exhibit B*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

CARL A. WESCOTT,

vs.

JEFFREY RAU;

Civil Action No. 3:20-cv-06456-JD

**REQUESTS FOR PRODUCTION
SET 001**

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**PROPOUNDING PARTY: PLAINTIFF CARL WESCOTT**

**RESPONDING PARTY: DEFENDANT JEFFREY RAU**

RFP Set:  RFP 001

Plaintiff Carl A. Wescott (hereafter "Plaintiff") hereby serves the following Requests for Production of Documents on Defendant Jeffrey Rau.

If any analog document is two-sided, a copy of both front and back is required. Digital courtesy copies are requested for all analog documents in a digital delivery, and in fact if a full digital copy can be delivered electronically it will obviate the need for copying and inspection at a physical copier address.

**REQUESTS FOR PRODUCTION SET 001**

1    **<u>ALLEGEDLY PRIVILEGED DOCUMENTS REQUIRE A PRIVILEGE LOG</u>**

2    If there is any claim of attorney-client privilege, work product doctrine, or any other
3    privilege or doctrine made with respect to any document requested, the Plaintiff
     demands a privilege log that identifies each document for which privilege or doctrine
4    is asserted and that gives the following information:

     (a) The contents of the document and the date of preparation and transmission;

     (b) A description of the document with sufficient particularity to show the subject of

     the document described.

     (c) The person(s) writing, sending, and/or initiating each copy of the document,

     including full name, present address, cell phone, and email address;

     (d) The name(s) of the recipient(s), addressee(s), or party/ies to whom any copy of  the

     document was sent, including full name, present address, cell phone, and email

     address;

     (e) Any person(s) receiving each copy of the document,  including full name, present

     address, cell phone, and email address;

     (f) The specific and precise claim of privilege justifying the withholding of each copy

     of the document for which such an assertion is made,  including a full citation of

     statutory law and any case law supporting said asserted privilege;

     (g) The date of each copy of the document, if any, or an estimate of each such date, as

     well as the dates of preparation and sending of each document;

     (h) A statement for the detailed basis for the claim or privilege or doctrine with

     supporting factual and legal bases.

**REQUESTS FOR PRODUCTION SET 001**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**DEFINITIONS**

Unless the context clearly indicates otherwise, the following words and phrases are defined and used herein as follows:

A. "Person" or "entity" means all natural and legal persons such as a human being, corporation, sole proprietorship, partnership, joint venture, association, organization, group, limited liability company, or entity. When reference is made to any person or entity by name the reference shall be deemed to include all of the person's agents, employees, subordinates, or attorneys and the entity's subsidiaries, affiliates, merged, consolidated, or acquired predecessors, divisions and holding or parent companies, including present and former officers, directors, shareholders, agents, employees, accountants and attorneys.

B. "Document" and/or "Documents" and/or "Documentation" means any writing as defined by California Rules of Evidence, including contemporaneous writings and includes, without limiting the foregoing, the original (or copies where the original is unavailable) and any copy which differs in any respect from the original or ether versions of the documents, such as copies containing notations, insertions, or any other variations, of correspondence, letters, memoranda, accounting and financial records, notes, diaries, statements, telegrams, contracts, agreements, drafts, work papers, microfilm, paper and magnetic tapes, computer records, electronic data and email, sound records, charts, computer cards and printouts, minutes, publications, calendars, telephone pads, bulletins, directives, pamphlets, manuals, books, periodicals, photographs, objects or other memorials of any type of personal or telephone conversations or of meetings or conferences, interoffice or intra-office communications, records, reports, studies, estimates, contracts, amendments and addenda to such contracts, agreements, invoices, receipts, ledgers, books of account, journals, statistical records, cost sheets, time sheets, and transaction files. Every writing or recording of every kind or description is to be included, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means, whatever, including but not limited to books, records, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, drafts, notes, correspondence, charts, microfilms, microfiche, plans, notebooks, worksheets, reports, lists, analyses, summaries, ledger accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, check books, canceled checks, check registers, passbooks, bank accountant statements, signature cards, deposit slips, debit memos, credit memos, receipts, contracts, agreements, instruments,

3

**REQUESTS FOR PRODUCTION SET 001**

assignments, applications, offers, acceptances, releases, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, forecasts, photographs, photographic positives and prints, photographic slides or negatives, films, film strips, tapes and recordings, in your possession, custody or control of your counsel, independent public accountants, evaluation consultants, agents, employees or entities acting on your behalf.

C. "Contact" and "Communicate" and "Communication" mean any transmission of words or thought between or among two or more persons, and includes but is not limited to, spoken words, conversations, conferences, discussions, talks and reports, whether transmitted in person or by an electronic device such as telephone, cell phone, telecopier, SMS, MMS, WhatsApp, Zoom, Google Hangout, ftp, application, app, client, server, e-mail, or radio, and documents as defined above. To the extent not already covered above, "Contact", "Communicate" and "Communication" also mean any dissemination of information or transmission or a statement from one person to another, in the presence of another, or remotely, whether by writing, face-to-face, by telephone, mail, personal delivery, orally, via device or transponder, or via subconscious or telepathic cues, drawings, sign language, or by action or conduct.

D. "Describe" shall mean to state the place and date of, and to identify the persons involved in, the act, arrangement, commitment, transaction, oral or written communication, event or occurrence in question, and to state the nature, substance and subject matter of the transaction, communication, event or occurrence in question.

E. "Fact" means every matter, occurrence, act, event, transaction, occasion, instance, circumstance, representation or other happening, by whatever name it is known.

F. "Identify", "Identifying" and "Identified" as used herein shall be read to require a statement of all of the following information relative to such when used in connection with a verbal communication or any communication:
(i) the date of that communication;
(ii) identify the persons who were parties to that communication and/or who participated
(iii) identify the persons who were witnesses;
(iv) state whether that communication was face-to-face and/or over the telephone, and if face-to-face describe and state the location of that communication; and
(v) the location of each party at the time
(vi) the person's prior positions, occupations, titles and employers.

4

**REQUESTS FOR PRODUCTION SET 001**

G. "Identify" when used in reference to any natural person (Le., human being), means to state:

(i) the person's full name;

(ii) present or last known business and residence addresses;

(iii) present (or last known) occupation(s); and

(iv) name of present or last known employer(s) and

(v) job description

(vi) cell phone and email addresses

(vii) title

H. "Identify" when used in reference to a business or entity other than an individual, means to state:

(i) its full name;

(ii) its present or last known address; and

(iii) its present or last known telephone number.

(iv) principal place of business or other activity;

(v) date of formation and place;

(vi) names of any predecessor or successor corporation/business entities;

(vii) nature or type of entity;

(viii) principal business or other activity;

(ix) its directors;

(x) its owners or shareholders or option holders;

(xi) its attorneys and accountants if available;

(xii) its nominal and beneficial owners.

I. "You", "Your" or "DEFENDANT" means every individual party, current and past, which includes Your agents, employees, attorneys, accountants, investigators, entity, brokers, servants, former employees or former agents, investigators, related parties and your representative(s) and anyone else acting on your behalf.


**INSTRUCTIONS**

1. In answering these requests, you are required not only to provide documents within your care, custody or control but also which are in the care, custody or control of your attorneys or investigators or anyone else working on your behalf, including those working for you in any capacity, legal or not.

5

**REQUESTS FOR PRODUCTION SET 001**

2. All information and documents are to be divulged that is in the possession of DEFENDANT or corporate party, his/her attorneys, investigators, agents, employees or other representatives of DEFENDANT, including any paralegals or investigators working for Plaintiff who you've hired.

3. This Request calls for all information and documents as is known or reasonably available to DEFENDANT, or others acting on behalf or under DEFENDANT's direction or control, not merely such information as is known of DEFENDANTs own personal knowledge.

4. The documents produced must be complete and accurate reproductions of the originals. If multiple copies of a document are in your possession and some contain markings or notations, the marked and notated documents are separate documents and separately responsive hereunder.

---

**REQUEST FOR PRODUCTION 1**

All documents concerning/related to Carl Wescott.

**REQUEST FOR PRODUCTION 2**

All documents concerning/related to Seaside Mariana.

**REQUEST FOR PRODUCTION 3**

All liability policies from July 1st, 2016 to the present under which the DEFENDANT is an insured or additional insured. Without limitation of the foregoing, this would include:

(a)     E&O policies;
(b)     D&O policies
(c)     General Liability policies;
(d)     Homeowner's policies;
(e)     Personal umbrella policies.

**REQUESTS FOR PRODUCTION SET 001**

1

**REQUEST FOR PRODUCTION 4**

2

3

All bonds, from July 1st, 2016 to the present under which the DEFENDANT is an obligee (or which cover the DEFENDANT's actual or alleged defalcations) including, without limitation of the foregoing:

4

(a)      All surety bonds;

(b)      All fidelity bonds;

5

(c)      All bonds required by law to maintain professional licensures or authority to conduct business.

6

**REQUEST FOR PRODUCTION 5**

7

All documents for any loan the DEFENDANT has applied for since July 1st, 2016.

8

**REQUEST FOR PRODUCTION 6**

9

10

For requests 1 through 5, identify each person who may have knowledge and/or have viewed and/or may have further documents or communications (in enumerated list format 1 to 5, sublists, all relevant persons).

11

12

RESPECTFULLY SUBMITTED on Friday, June 11th, 2021

13

14

15

*Carl A. Wescott*

Carl A. Wescott, *pro se*

16

17

18

19

20

21

22

23

24

25

26

7

**REQUESTS FOR PRODUCTION SET 001**

1  H. Troy Romero, CBN #224867
   ROMERO PARK, P.S.
2  16935 W. Bernardo Drive, Suite 260
   San Diego, CA 92127
3  Email: *tromero@romeropark.com*
   Telephone:  858-592-0065
4
5  *Attorneys for Defendant Rau*

6

7                **UNITED STATES DISTRICT COURT**
                **FOR THE DISTRICT OF CALIFORNIA**
8                       **NORTHERN DISTRICT**

9

10 Carl A. Wescott,                          No:  3:20-cv-06456-JD

11              Plaintiff,
                                             DEFENDANT JEFF RAU'S RESPONSES
                     vs.                     TO REQUESTS FOR PRODUCTION
12                                           SET 001

13 David Crowe; Mike Lyonette;
   Thomas P. Madden; Taylor Collins; Jeff Rau;
14 Darrell Bushnell; Amy Bushnell;
   Peter Tierney;  Kathy Fettke; Susie Yee;
15 Norman Davies; Claire Davies; Sandra Winfrey;
   Brian Putze; Colin Ross; Brad Malcolm;
16 Michael Jimenez; Gustavo Varela; Robert
   Crowe; Bernadette Brown; Federico Gurdian;
17 Terencio Garcia,  Does 1 through 50,

18              Defendants.

19

20  **PROPOUNDING PARTY:      PLAINTIFF CARL A. WESCOTT**
21
22  **RESPONDING PARTY:       DEFENDANT JEFF RAU**

23  **REQUESTS FOR ADMISSION: SET 001**

24      Defendant Jeff Rau hereby responds to Plaintiff Carl A. Wescott's Requests for Production,
25 Set 001, as follows:

26                     **PRELIMINARY STATEMENT**

27      Responding Party's responses to Propounding Party's request for production of documents
28 are at all times subject to additional or different information that discovery or further investigation

may disclose and, while based on this present state of Responding Party's recollection, are subject to refreshing of recollection with such additional knowledge or facts that may result from further discovery and investigation. Responding Party reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to Propounding Party's notice to produce documents that are discovered subsequent to the date of these responses, including, but not limited to, any information obtained in discovery herein.

Responding Party reserves all objections or other questions as to the confidentiality, relevancy, materiality, privilege or admissibility as evidence, in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, of these responses and any documents or things identified in these responses.

Responding Party reserves the right to object on any ground at any time such other or supplemental notice to produce documents as Propounding Party may at any time propound involving or relating to the subject matter of this notice to produce documents.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. By responding to this notice to produce documents, Responding Party does not waive any objections which would warrant exclusion of evidence if interposed at time of trial or arbitration.

The information set forth in these responses to the notice to produce documents was obtained from persons currently in the employ of the Responding Party or, in the alternative, was gathered by counsel for the Responding Party on his behalf.

## GENERAL OBJECTIONS

As to each category, a diligent attempt and reasonable inquiry has been made to present a full and complete response. Responding Party has not yet completed his investigation of the facts relating to this action, discovery or preparation for trial. Accordingly, Responding Party's specific responses are submitted without prejudice to the right to introduce subsequently discovered information omitted as a result of good faith oversight. No response will be made which is subject to the attorney-client, trade secret, work-product, and/or any other applicable privilege. As to those matters, objection is hereby made and will be made and will be made at all future points in time. This general response is fully incorporated by reference into each of the following specific responses.

Responding Party objects to the propounded discovery on the following grounds, which general grounds shall be deemed incorporated into each of the following responses. Responding

Party submits these responses without waiver of the following general objections:

1.      To the extent the propounded discovery may be construed as requesting more detail, or to the extent Propounding Party contends Responding Party's responses are inadequate or incomplete, Responding Party objects on the grounds that any further responses at this time would be unduly burdensome, oppressive and require a degree of completeness not required by law.

2.      To the extent the propounded discovery request asked Responding Party to provide information concerning the legal basis regarding his defense of this matter, Responding Party objects on the grounds the Request for Production of Documents impermissibly call for mental impressions, conclusions, opinions and/or legal theories of Responding Party's attorneys.

3.      Responding Party also objects to the extent the propounded discovery calls for information protected by the attorney-client privilege and/or work-product doctrine.  In that regard, Responding Party will endeavor to provide that information which is not otherwise so privileged.

4.      Responding Party further objects to the extent that the propounded discovery seeks information the disclosure of which would violate the privacy rights of Responding Party and/or third parties.

5.      Responding Party further objects to the extent that the propounded discovery seeks information which is the trade secret of Responding Party and/or third parties, and/or otherwise constitutes confidential information, protected from disclosure by California and/or federal law.

6.      Responding Party objects to the propounded discovery on the grounds that it attempts to unfairly restrict the facts on which Responding Party may rely at trial or arbitration. Discovery has not been completed and Responding Party is not yet necessarily in possession of all the facts and documents upon which he intends to rely.  All of the responses submitted herewith are tendered to Propounding Party with the reservation that the responses are submitted without limiting evidence on which Responding Party may rely to support the contentions which Propounding Party may assert at the trial or arbitration of this action.  Further, Responding Party reserves the right to supplement or amend these responses at a future date if same is deemed appropriate.

7.      Responding Party objects to the propounded discovery on the grounds that it is compound, vague, overbroad and unreasonably burdensome.

8.      Responding Party objects to the propounded discovery to the extent that it requires a continuing response or requires Responding Party to provide any information beyond the original

1  date the responses are due to the Propounding Party.

2       9.    Nevertheless, without waiver of, without prejudice to, and expressly hereby

3  reserving all of the foregoing general objections, Responding Party submits the following

4  responses to Propounding Party's Demand for Documents, Set One.

5

6  ### RESPONSES TO REQUESTS FOR PRODUCTION

7  ### REQUEST FOR PRODUCTION NO. 1

8  All documents concerning/related to Carl Wescott.

9  **RESPONSE:**

10  Responding Party incorporates the General Objections set forth above. Responding Party further

11  objects to this Request on grounds the Request is vague, ambiguous, overly broad, and unduly

12  burdensome. Without waiving these objections, Responding Party responds as follows: After a

13  diligent search, Responding Party was unable to locate any documents responsive to this Request.

14

15  ### REQUEST FOR PRODUCTION NO. 2:

16  All document concerning/related to Seaside Mariana.

17  **RESPONSE:**

18  Responding Party incorporates the General Objections set forth above. Responding Party further

19  objects to this Request on grounds the request is vague, ambiguous, overly broad and unduly

20  burdensome. Responding Party further objects on grounds the Request is vague and ambiguous

21  given its use of the words Seaside Mariana. Without waiving the foregoing objections, documents

22  responsive to this request will be produced at a mutually agreeable time, place, and manner

23  pursuant to entry of a mutually agreeable Protective Order.

24  ### REQUEST FOR PRODUCTION NO. 3:

25  All liability policies from July 1st, 2016 to the present under which the DEFENDANT is an insured

26  or additional insured. Without limitation of the foregoing, this would include: (a) E&O policies;

27  (b) D&O policies; (c) General Liability policies; (d) Homeowner's policies; (e) Personal umbrella

28  policies.

**RESPONSE:**

Responding Party incorporates the General Objections set forth above. Responding Party further objects to this Request on grounds the request is overly broad and not likely to lead to the discovery of admissible evidence. Without waiving this objection, Responding Party responds as follows: None.

**REQUEST FOR PRODUCTION NO. 4:**

All bond, from July 1st, 2016 to the present under which the DEFENDANT is an oblige (or which cover the DEFENDANT's actual or alleged defalcations) including, without limitation of the foregoing: (a) All surety bonds; (b) All fidelity bonds; (c) All bonds required by law to maintain professional licensures or authority to conduct business.

**RESPONSE:**

Responding Party incorporates the General Objections set forth above. Responding Party further objects to this Request on grounds the request is overly broad and not likely to lead to the discovery of admissible evidence. Without waiving this objection, Responding Party responds as follows: None.

**REQUEST FOR PRODUCTION NO. 5:**

All documents for any loan the DEFENDANT has applied for since July 1st, 2016.

**RESPONSE:**

Responding Party incorporates the General Objections set forth above. Responding Party further objects to this Request on grounds the request is overly broad and not likely to lead to the discovery of admissible evidence. Responding Party further objects to this Request on grounds the request is vague, ambiguous, overly broad, and unduly burdensome. Without waiving this objection, Responding Party responds as follows: None.

**REQUEST FOR PRODUCTION NO. 6:**

For requests 1 through 5, identify each person who may have knowledge and/or have viewed

1  and/or may have further documents or communications (in enumerated list format 1 to 5, sublists,
2  all relevant persons).

3  **RESPONSE:**

4  Responding Party incorporates the General Objections set forth above. Responding Party further
5  objects to this Request on grounds the request is overly broad and unduly burdensome. Responding
6  Party further objects to this Request on grounds the information sought by Propounding Party is
7  equally accessible, or more likely, more accessible to Propounding Party, at least in part.
8  Responding Party further objects as the Request does not seek the production of documents and
9  thus is improper.

10

11

12         RESPECTFULLY SUBMITTED this 16th day of August 2021.

13                    ROMERO PARK P.S.

14                    By: */s/ H. Troy Romero*
15                         H. Troy Romero, CBN #224867

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I, Kathy Koback, certify and declare as follows:

I am a citizen of the United States and a resident of the State of Washington.  I am over the age of 18 years and not a party to the within-entitled cause.  I am an employee with the law firm of Romero Park P.S., whose addresses are 16935 West Bernardo Drive, Suite 260, San Diego, California 92127 and 155 – 108th Avenue NE, Suite 202, Bellevue, Washington 98004, which is located in the county where the mailing described below took place.

On August 16, 2021, at my place of business in Bellevue, Washington, a copy of the attached document described as:

DEFENDANT JEFF RAU'S RESPONSES TO REQUESTS FOR PRODUCTION SET 001

was sent via electronic mail pursuant to the parties' agreement for acceptance of service via electronic mail, and addressed to:

Carl A. Wescott
8210 E. Via De La Escuala
Scottsdale, Arizona 85258
Email: carlwsoj@gmail.com

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: August 16, 2021.

Kathy Koback, Legal Assistant

1

## VERIFICATION

2    **State of California, County of San Francisco**

3     I, Jeffrey Rau, am a party to this action. I have read the foregoing Defendant Jeffrey Rau's

4    Responses to Requests for Production Set 001 and have personal knowledge of its contents.

5     The matters stated in the foregoing document are true of my own knowledge except as to

6    those matters which are stated upon information and belief, and as to those matters, I believe

7    them to be true.

8     I certify and declare under penalty of perjury under the laws of the State of California that

the foregoing is true and correct. Executed on July 28, 2021, at _Cle Elum_, Washington.

9

10

11

12    Jeffrey Rau

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  CARL A. WESCOTT
2  8210 E. VIA DE LA ESCUELA
   SCOTTSDALE AZ 85258
3  *in propria persona*
   CARLWSOJ@GMAIL.COM
4  +1 936 937 2688

5

6  **UNITED STATES DISTRICT COURT**

7  **NORTHERN DISTRICT OF CALIFORNIA**

8  CARL A. WESCOTT,                    Civil Action No. 3:20-cv-06456-JD

9              Plaintiff,              **EXHIBIT D:**

10     vs.                            **SWORN AFFIDAVIT OF**
                                      **CARL WESCOTT**
11
   DAVID CROWE;
12 MIKE LYONETTE;
   JEFF RAU;
13 BRAD MALCOLM;
14 MICHAEL JIMENEZ,

15              Defendants

16

17

18      I, Carl Wescott, hereby swear under penalty of perjury of the laws of California and of the

19 United States of America, that the following facts are true, to the best of my memory, recollection,

20 and belief:

21 1.  I am 54 years old, and a resident of Scottsdale, Arizona.

22 2.  I am competent to testify. Were I to be called to testify in this matter, my testimony would be as

23     follows, and until that point, my written testimony is as such:

24     a.  First, I hereby verify all of the facts in my original (state court) legal complaint as being

25         true.

26

**SWORN AFFIDAVIT OF CARL WESCOTT**

1

b.  I further verify all facts in my Rule 37(d)(2) motion as being true.

3.  Though the Washington licensing site is down today, I previously and recently (2022) verified that Mr. Rau is a licensed Washinton real estate broker on the Washington licensing site/portal.

4.  Everything in my Rule 37(d)(2) motion is true.

5.  I met and conferred with various attorneys for Mr. Rau to try to solve this impasse on multiple occasions, as well as to solve the discovery impasse.

6.  Ultimately, I did get a few dozen emails of the 500+ that Mr. Rau alluded to, but none of the key and core documents to the case.

7.  I'll have to solve that with a Motion to Compel Production of Certain Documents, which I'm partway through writing up and hope to file in the next fortnight or so.

AFFIANT FURTHER SAYETH NAUGHT.

CARL A. WESCOTT
March 10th, 2022

1  H. Troy Romero, CBN #224867
   ROMERO PARK, P.S.
2  16935 W. Bernardo Drive, Suite 260
   San Diego, CA 92127
3  Email: *tromero@romeropark.com*
   Telephone:  858-592-0065
4
                                              *EXHIBIT E*
5  *Attorneys for Defendant Rau*

6

7              **UNITED STATES DISTRICT COURT**
              **FOR THE DISTRICT OF CALIFORNIA**
8                  **NORTHERN DISTRICT**

9
   Carl A. Wescott,
10                                          No:  3:20-cv-06456-JD
                     Plaintiff,
11         vs.                            DEFENDANT JEFF RAU'S RESPONSES
                                          TO REQUESTS FOR ADMISSION
12 David Crowe; Mike Lyonette;
13 Thomas P. Madden; Taylor Collins; Jeff Rau;
   Darrell Bushnell; Amy Bushnell;
14 Peter Tierney;  Kathy Fettke; Susie Yee;
   Norman Davies; Claire Davies; Sandra Winfrey;
15 Brian Putze; Colin Ross; Brad Malcolm;
   Michael Jimenez; Gustavo Varela; Robert
16 Crowe; Bernadette Brown; Federico Gurdian;
17 Terencio Garcia,  Does 1 through 50,

18                     Defendants.

19

20
       **PROPOUNDING PARTY:      PLAINTIFF CARL A. WESCOTT**
21
       **RESPONDING PARTY:        DEFENDANT JEFF RAU**
22
23     **REQUESTS FOR ADMISSION: SET ONE**

24         Defendant Jeff Rau hereby responds to Plaintiff Carl A. Wescott's Requests for Admission,
25 Set One, as follows:
26         These responses are made solely for the purpose of and in relation to this action. Each
27 answer is given subject to all appropriate objections including, but not limited to, objections
28 concerning competency, relevancy, materiality, propriety and admissibility, which would require

the exclusion of any statement contained herein as the request were asked of, or any statement contained herein were made by, a witness present and testifying in Court. Also, objections and grounds therefore are reserved and may be interposed at the time of trial.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that you are part of the Crowe Group.

**RESPONSE:**

Defendant objects to this Request as vague and ambiguous. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you are aware of the contract with Plaintiff.

**RESPONSE:**

Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you supported the contract with Plaintiff.

**RESPONSE:**

Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you wanted to close on the SM purchase in October 2018.

**RESPONSE:**

Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you did NOT want to close on the SM purchase in October 2018.

**RESPONSE:**

Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 6:**

Admit that David Crowe asked you to sign an NDA regarding Carl Wescott and the SM purchase.

**RESPONSE:**

Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 7:**

Admit that David Crowe shared information with you on the SM purchase after August 2018.

**RESPONSE:**

Defendant objects to this Request as vague and overly broad. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you were aware (before it happened) that Thomas Madden was going to approach Kevin Fleming directly in March 2020 on behalf of the Crowe Group.

**RESPONSE:**

Defendant objects to this Request as vague. Further, Defendants objects to the Request as it is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you supported Thomas Madden approaching Kevin Fleming directly (in March 2019) on behalf of the Crowe Group.

**RESPONSE:**

Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

1

2    **REQUEST FOR ADMISSION NO. 10:**

3    Admit that you did NOT support Thomas Madden approaching Kevin Fleming directly (in March

4    2019) on behalf of the Crowe Group.

5    **RESPONSE:**

6    Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to

7    knowledge of the reference.

8

9    **REQUEST FOR ADMISSION NO. 11:**

10   Admit that you supported breaching the contract with the Plaintiff.

     **RESPONSE:**

11   Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to

12   knowledge of the reference.

13

14   **REQUEST FOR ADMISSION NO. 12:**

15   Admit that you supported repudiating the contract with the Plaintiff.

16   **RESPONSE:**

17   Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to

18   knowledge of the reference.

19

20   **REQUEST FOR ADMISSION NO. 13:**

21   Admit that you did NOT support breaching the contract with the Plaintiff.

     **RESPONSE:**

22   Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to

23   knowledge of the reference.

24

25   **REQUEST FOR ADMISSION NO. 14:**

26   Admit that you did NOT support repudiating the contract with the Plaintiff.

27   **RESPONSE:**

28   Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to

knowledge of the reference.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you supported David Crowe negotiating with Kevin Fleming directly (in approximately) April 2019 on behalf of the Crowe Group.

**RESPONSE:**

Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you regularly breach business contracts.

**RESPONSE:**

Deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you do NOT regularly breach business contracts.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Defendants never cancelled the original contract during due diligence, while Defendant could have so (pre-August 2018).

**RESPONSE:**

Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Defendants could have cancelled the original contract at any point up through early August 2018.

**RESPONSE:**

Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the August 2018 closing contract with Plaintiff was valid.

**RESPONSE:**

Defendant objects to this request as it seeks an ultimate conclusion of law, and as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the August 2018 closing contract with Plaintiff was enforceable.

**RESPONSE:**

Defendant objects to this request as it seeks an ultimate conclusion of law, and as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the Defendants were never prevented from performing due to any governmental action or regulation.

**RESPONSE:**

Defendant objects to this request as it seeks an ultimate conclusion of law, and as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the Defendants did not perform their obligations under the contract.

**RESPONSE:**

Defendant objects to this request as it seeks an ultimate conclusion of law, and as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the Plaintiff performed his obligations under the contract (as much as possible).

**RESPONSE:**

Defendant objects to this request as it seeks an ultimate conclusion of law, and as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the Defendants breach the closing contract with Plaintiff.

**RESPONSE:**

Defendant objects to this request as it seeks an ultimate conclusion of law, and as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 26:**

Admit that the Defendants were obligated to pay the Plaintiff US $334,000 in a series of payments beginning at the close in October 2018.

**RESPONSE:**

Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, therefore (RFA24 and RFA26), the Defendants should now be obligated to pay the Plaintiff that same US $334,000 in a series of payments beginning at the close in October 2018.

**RESPONSE:**

Defendant objects to this Request as vague. Without waiving the foregoing objection, deny as to knowledge of the reference.

**REQUEST FOR ADMISSION NO. 28:**

Admit that, during the term of the Contract, Plaintiff fully and continuously performed his contractual obligations.

1

**RESPONSE:**

2

Defendant objects to this request as it seeks an ultimate conclusion of law, and as vague. Without

3

waiving the foregoing objection, deny as to knowledge of the reference.

4

5

**REQUEST FOR ADMISSION NO. 29:**

6

Admit that Plaintiff did not breach the contract.

7

**RESPONSE:**

8

Defendant objects to this request as it seeks an ultimate conclusion of law, and as vague. Without

waiving the foregoing objection, deny as to knowledge of the reference.

9

10

RESPECTFULLY SUBMITTED this 9th day of July 2021.

11

ROMERO PARK P.S.

12

13

By: */s/ H. Troy Romero*
        H. Troy Romero, CBN #224867

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE BY ELECTRONIC MAIL**

2

I, Kathy Koback, certify and declare as follows:

3

I am a citizen of the United States and a resident of the State of Washington.  I am over the

4

age of 18 years and not a party to the within-entitled cause.  I am an employee with the law firm of

5

Romero Park P.S., whose addresses are 16935 West Bernardo Drive, Suite 260, San Diego,

6

California 92127 and 155 – 108th Avenue NE, Suite 202, Bellevue, Washington 98004, which is

7

located in the county where the mailing described below took place.

8

On July 9, 2021, at my place of business in Bellevue, Washington, a copy of the attached

document described as:

9

10

DEFENDANT JEFF RAU'S RESPONSES TO REQUESTS FOR ADMISSION

was sent via electronic mail pursuant to the parties' agreement for acceptance of service via

11

electronic mail, and addressed to:

12

Carl A. Wescott

13

8210 E. Via De La Escuala
Scottsdale, Arizona 85258

14

Email: carlwsoj@gmail.com

15

16

I certify and declare under penalty of perjury under the laws of the State of California that

17

the foregoing is true and correct.

18

DATED: July 9, 2021.

19

20

Kathy Koback, Legal Assistant

21

22

23

24

25

26

27

28

     **Carl Wescott <carlwsoj@gmail.com>**

---

# Three (3) exhibits (Was: Re: deposition of Mr. Rau on Tuesday, October 12th, in the am, @ Romero Park PS in Bellevue - formal notice for 9 am )

1 message

**Carl Wescott** <carlwsoj@gmail.com>                                    Sat, Oct 16, 2021 at 8:33 AM
To: Carl Wescott <carlwescott2020@gmail.com>, Justin Park <jpark@romeropark.com>, Kathy Koback
<kkoback@romeropark.com>, Troy Romero <TRomero@romeropark.com>, Matthew Coughlan
<mcoughlan@romeropark.com>

+1Here are the three (3) exhibits, for as far as we got:

(Before we determined that there were at least dozens, possibly hundreds of documents that were responsive to my original RFP request and that we should suspend the deposition and start the deposition when I receive those documents and can question Mr. Rau about some of those)

--CAW  +1 936 937 2688


On Sat, Oct 16, 2021 at 7:21 PM Carl Wescott <carlwsoj@gmail.com> wrote:
Hello Mr. Park, Ms. Koback, Mr. Coughlan, and Mr. Romero:

Attendees for the deposition were Mr. Rau (Defendant), Mr. Park (Mr. Rau's attorney), Mr. Alex Shiu (videographer), and Carl Wescott (Plaintiff).

Date was October 12th, 2021

There were 4 sub-parts on the record:

1. 9:08 am to 9:29 am (21 minutes)
2. 9:33 am to 9:54 am (21 minutes)
3. 9:55 am to ??:??
4. 10:42 am to 10:43 am (1 minute)

I failed to record the ending time (apologies) when we went off the record on part 3.

I'll get it from the videotape later and update.

For now, I'm assuming part 3 was around 15 minutes, and we used just under an hour so far.

--CAW  +1 936 937 2688

On Mon, Oct 11, 2021 at 10:51 AM Carl Wescott <carlwsoj@gmail.com> wrote:

---------- Forwarded message ---------
From: **Carl Wescott** <carlwsoj@gmail.com>
Date: Thu, Sep 23, 2021 at 9:00 AM
Subject: deposition of Mr. Rau on Tuesday, October 12th, in the am, @ Romero Park PS in Bellevue - formal notice for 9 am - is slightly later better for Mr. Rau?
To: Kathy Koback <kkoback@romeropark.com>
Cc: Troy Romero <TRomero@romeropark.com>, Matthew Coughlan <mcoughlan@romeropark.com>, Carl Wescott <carlwescott2020@gmail.com>


Ms. Koback, I'm taking you up on your offer, thanks (for the conference room, and to do the deposition at the Romero Park PS offices in Bellevue.



Dear Mr. Park,

The purpose of this correspondence is to try to constructively resolve your client's admitted failure to produce relevant documents in advance of his deposition along with his false, if not perjurious, attestations that no such documents (in several categories) existed.

At the actual deposition, your client then admitted under oath that he did have many many documents (in many categories) responsive to the propounded discovery.

I commend you for your cooperation during the deposition and for your candour in conceding the relevant discovery violations.

While your cooperation is a factor in mitigation, it does not diminish the seriousness of the violation in this case.

Now, Mr. Coughlan, on behalf of Mr. Rau, has made it clear that those two parties both refuse to produce the documents Mr. Rau admitted exist under oath. Mr. Rau has had no computer failures and attested to having all his files, digital and not..

So, Mr. Coughlan and Mr. Park:

As you are aware, the Court can impose sanctions pursuant to Rules 37 (5) (A) and 30 (4) (B) (2). The Court may also impose terminating sanctions under Rule 37 (b) (2) see *Dreith v. NU Image, Inc.,* 648 F.3rd 779, 787 9th Cur. 2011).

Sanctions may also be imposed pursuant to Rule 16 (f) (failure to comply with a scheduling Order) *Regal Refuse Systems v. Inland Security Marina*, 842 F.2nd 159, 154 (6th Cir. 1988), *Resolution Trust Corp. v. Williams*, 165 FRD 639, 642 (D. Kansas 1996).

Relatedly, Rule 26 (g) specifically applies to permit sanctions for false certifications of the type provided here. *Jones v. Illinois Central RR Co.*, 617 F.3rd 843, 854 (6th Cir. 2010).

Finally, the Court has inherent authority to control its docket and may utilize that authority to punish discovery abuses. *Chambers v. NASCO*, 501 US 32, 43-46 (1991).

Clearly there has been ongoing, serious, persistent discovery abuse in this case by Mr. Rau and just as clearly there are many - sharp - tools in the judicial toolkit to deal with such abuse.

Permit me to add that the burden of proving mistake or inability to comply is on the non-complying party. Regal Refuse. So, I would have no burden of proof that the noncompliance in this case was not excusable or inadvertent.

At a bare minimum, I am confident that the Court would order the re-taking of your client's deposition at your client's expense and re-setting the deposition clock at zero.

I'm not an attorney but comparing your and your client's rampant and blatant discovery abuse with that of many parties that were sanctioned (financially) for far less, and punished in other ways, it's clear to me that Mr. Rau is now in an extremely poor position in many ways.

I just flew 40 hours and invested not only significant time but also, to me, significant money in airfare, a hotel night, Ubers, a videographer, and other expenses, only to find that Mr. Rau had been lying over and over again and concealing the very documents I wished to ask him questions about in the deposition.

    1) Clearly, the deposition clock should be re-set at zero for Mr. Rau. Do you agree?

Clearly, Mr. Rau should have to pay all relevant expenses for the next half-day deposition… though since you're refusing to produce documents that Mr. Rau admitted the existence of under oath, I'm not sure there will be more deposition time for Mr. Rau.

Given that,

    2) Will Mr. Rau pay/reimburse my reasonable expenses related to this past deposition?

If the answer is yes, I'll submit my expenses for your and his review next Monday or so, and we can figure out what's fair next week.

Thank you for your consideration of these points and authorities respectfully submitted for your review.

_A. Wescott_
10/20/2021