H. Troy Romero, CBN #224867
ROMERO PARK, P.S.
16935 W. Bernardo Drive, Suite 260
San Diego, CA 92127
Email: tromero@romeropark.com
Telephone:  858-592-0065

*Attorneys for Defendants Crowe, Lyonette,
Rau, Malcolm, and Jimenez*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CALIFORNIA
NORTHERN DISTRICT**

| | |
|---|---|
| Carl A. Wescott, | No:  3:20-cv-06456-JD |
| Plaintiff, | |
| vs. | MOTION TO DISMISS THIRD AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT |
| David Crowe; Mike Lyonette; Jeff Rau; Brad Malcolm; Michael Jimenez; | |
| | Hearing Date: April 28, 2022 |
| Defendants. | Hearing Time: 10:00 a.m. |
| + Does 1 through 50, | Courtroom: 11 |
| | Judge: Hon. James Donato |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON Thursday, April 28, 2022 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants David Crowe, Mike Lyonette, Jeff Rau, Brad Malcolm, and Michael Jimenez's ("Defendants") Motion to Dismiss Third Amended Complaint will come on for hearing.

The Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") on the grounds that the Third Amended Complaint fails to state a cause of action against Defendants. This Motion to Dismiss ("Motion") is supported by the following Memorandum of Points and Authorities, the Court's entire file in this matter, and any oral argument that the Court may wish to hear.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

After this Court issued its January 28, 2022, Order re Motions to Dismiss, dismissing most of Plaintiff's claims, Docket No. 104 (the "Order"), it gave Plaintiff a final attempt to correct his deficient allegations. (Order 3:14-15). This is Plaintiff's Fourth Complaint; and, thus, the fourth time Defendants have filed for dismissal of Plaintiff's Complaint. After filing the first time in the U.S. District Court for Arizona, the Court transferred the matter to this Court as the Arizona Court did not have jurisdiction. Once transferred, Defendants filed a second time on Plaintiff's Amended Complaint; however, before the motion was ruled upon, Plaintiff amended his complaint yet again. Plaintiff's Second Amended Complaint merely added three new causes of action; he did not add any facts that could establish his claims against Defendants. Now, in his Third Amended Complaint ("TAC"), Plaintiff still has failed to establish his causes of action with any validity. He merely added several conclusory statements with false allegations. The rest of his convoluted pleading remains unchanged from its previous version.

Plaintiff violated this Court's Order in two ways: 1) Plaintiff did not keep the TAC "short and clear" (Order 3:16-17); and 2) Plaintiff did not file the TAC by February 18, 2022 (Order 3:14-16). Each of these violations, alone, justify a dismissal of the TAC.

As Defendants have brought to this Court's attention, Plaintiff is a Vexatious Litigant. He has brought many lawsuits in the state of California (including this Court, as well as at least several dozens in other states – including, at last count, 38 lawsuits in the Maricopa County Superior Court, the originating Court for the case at Bar) many of which have been dismissed as meritless. Plaintiff tried to do an end run around the prohibition against him suing people in California without complying with the requirements of being on the Vexatious Litigant list by suing all of the

Defendants in Arizona.[1] However, the U.S. District Court in Arizona correctly transferred venue of this case to this Court in California and now Plaintiff is subject to California's rules and laws, including compliance with the Vexatious Litigant policies and procedures, which he has not followed.

In its Order, this Court expressed its concern with Plaintiff's status as a Vexatious Litigant. (Order 1:22-23). While it noted it was not beholden to the state of California's procedures regarding vexatious litigants, this Court held it could revisit the issue as the case warrants. (Order 2:4-5). Plaintiff's blatant refusal to comply with the Court's Order and his continued attempts to file meritless claims against Defendants justifies placing Plaintiff onto the vexatious litigant list for this Court. Plaintiff Carl Wescott continues to use this Court not as an avenue to pursue justice, but rather as a means to intimidate Defendants into paying him monies he does not deserve for wrongs they did not commit. He will continue to do so unless this Court acknowledges his status, as the California state courts have done, as a vexatious litigant and classifies him as such.

## STATEMENT OF FACTS

In the case at bar, Plaintiff alleges that he is an experienced international real estate developer, with a focus on residential developments in Latin America. (TAC, ¶14.) Plaintiff also alleges that he entered into a contract to purchase property commonly known as Seaside Mariana ("Resort"), located in Nicaragua ("Purchase Contract"), as an investment property, with the intention of improving the Resort and, in turn, selling it to make a profit. (TAC, ¶¶17-24.) The Purchase Contract was between Plaintiff (as buyer) and someone who is **not** a Defendant in this Lawsuit (as seller). Plaintiff further alleges that after he entered into the Purchase Contract, he then entered into the subject contract with Defendants in August 2018 to fund his purchase of the Resort ("Funding Contract"). (TAC, ¶¶26-27.) According to Plaintiff, in exchange for entering into the Funding Contract, Defendants were to receive the land owned by the Resort, which was to be transferred to Defendants as the consideration for the Funding Contract. (TAC, ¶26.).

---

[1] Plaintiff filed over 20 lawsuits in Arizona within a matter of just a few months of the instant case.

Yet, as alleged by Plaintiff himself, the **only** individuals who were a party to the Funding Contract were Defendants David Crowe and Mike Lyonette. (TAC, ¶46[2]; Complaint, Dkt. No. 84-2,). Regardless of who the parties to the Funding Contract were, that contract became null and void once the seller terminated the Purchase Contract for the Resort. The closing on the purchase of the Resort never happened. As a result, the Funding Contract became obsolete as there were no funds needed for a sale that was cancelled.

## LEGAL STANDARDS

### A.   RULE 12(b)(6) STANDARD

A complaint should be dismissed if it appears beyond doubt that a plaintiff can prove no set of facts in support of a claim which would entitle the plaintiff to relief. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th 2000). In considering a motion to dismiss for failure to state a claim, all factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the non-moving party. *Rhodes v. Robinson*, 408 F.3d 559, 563 (9th 2005). However, legal conclusions or characterizations in a complaint do not preclude dismissal merely because they are cast in the form of factual allegations, as such conclusions or characterizations are not entitled to a presumption of truthfulness. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th 2004).

While much can be written about the standard this Court should employ in evaluating this motion to dismiss it can be succinctly stated as, "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). The TAC does not meet this standard and must be dismissed.

//
//
//

---

[2] The Funding Contract is attached to the TAC, as Ex. D. The Funding Contract is the contract at issue, and it **clearly** states that only two of the Defendants were signers to the Funding Contract!

# ARGUMENT

### A.   THE TAC SHOULD DISMISS BECAUSE PLAINTIFF FAILED TO FILE IT ON TIME.

This Court gave Plaintiff a strict deadline to file his Third Amended Complaint; he missed the deadline. The Court ordered Plaintiff to file his amended pleading by February 18, 2022. (Order 3:14). The Order advised Plaintiff "[f]ailure to meet this deadline **will result in dismissal with prejudice** under Federal Rule of Civil Procedure 41(b)." (Order 3:15-16) (emphasis added). Plaintiff did not electronically serve Defendants, through counsel, until after business hours on February 22, 2022, and the TAC was not filed with this Court until February 24, 2022. Plaintiff violated this Court's Order.

FRCP 41(b) grants a trial court discretion to dismiss a case if the plaintiff fails to prosecute or to comply with these rules or a court order; a defendant may move to dismiss the action or any claim against it. Courts interpret this rule to require federal actions be prosecuted with reasonable diligence. *See Television Signal Corp. v. City & Cty. of S.F.*, 193 F.R.D. 645, 647 (N.D. Cal. 2000). Courts recognize the leniency afforded to pro se litigants must "yield to prejudice suffered by courts and other parties." *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (*citing Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992)). In *Ferdik*, the Ninth Circuit Court of Appeals ruled the district court did not err in dismissing a pro se plaintiff's case when the plaintiff failed to timely file the second amended complaint, was given guidance on how to file the complaint, and the case had dragged on for over a year and half, capturing an excessive amount of the court's time that could have been used on other important cases. *Id*.

All the factors considered by the Court in *Ferdik* are present in this litigation. This Court should also weigh these factors through the lens of Plaintiff's status as a Vexatious Litigant in California state courts and has a habit of wasting courts' time with frivolous lawsuits. Plaintiff has had multiple opportunities and closing in on two years to bring a valid lawsuit. Now, after being warned by this Court, Plaintiff filed his TAC late! While generally courts are encouraged to pursue alternatives to dismissal with prejudice, this is *not* so when a court has warned a plaintiff

that failure to obey a court's order could result in such an outcome. *Malone v. United States Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987). In this matter, the Order itself warns Plaintiff regarding the consequences of failing to timely file the TAC: "Wescott may file a third amended complaint by February 18, 2021." (Order 3:14.) There is no ambiguity in the Order. Still, Plaintiff failed to abide by it. For this reason, this Court should dismiss the TAC.

> **B.  THE TAC SHOULD BE DISMISSED AS PLAINTIFF IS A VEXATIOUS LITIGANT.**

On May 1, 2017, Plaintiff was placed on the Vexatious Litigant List which is held and maintained by the Judicial Council of California. Pursuant to Cal. Civ. Proc. Code §§ 391 et seq., a vexatious litigant is prohibited from filing suit in the State of California without first obtain court permission. The Funding Contract clearly required that the lawsuit be filed in California. (TAC, Ex. D, Article II, ¶3.) Plaintiff knew that if he followed the exclusive jurisdiction provision in the Funding Contract his complaint would be dismissed as he is a Vexatious Litigant. Instead, he attempted to make an end run around this law by filing his case in Arizona (which he **knew** he was not allowed to do but did anyway – textbook behavior of a vexatious litigant). Obviously proper jurisdiction was in California, which is why Defendants had to go through the procedural hassles (time and cost) of transferring this case first to the District Court of Arizona and thereafter having it removed to this Court.

In the Court's Order, it warned Plaintiff it could revisit the issue of vexatiousness as "developments in this litigation warrant." (Order 2:4-5). Federal courts possess the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Delong v. Hennesey*, 912 F.2d 1144, 1147 (9th Cir. 1990). An examination of the TAC and its attached exhibits reveal Plaintiff never would be able to amend the deficiencies in his pleadings and is merely trying to throw everything at the wall hoping something sticks. He should not continue to get opportunities to do so.

This Court can and should dismiss this case as Plaintiff's Third Amended Complaint has no merit and was filed for the purpose of harassment and bullying Defendants into paying him money

for non-existent claims. Plaintiff is a Vexatious Litigant and there is no reasonable probability that Plaintiff will prevail. This Court should order Plaintiff to post a security, which will compensate all Defendants once they defeat these spurious claims. Should Plaintiff fail to post the security, then this case must be dismissed immediately. *Taliaferro v. Hoogs (*Cal. App. 1st Dist. Sept. 15, 1965).

### C. THE TAC SHOULD BE DISMISSED UNDER RULE 12(b)(6) AS PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO SUPPORT ANY OF HIS CLAIMS.

The Court should dismiss the Third Amended Complaint as Plaintiff did not correct the defects in the Second Amended Complaint. Plaintiff can never bring forward valid breach of contract claims against the non-signatory Defendants because they were never parties to the Funding Contract! Further, the tort claims against all Defendants are meritless as the entire premise of Plaintiff's tort claims are that the Purchase Contract sale did not close – but none of the Defendants were parties to the Purchase Contract and had no involvement in the decision to not go forward with the purchase and sale of the Resort – that was exclusively between the seller and purchaser (Plaintiff) under the Purchase Contract.

#### 1. Elements for Breach of Contract Are Not Established.

The essential elements to be plead in an action for breach of contract are (1) the existence of a contract; (2) Plaintiff's performance of the contract or excuse for non-performance; (3) Defendant's breach of the contract; and (4) the resulting damages to Plaintiff. *Lortz v. Connell* (1969) 273 Cal. App. 286, 290.

Plaintiff claims the Funding Contract was breached. While not true, it does not matter vis-à-vis all Defendants except Defendants David Crowe and Mike Lyonette, as they are the only two signatories to it. Therefore, Plaintiff cannot enforce this contract as to Defendants Jeff Rau, Brad Malcolm, and Michael Jimenez ("Non-signatory Defendants") and all breach of contract claims against them must be dismissed.

Plaintiff tried to rectify the Court's dismissal of Plaintiffs claims against the Non-signatory Defendants by alleging that Defendants Crowe and Lyonette acted as agents for the other

Defendants in this matter. (TAC ¶¶ 34-39). Plaintiff is unable to point to any provision in Exhibit D (or any other exhibit) supporting this claim. In fact, the Funding Contract provided as Exhibit D to the TAC refutes such an assertion. There exists not even a scintilla of evidence that the signatories ever signed on behalf of the non-signatory Defendants — or that these Defendants agreed to be bound. If all it took to avoid a motion to dismiss a breach of contract claim against a non-party was to say that the signatory was an agent for the non-party then a vexatious plaintiff like Plaintiff could sue anybody and just assert the signatory to a contract was agent for the non-party. That cannot be enough, and is not enough to avoid dismissal of a breach of contract claim. There has to be more in the complaint that the signing Defendants were agents of the non-signatory Defendants. This failure to allege any facts showing agency, together with the Court's review of the Funding Contract showing the non-signatory Defendants are not only not signatories to it but are not mentioned in any way, is fatal to any contract claim brought by Plaintiff against them.

As to Defendants Crowe and Lyonette Plaintiff's breach of contract claims against them also must be dismissed, even though they signed the Funding Contract. Under the second element for sustaining a breach of contract claim, Plaintiff must prove that he has fulfilled his obligations and complied with any and all conditions and agreements of the contract that he is required to perform. *See Pry Corp. of American v. Leach* (1960) 177 Cal. App. 2d 623, 639-40. Plaintiff admits that the seller ("Fleming" or "Seller") of the Resort backed out of selling the Resort to Plaintiff. The Funding Contract states in Article 1, ¶10 that Plaintiff has "bound" the seller of the Resort in a contract that ensures David Crowe and Mike Lyonette will get everything they need at the closing. However, Plaintiff failed to get the seller to complete the closing of the sale and thus failed to perform under the contract. As shown in Dkt. No. 82-4, pg. 28, ¶85 to the Second Amended Complaint ("SAC"), Fleming informed Plaintiff that he had terminated the sale of the Resort to Plaintiff. (SAC, Dkt. No. 82-4, pg. 28, ¶85.) Plaintiff added no further factual justification in the TAC that he fulfilled his own contractual obligations in Exhibit D.

Finally, under the third element, a "breach" is defined as a defendant's unjustified or unexcused failure to perform. Plaintiff must plead the facts constituting the breach in unequivocal language. *See Poirier v. Gravel* (1891) 88 Cal. 79. Here, Plaintiff merely claims that all Defendants breached by failing to close on the Funding Contract. (TAC, ¶ 89.) However, this does not add up. The sole purpose of the Funding Contract was to fund the purchase of the Resort. Yet, the seller terminated the contract with Plaintiff for the purchase and sale of the Resort. This begs the question, how can it be alleged that Defendants breached a contract of which the performance of said contract was invalidated by the termination of the sale? The simple answer is, they did not – there was no sale and thus there was no breach (nor frankly could there be a breach).

Plaintiff has simply not added any new facts to justify a breach of contract or, frankly, any other cause of action. Plaintiff's Exhibits A and B are unrelated to the purported contract breach or tort claim purportedly suffered by Plaintiff. They concern a defendant no longer a party to this action. Exhibit C is a "case summary", which merely realleges many of the same unsupported allegations stated in the TAC. Exhibit D is the same agreement Plaintiff previously submitted, which does not show any contractual obligations incurred by Defendants Rau, Jimenez, and Malcolm—in fact, this Exhibit does the opposite. Exhibit E yet another affidavit created by Wescott stating the same falsehoods his TAC does. There is no new information then what has been previously pled. The remaining exhibits are a compilation of emails and discovery responses. None go to creating a fact issue of whether a contract existed.[3] Despite multiple attempts, Plaintiff's allegations are no less frivolous than they were in prior pleadings. This is because his claims have always lacked merit and should be dismissed.

//

//

//

---

[3] Plaintiff has filed a separate motion alleging discovery abuses. The allegations are malicious and false and were made with the intent to intimidate Defendants and their counsel. Defendants' response to this motion is forthcoming, but for purposes of this Motion, Defendants will focus on the TAC's deficiencies to plead any valid cause of action.

### 2. Plaintiff's 2nd, 3rd and 4th Causes of Action for Promissory Fraud, Promissory Estoppel, and Negligent Misrepresentation Fail to State Facts Sufficient to State a Cause of Action.

Despite this Court's previous Order, Plaintiff's second, third, and fourth causes of action for Promissory Fraud, Promissory Estoppel, and Negligent Misrepresentation still contain nothing more than conclusory allegations and a guess that Defendants committed fraud by never intending to close on the Funding Contract. However, as shown above, the closing on the Funding Contract could not occur as Fleming, the seller, cancelled the sale of the Resort to Plaintiff.

Under Federal Rule of Civil Procedure 9(b), a cause of action for fraud must be pled with particularity. "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charges so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations and internal quotations omitted).

The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or *scienter*); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996); *see also Cleveland v. Deutsche Bank Nat'l Trust Co.*, 2009 U.S. Dist. LEXIS 7165, at *8 (S.D. Cal. Feb. 2, 2009). The complaint must plead in detail "the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). The complaint must also "set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). Rule 9(b) requires plaintiffs to differentiate between the conduct of **each** defendant and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)).

Here, Plaintiff has not alleged any of the elements of fraud with sufficient particularity.

Plaintiff does not identify a single statement or misrepresentation made by any of the named Defendants, let alone **each** defendant as he is required to do by law. Indeed, Plaintiff complains only that it is *possible* the Defendants never intended to close on the Funding Contract. Plaintiff does not identify any false statements made by Defendants, the name of the person who spoke, their capacity to speak, the person to whom the speech was addressed, what was said, and when it was said. A complaint lacking such allegations does not state facts sufficient to charge a Defendant with fraud. *See Id*. All the twenty plus original Defendants are lumped together with absolutely no way to determine against which Defendant(s) the allegations are plead.

Regardless, as stated above, the only two Defendants who were actual parties to the Funding Contract were excused from performance due to the seller's termination of the sale of the Resort to Plaintiff. This Court made clear in its Order that Plaintiff must abide by Rule 9(b)'s heightened pleading requirements. (Order 3:3-4). Plaintiff ignored the Order and failed to add *any* facts to meet the heightened pleading requirement required to establish claims fraud-related claims.

### 3. Plaintiff's 5th Cause of Action for Tortious Interference with Contract Fails to State Facts Sufficient to State a Cause of Action.

Plaintiff claims that Defendants' refusal to close on the Funding Contract interfered with his relationship with the seller, Fleming. Plaintiff persists in lumping all Defendants together, despite only two of them being parties to the Funding Contract, whose alleged breach he claims resulted in the interference with the Fleming contracts.

"To prevail on a cause of action for tortious interference with contractual relations, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1148. The *Reeves* Court further states that, "[t]o establish the claim, the plaintiff need not prove that a defendant acted with the primary purpose of disrupting the contract but must show the defendant's knowledge that the interference was certain or substantially certain to occur as a result

of his or her action." *Id*.

Plaintiff fails to provide any facts showing a valid contract between Plaintiff and Fleming. Plaintiff merely references that he had numerous other contracts to purchase assets. However, Plaintiff does not state facts to show any valid contract which could have been interfered with.

Plaintiff generally throws out the conclusory allegation that Defendants knew of the many contracts he had with Fleming. However, Plaintiff's vague allegations that failure to close on the Funding Contract would lead to all of his contracts with Fleming failing is far too attenuated. There is no direct causal link.

Plaintiff has alleged no facts which show any direct action on behalf of Defendants (keeping in mind that most all of them were not even a party to the Funding Contract) were designed to induce a breach of any of Plaintiff's contracts with Fleming. Plaintiff must show some action which actually interfered with the contract. Failing to provide funds for a wholly separate contract, even if true (which it is not), would not be interference with other contracts the Plaintiff may have had.

Importantly, Plaintiff's damages are wholly speculative. Plaintiff runs amok with his claims of the many contracts to which he may have been able to make money; however, the fact of the matter remains, none of these alleged contracts would have been *guaranteed* money. Additionally, they were not sufficiently set forth to allow a reasonable person to understand their validity or the basis for Plaintiff's money-making scheme.

In all, Plaintiff has failed to state any of the elements necessary to succeed on this cause of action. Even if Plaintiff could show other contracts existed, he cannot show tortious interference with unrelated contracts due to Defendants' excused performance in funding a separate property. As such, this cause of action should be dismissed and leave to amend denied.

### 4. Plaintiff's 6th Cause of Action for Negligent Interference with Contractual Relations Fails to State Facts Sufficient to State a Cause of Action.

In the SAC, Plaintiff had added a new cause of action for negligent interference with contractual relations. In the TAC, he added no new factual allegations to support this claim. This

claim, like all others, fails as a matter of law. It is well-established law that conclusions or deductions from the facts alleged do not constitute a cause of action. *Whaley v. Jansen,* 208 Cal. App. 2d 222, 229 (1962). To prevail on a cause of action for negligent interference with contractual relations, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.

In the instant matter, Plaintiff's claim fails based on Plaintiff's inability to allege any facts that Defendants acted intentionally in any way to induce the disruption of contractual relations. In fact, there is no allegation that Defendants even knew of, let alone personally and intentionally interfered with any of Plaintiff's contractual relations. Regardless of any other claims or false allegations made as to this cause of action, failure to meet the third element of intention means this cause of action should be dismissed.

### 5. Plaintiff's 7th Cause of Action for Intentional Interference with Prospective Economic Advantage Fails to State Facts Sufficient to State a Cause of Action.

Plaintiff again alleges intentional interference; he claims that Defendants knew of his economically advantageous relationship with Fleming and that by not funding his purchase of the Resort, Defendants caused him to lose this relationship. Once again, Plaintiff fails to allege that Defendants themselves intentionally interfered with this contract (let alone alleging evidence against each Defendant as to his specific alleged interference). Further, only David Crowe and Mike Lyonette were even parties to the Funding Contract and, therefore, the remaining Defendants could not have possibly been linked between the failure to fund and the loss of this relationship even if this were true, which it is not.

To prevail on a cause of action for intentional interference with prospective economic advantage, a plaintiff must plead and prove (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional acts designed to disrupt

the relationship; (4) actual breach or disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.* 29 Cal. 4th 1134, 1153-1154 (2003). In addition, a plaintiff must also plead facts showing that a defendant's alleged interference [resulting in injury] was wrongful by some legal measure other than the fact of interference itself. *Delia Penna v. Toyota Motor Sales, U.S.A., Inc.* 11 Cal. 4th 376, 393 (1995).

Here, aside from Plaintiff's self-serving allegations of some "related" contracts, Plaintiff has failed to plead facts establishing that (1) an economic relationship with reasonable probability for future benefit existed, (2) each Defendant acted intentionally in order to disrupt the relationship, and (3) economic harm to Plaintiff was proximately caused by the acts of each Defendant. Therefore, Plaintiff's claim for intentional interference with a prospective economic advantage fails. As such, dismissal should be granted in Defendants' favor and leave to amend denied.

### 6. Plaintiff's 8th Cause of Action for Negligent Interference with Prospective Economic Advantage Fails to State Facts Sufficient to State a Cause of Action.

Plaintiff claims that Defendants knew of his economically advantageous relationship with Fleming and that by not funding his purchase of the Resort, Defendants caused him to lose this relationship. As stated previously, it must be pointed out that only David Crowe and Mike Lyonette were even parties to the Funding Contract and, therefore, the non-signatory Defendants could not have possibly been linked between the failure to fund and the loss of this relationship even if this were true, which it is not.

The elements of negligent interference with prospective economic advantage are (1) the existence of an economic relationship between the plaintiff and a third party containing the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's knowledge (actual or construed) that the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the defendant's failure to act with reasonable care; (5) actual disruption of the relationship; and (6) economic harm proximately

caused by the defendant's negligence." (*Redfearn, supra*, 20 Cal.App.5th at 1005.) " 'The difference between intentional interference and negligent interference with prospective economic advantage relates to the defendant's intent.' " (*Id.* at 1006.)

This tort requires an independently wrongful act. "An act is not independently wrongful merely because defendant acted with an improper motive. ... [A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." (*Korea Supply Co. v. Lockheed Martin Corp*. (2003) 29 Cal.4th 1134, 1158-1159.) "Commonly included among improper means are actions which are independently actionable, violations of federal or state law or unethical business practices, e.g., violence, misrepresentation, unfounded litigation, defamation, trade libel or trademark infringement." (*Pmc, Inc. v. Saban Entm't* (1996) 45 Cal.App.4th 579, 603.)

Plaintiff does not meet any of the elements for this cause of action. The speculative statements that Plaintiff may have been able to complete other deals with Fleming are just that, speculative, and do not prove an actual economic relationship existed. Plaintiff's conclusory allegations that Defendants knew of the economic relationship is very thin, to say the least. There are no facts alleged, just a conclusory statement that Defendants purportedly knew of the relationship and that if he failed to close on the Funding Contract, his relationship would be disrupted. This is not a sufficient pleading of this cause of action.

The main crux of a negligent interference claim is a plaintiff must plead (and ultimately prove) that each of the Defendants did a wrongful act. There is no allegation in the TAC that lists what wrongful act each of the Defendants did to interfere with Plaintiff's other purported contracts with Fleming. This is fatal to the claim. Plaintiff's only allegation of "wrongful act" is a purported failure to providing funding under the Funding Contract. Even if, solely for argument's sake, the Court were to include for this Motion that all Defendants were parties to the Funding Contract and all of them breached the contract (which they were not and did not), that still would not rise to a wrongful act that is unlawful in interfering with any of Plaintiff's other purported contracts and business expectancies with Fleming. As stated in *PMC, Inc.*, misrepresentations or other normal

bad actions do not rise to the level of the wrongful act which is required under this cause of action.

In addition, " '[t]he tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care.' " (*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 348.) Plaintiff has not alleged any facts which show that Defendants (let alone each of them) owed Plaintiff a duty of care. There are no facts in the TAC at all which show any relationship between Plaintiff and Defendants, aside from Crowe and Lyonette. As such, dismissal should be entered in favor of Defendants and against Plaintiff on this cause of action.

### 7. Plaintiff's 9th Cause of Action for Breach of the Covenant of Good Faith & Fair Dealing Fails to State Facts Sufficient to State a Cause of Action.

The covenant of good faith and fair dealing is implied into every contract, and it "requires that neither party do anything which will deprive the other of the benefits of the agreement." *Gibson v. Gov't Employees Ins. Co.* (1984) 162 Cal. App. 3d 441, 445. "The implied covenant of good faith and fair dealing does *not* extend beyond the terms of the contract at issue." *Poway Royal Mobilehome Owners Ass'n v. City of Poway* (2007) 149 Cal. App. 4th 1460, 1477 (citing *New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal. App. 4th 1088, 1096); *see also Gibson*, 162 Cal. App. 3d at 446. "Because contracts differ, the nature and extent of the duties owed under the implied covenant are also variable and 'will depend on the contractual purposes.'" *Love v. Fire Ins. Exch.* (1990) 221 Cal. App. 3d 1136, 1147 (quoting *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal. 3d 809, 818).

As a preliminary matter the non-signatory Defendants cannot be liable for breach of an implied covenant in a contract to which they are not even a party. Hence, this cause of action must be dismissed against them.

As to Defendants Crowe and Lyonette, as set forth previously, the Funding Contract could not be closed upon due to Fleming backing out of the sale of the Resort to Plaintiff. There was no breached duty by Defendants and no facts which show that a duty even existed. Plaintiff's TAC has not added any new information to overcome these fatal deficiencies. Just as Plaintiff's breach

of contract claim fails against Defendants, this claim also fails and dismissal should be entered in favor of Defendants and against Plaintiff.

### 8. Plaintiff's 10th Cause of Action for Negligent Infliction of Emotional Distress Fails to State Facts Sufficient to State a Cause of Action.

Plaintiff's final cause of action is for negligent infliction of emotional distress, wherein he claims that Defendants' refusal to close on the Funding Contract was especially traumatic to Plaintiff. Plaintiff once again has lumped all Defendants together, despite only two of them being parties to the Funding Contract, whose alleged breach he claims resulted in his emotional distress. His allegations they served as agents for the other Defendants are refuted by his own Exhibit D. Most of the Defendants were not even a party to the Funding Contract and could not have possibly been linked between the failure to fund and the cause of Plaintiff's alleged distress, if Plaintiff is even to be believed.

The elements of negligent infliction of emotional distress are (1) the plaintiff must suffer a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the defendant must be involved in some way in the event which caused the negligent injury to another; and (4) the person must have a close personal relationship to the directly injured person.

Since most of the Defendants were not parties to the Funding Contract, could not have been in any way involved in any event which Plaintiff alleges caused him injury, and did not have a close personal relationship directly with Plaintiff, this claim, too, must fail. This Court should thus dismiss this claim with prejudice as it pertains to Defendants Rau, Jimenez, and Malcolm.

As for Defendants Crowe and Lyonette, the TAC does not allege all four elements of this cause of action: 1) Plaintiff did not allege any physical injury; 2) Plaintiff did not allege any physical injury that was **caused** by psychological trauma; 3) Plaintiff did not allege each of the Defendants' purported involvement in the physical injury; and 4) Plaintiff did not allege a close personal relationship with each Defendant (the signing of the Funding Contract alone should be not be construed as a sufficient proof of a "close personal relationship" with Plaintiff. Accordingly, even as to Defendant Crowe, this cause of action should be dismissed.

### D. THE TAC COMPLAINT SHOULD BE DISMISSED BECAUSE IT VIOLATES RULE 8.

FRCP 8(e)(1) provides that "[e]very averment of a pleading shall be simple, concise, and direct." A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," along with a short and plain statement of jurisdiction and a demand for judgment. Fed. R. Civ. P. 8(a). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Jacobson v. Schwartzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005) (quoting *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (internal citations and quotations omitted)). Due to these considerations, courts require attorneys and litigants to comply with Rule 8's requirements by filing pleadings that are precise and clear. "[N]either the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange." *Id.* (quoting *Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226-27 (D. Haw. 1971)).

The TAC filed by Plaintiff contains verbose and redundant allegations that render the pleading unmanageable and burdensome. One can only wonder whether this document was drafted with the specific intent of overwhelming the Court and bullying Defendants. There is no apparent reason for the lack of clarity and failure to follow the rules. Plaintiff fails to allege any concrete facts that would be sufficient to state a claim for relief, and instead he presents redundant and immaterial verbiage that fails to link any of the Defendants to specific actions that caused injury to Plaintiff. Accordingly, Defendants respectfully request that the Court dismiss the TAC in its entirety as violative of Rule 8. See, e.g., *Viacom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 776 (7th Cir. 1994) (finding confusing and redundant 119-page complaint was an "egregious" violation of Rule 8); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (finding Rule 8 was violated where "confusing and conclusory" complaint and attached exhibits exceeded 70 pages in length).

This Court Ordered Plaintiff to ensure the TAC was "short and clear." (Order 3:16-17). Plaintiff ignored the Order and made the TAC even longer than the previous SAC. Further, his Exhibits C and F are similarly verbose and convoluted. The amended pleading and the attached exhibits violate this Court's previous Order and FRCP 8. These violations warrant a dismissal of the TAC.

## CONCLUSION/PRAYER FOR RELIEF

Plaintiff is a Vexatious Litigant. This Court has dismissed many of his prior complaints, as have other courts in California. Plaintiff's latest complaint should meet the same fate.

Further, Plaintiff's TAC fails against Defendants for, amongst others, failure to state facts sufficient to support any of the listed causes of action contained in Plaintiff's TAC. Leave to amend should be denied consistent with this Court's prior Order as there are no facts which could be alleged to overcome the deficiencies in the TAC and Plaintiff has now had four bites of the apple. As such, Defendants respectfully request that the TAC be dismissed with prejudice and leave to amend be denied.

RESPECTFULLY SUBMITTED this 18th day of March 2022

ROMERO PARK P.S.

By: */s/ H. Troy Romero*
    H. Troy Romero, CBN #224867

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I, Kathy Koback, certify and declare as follows:

I am a citizen of the United States and a resident of the State of Washington. I am over the age of 18 years and not a party to the within-entitled cause. I am an employee with the law firm of Romero Park P.S., whose addresses are 16935 West Bernardo Drive, Suite 260, San Diego, California 92127 and 155 – 108th Avenue NE, Suite 202, Bellevue, Washington 98004, which is located in the county where the mailing described below took place.

On March 18, 2022, at my place of business in Bellevue, Washington, a copy of the attached document described as:

MOTION TO DISMISS THIRD AMENDED COMPLAINT

was sent via electronic mail pursuant to the parties' agreement for acceptance of service via electronic mail, and addressed to:

Carl A. Wescott
8210 e. Via De La Escuala
Scottsdale, Arizona 85258
Email: carlwsoj@gmail.com

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: March 18, 2022.

Kathy Koback, Legal Assistant