H. Troy Romero, CBN #224867
ROMERO PARK, P.S.
16935 W. Bernardo Drive, Suite 260
San Diego, CA 92127
Email: tromero@romeropark.com
Telephone: 858-592-0065

*Attorneys for Defendants Crowe, Lyonette,
Rau, Ross, Malcolm, and Jimenez*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CALIFORNIA
# NORTHERN DISTRICT

| | |
|---|---|
| Carl A. Wescott,<br><br>Plaintiff,<br><br>vs.<br><br>David Crowe; Mike Lyonette; Thomas P. Madden; Taylor Collins; Jeff Rau; Darrell Bushnell; Amy Bushnell; Peter Tierney; Kathy Fettke; Susie Yee; Norman Davies; Claire Davies; Sandra Winfrey; Brian Putze; Colin Ross; Brad Malcolm; Michael Jimenez; Gustavo Varela; Robert Crowe; Bernadette Brown; Federico Gurdian; Terencio Garcia, Does 1 through 50,<br><br>Defendants. | No: 3:20-cv-06456-JD<br><br>RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 37(d)(2) MOTION AGAINST JEFFREY RAU<br><br>Hearing Date: May 12, 2022<br>Hearing Time: 10:00 a.m.<br>Courtroom: 11<br>Judge: Hon. James Donato |

## I. INTRODUCTION

Carl Wescott ("Wescott" or "Plaintiff") is a vexatious litigant in the state of California. He uses the Court system to intimidate individuals into paying him monies to avoid a lengthy and expensive lawsuit. Even since the time he filed the instant case, he has filed dozens and dozens of other lawsuits in Arizona and other states against numerous individuals. When Defendants stand up for themselves and refuse to pay him monies for wrongs they did not commit, Wescott responds by flooding them with motions, discovery, and long-winded communications. That is exactly what has

happened here. Despite Jeff Rau's ("Rau") compliance with his discovery obligations, Plaintiff now attempts to seek sanctions against him for yet another wrong he did not commit. Wescott's Motion is defective both procedurally and substantively. Plaintiff did not follow this Court's rules before filing. Moreover, he has failed to show any wrongdoing on the part of Rau or counsel. In fact, Rau worked with Wescott to supplement his discovery. Responsive documents were either provided to Wescott or placed on the privilege log. Wescott, however, failed to confer in good faith and instead has brought this motion under FRCP 37.

## II.  FACTS

### A.  Background and the Parties' Claims

On or around June 2021, Plaintiff propounded his First Set of Requests for Production ("RFPs") on Rau. Rau timely responded even though he had a pending Motion to Dismiss. (Declaration of H. Troy Romero ("Romero Decl."), ¶3.) On October 12, 2021, Plaintiff arrived at Rau's counsel's office to take Rau's deposition. Rau attended. (Declaration of Justin D. Park ("Park Decl.") ¶3.) Plaintiff asked if Rau had any emails that related to Seaside Mariana or Carl Wescott. Rau acknowledged the possibility and vowed to look. Rather than continuing the deposition, Plaintiff chose to end it. (Park Decl., ¶4.) Despite his assurances, Plaintiff was slow to provide clear parameters for what he believed constituted responsive documents, instead alleging Rau had hundreds of responsive emails—manipulating Rau's testimony from the deposition. (Park Decl., ¶5.) As is clear from his Motion, Plaintiff asked questions that were overly broad and unduly burdensome. Still, Rau provided documents to Plaintiff by December 12, 2021. He also provided a privilege log for documents that were protected under attorney-client privilege or the documents' own confidentiality provisions. (Romero Decl., ¶4.)

Plaintiff continued to request communications Rau either did not possess or that were privileged. Rather than narrow the scope of his requests or otherwise confer with counsel to work out any differences, Plaintiff filed this Motion shortly after he filed his Third Amended Complaint. At no time did Plaintiff attempt to meet and confer with Rau's counsel to comply with the local rules, instead resorting to harassing emails. (Romero Decl., ¶5.)

### B. The Discovery at Issue

The RFPs Plaintiff propounded were overly broad and unduly burdensome. Still, Rau cooperated with Plaintiff's requests. Rau provided his initial responses followed by supplementary documentation in 2021. He also provided a privilege log identifying communications at the end of December 2021/beginning of January 2022. (Romero Decl., ¶6.) Plaintiff continued to ask for documents not in Rau's possession, such as texts messages. He also sought documents completely unrelated to the case at Bar. Rau repeatedly informed Plaintiff that he either did not have the documents requested or the document was part of the privilege log. Rather than request a meet and confer to identify specific documents Plaintiff believes Rau has that were responsive, he began threatening counsel. (Romero Decl., ¶7.)

### C. Plaintiff's "Meet and Confer" Efforts

Plaintiff did not meet and confer with Rau's counsel under Local Civil Rule ("LCR") 1-5 and LCR 37. To date, Plaintiff has failed to satisfy this requitement before bringing his Motion.

## III. ARGUMENT

### A. Plaintiff's Motion Fails to Meet LCR 37's Requirements.

Plaintiff ignored this Court's Local Civil Rules when he filed this Motion. Under LCR 37-2, a motion to compel further responses must lay out each request in full and why the moving party believes it is entitled to the requested discovery. LCR 37-4 requires a moving party seeking sanctions to submit a declaration which shows the following: 1) Set forth facts and circumstances supporting his position, and 2) Describe his efforts to secure the opposing party's compliance without involving the Court.

Here, Plaintiff submitted an affidavit as Exhibit D to his Motion. Plaintiff's Exhibit D is conclusory and fails to satisfy the requirements of LCR 37-4. Exhibit D is not only brief, but also deficient. It is approximately seven sentences, and none address the documents he believes he is entitled. Plaintiff now seeks sanctions under FRCP 37, while also saying he will file a separate motion to compel. This approach is nonsensical. These deficiencies are fatal to Plaintiff's Motion, which should be dismissed with prejudice.

**B.     Legal Standard**

Under LCR 37 and LCR 7 a moving party must meet and confer with the responding party to have his motion heard. LCR 37-2 requires the moving party identify under which requests they seek to receive further production and list its objections.

**C.     Plaintiff has not Identified what Documents He Wants, Nor Why he is Entitled to them.**

Rau has complied with his discovery obligations under FRCP 26 and FRCP 37. Plaintiff argues that Rau should be sanctioned for withholding documents but fails to identify what documents he seeks and why he is entitled to them. This violates LCR 37-2, as Plaintiff must identify which requests he seeks production. Plaintiff cites a homeowners insurance policy, which he has since received. He also cites purported emails Rau is withholding, but Rau has produced the non-privileged and/or non-confidential emails. Plaintiff is yet to justify why he is entitled to emails protected by attorney-client privilege or other confidentiality provisions.

Plaintiff, consistent with his overall litigation strategy, has used the discovery process to harass and annoy Rau. Filing a lawsuit does not entitle him with the right to do so. A party violates the spirit of the rule when he uses discovery as a "tool" or "tactical weapon" rather than as a process to expose facts. *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1145 (9th Cir. 2005). This is exactly what Plaintiff is doing here. It is this sort of conduct Plaintiff is presently engaging in that has landed him on the California vexatious litigant list in the first place.

**D.     Plaintiff failed to meet and confer in good faith.**

Plaintiff did not meet and confer with Rau. This fact alone warrants denial of Plaintiff's Motion. LCR 37-1(a) leaves no ambiguity as to the steps Plaintiff must fulfill before filing a Motion under FRCP 37: "The Court *will not* entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." LCR 37-1(b) further establishes a Plaintiff must meet and confer in good faith before filing a Motion under FRCP 37.

Plaintiff's conduct does not satisfy LCR 23's meet and confer standard. LCR 1-5 defines the threshold of when parties meet and confer: "The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face-to-face meeting or in a telephone conversation." Ever since Rau provided documents responsive to Plaintiff's request, Plaintiff did not attempt to meet and confer. Instead, he chose to inundate Rau's counsel with emails. The failure to meet and confer requires denial of Plaintiff's Motion.

**E.     Plaintiff ignored this Court's Local Rules with Respect to Filing his Motion.**

Plaintiff's failure to meet and confer was not his only critical error he made prior to filing his Motion. When filing a motion to obtain sanctions, LCR 3-4(b) lays out the requirements to which the moving party must adhere:

> **(b)** Be accompanied by competent declarations which:
>
> **(1)**  Set forth the facts and circumstances that support the motion;
>
> **(2)**  Describe in detail the efforts made by the moving party to secure compliance without intervention by the Court; and
>
> **(3)**  If attorney fees or other costs or expenses are requested, itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed.

Plaintiff filed a Motion and simply included 30 pages of exhibits. That's all. There was no accompanying declaration to set forth the facts and circumstances. There was no declaration to detail the efforts he made to secure compliance. Why? Because he made no efforts; thus, he was not able to comply with this Court's rules. Plaintiff waited months to file this Motion, using it as a weapon instead, in total disregard of Rau's ongoing compliance with his discovery obligations. This Motion was not filed as a result of a legitimate discovery dispute, it was filed as yet another nuisance tactic and should be dismissed as such.

**F.     Rau's Decision to Place Confidential and/or Privileged Documents on a Privilege log was Proper.**

Plaintiff failed to show how he was entitled to documents placed on the privilege log. The

Ninth Circuit Court of Appeals has held that producing a privilege log is sufficient to assert a privilege. *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1145 (9th Cir. 2005). Under FRCP 34, a responding party has the ability to object to discovery requests. FRCP 26(1) allows a propounding party to obtain discovery regarding a nonprivileged matter.

In his Motion, Plaintiff fails to state why he is entitled to any of the documents on the privilege log. Regardless, even if he truly thought he was (which he is not), he could have requested an in-camera review of the documents by the Court and asked the Court to make the ultimate decision on production – not ask for sanction and try to compel documents that are protected and have been properly placed on a privilege log. Plaintiff simply does not have the right and cannot argue that Rau must turn over documents protected under attorney-client privilege or a confidentiality provision.

**G. This Court should Reserve Ruling on this Matter until it Rules on Defendants' Motion to Dismiss.**

Earlier this year, this Court dismissed all claims against Rau because Plaintiff failed to state a claim. Plaintiff has since filed a Third Amended Complaint, which he filed after the Court-imposed filing deadline. Moreover, the Third Amended Complaint is unlikely to succeed as Plaintiff made very superficial changes to his prior pleading. The five remaining Defendants filed a motion to dismiss the complaint (Docket No. 109). Since this Court dismissed Rau under the Second Amended Complaint, and since the Third Amended Complaint did almost nothing to change any of the allegations against Rau, it is possible, if not likely, that this Court will dismiss Rau from this lawsuit.

Based on these developments, this Court should reserve ruling on this Motion. The benefits of this approach are compounded by the fact that it will prevent Plaintiff from using the discovery process as a weapon. Assuming the Court grants the Defendants' pending Motion to Dismiss, particularly against Defendant Rau (who Plaintiff has to admit never signed the subject contract), then it would render moot this subject motion.

### IV. SANCTIONS

Plaintiff's Motion is frivolous. Rau timely responded to Plaintiff's RFPs. Rau provides documents; then supplemented his document production with additional documents. Rau provided a privilege log identifying documents he did not produce and why. Finally, Rau advised Plaintiff that all non-objectionable responsive documents in his possession had either been produced or placed on the privilege log. He has done all that he needs to do (and then some).

Plaintiff's request for sanctions is not appropriate, particularly because Plaintiff did not comply with the necessary rules to even bring a motion to compel discovery. Unless and until a motion to compel is granted there is no reason to even discuss sanctions.

Rau submits that Plaintiff's Motion was made with the purpose to annoy and harass Rau. Plaintiff's primary goal here was likely to increase Rau's litigation costs. Pursuant to FRCP 37(5)(D), this Court should thus hold that Plaintiff is liable to Rau for attorney fees associated with defending against his Motion. Rau's counsel will have spent roughly 6-8 hours defending against Wescott's meritless Motion.

### V. CONCLUSION

For the reasons discussed above, Plaintiff's Motion should be denied in its entirety. Plaintiff failed to follow the most basic procedures. Moreover, this Motion lacks any and all merit. The Motion should be denied, and this Court should sanction Plaintiff.

RESPECTFULLY SUBMITTED this 25th day of March 2022.

ROMERO PARK P.S.

By: */s/ H. Troy Romero*
    H. Troy Romero, CBN #224867

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I, Kathy Koback, certify and declare as follows:

I am a citizen of the United States and a resident of the State of Washington. I am over the age of 18 years and not a party to the within-entitled cause. I am an employee with the law firm of Romero Park P.S., whose addresses are 16935 West Bernardo Drive, Suite 260, San Diego, California 92127 and 155 – 108th Avenue NE, Suite 202, Bellevue, Washington 98004, which is located in the county where the mailing described below took place.

On March 25, 2022, at my place of business in Bellevue, Washington, a copy of the attached document described as:

RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 37(d)(2) MOTION FOR ORDERS RELATED TO DEFENDANT MR. JEFFREY RAU'S DISCOVERY ABUSE

was sent via electronic mail pursuant to the parties' agreement for acceptance of service via electronic mail, and addressed to:

Carl A. Wescott
8210 e. Via De La Escuala
Scottsdale, Arizona 85258
Email: carlwsoj@gmail.com

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: March 25, 2022.

_____
Kathy Koback, Legal Assistant