UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL WESCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID CROWE, et al.,<br><br>    Defendants. | Case No. 20-cv-06456-JD<br><br>**SECOND ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 109 |

The Court dismissed the second amended complaint (SAC) of pro se plaintiff Wescott in all respects save for three claims against defendants Crowe and Lyonette: (1) breach of a settlement agreement; (2) breach of the covenant of good faith and fair dealing; and (3) negligent infliction of emotional distress. Dkt. No. 104. Although concerned about indications that Wescott has been declared a vexatious litigant in other courts, the Court reserved any action on that ground, and continues to do so here. Wescott was granted leave to amend in a manner consistent with the order of dismissal.

The third amended complaint (TAC) did not materially improve the shortcomings in the SAC. Dkt. No. 106. Overall, the TAC is difficult to follow, to the point of being unintelligible in many respects. Even when read liberally in favor of a pro se litigant, *see* Dkt. No. 104 at 2, nothing in the TAC changes the Court's conclusions about the deficiencies in the claims that were dismissed in the prior order.

Consequently, all claims in the TAC are dismissed without leave to amend other than the breach of settlement agreement and covenant of good faith claims sustained against Crowe and Lyonette specified in the prior order. Further amendment is not warranted because Wescott has already filed multiple complaints and the record indicates that amendment will not be productive.

The emotional distress claim against Crowe and Lyonette is dismissed without leave to amend. The claim is premised upon an alleged breach of contract. *See* Dkt. No. 106 ¶¶ 261-69. As a general rule, emotional distress is not a cognizable claim in the breach of contract context. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, ___ U.S. ___, 142 S.Ct. 1562, 1571-72 (2022);

*Erlich v. Menezes*, 21 Cal. 4th 543, 558-59 (1999). The TAC did not allege facts indicating that a rare exception to this rule might apply here. *See Erlich*, 21 Cal. 4th at 558-59.

The only claims going forward are for breach of the settlement agreement and the covenant of good faith and fair dealing against Crowe and Lyonette.

**IT IS SO ORDERED.**

Dated: June 17, 2022

JAMES DONATO
United States District Judge

2