H. Troy Romero, CBN #224867
ROMERO PARK, P.S.
16935 W. Bernardo Drive, Suite 260
San Diego, CA 92127
Email: *tromero@romeropark.com*
Telephone: 858-592-0065

*Attorneys for Defendant Crowe and Lyonette*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CALIFORNIA
## NORTHERN DISTRICT

| | |
|---|---|
| Carl A. Wescott,<br><br>Plaintiff,<br><br>vs.<br><br>David Crowe; Mike Lyonette;<br>Does 1 through 50,<br><br>Defendants. | No: 3:20-cv-06456-JD<br><br>DEFENDANTS DAVID CROWE'S AND MIKE LYONETTE'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY FRAUD; PROMISSORY ESTOPPEL; NEGLIGENT MISREPRESENTATION; TORTIOUS INTEREFERENCE WITH CONTRACTUAL RELATIONS; NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECOMONIC ADVANTAGE; BREACH OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING; & NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |

COMES NOW Defendants David Crowe ("Crowe") and Mike Lyonette ("Lyonette") (collectively referred to herein as "Defendants") and by way of answer to the Third Amended Complaint ("TAC") of Plaintiff Carl Wescott ("Plaintiff") admit, deny, and allege as follows:

## I. PARTIES

1. In answer to Paragraph 1 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore deny the same.

2. In answer to Paragraph 2 of the TAC, Defendants deny the allegations contained therein as it relates to them and as it relates to others are without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the other individuals listed in Paragraph 2 and therefore deny the same.

3. In answer to Paragraph 3 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore deny the same.

4. In answer to Paragraph 4 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore deny the same.

5. In answer to Paragraph 5 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore deny the same.

6. In answer to Paragraph 6 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore deny the same.

7. In answer to Paragraph 7 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore deny the same.

8. In answer to Paragraph 8 of the TAC, Defendants admit the allegations contained therein.

9. In answer to Paragraph 9 of the TAC, Defendants deny the allegations contained therein as it relates to them  and further state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the other individuals listed in Paragraph 9 and therefore deny the same.

10. In answer to Paragraph 10 of the TAC, Defendants deny the allegations contained therein as it relates to them, and further state that Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations as they relate to the other individuals listed in Paragraph 10 and therefore deny the same.

11. In answer to Paragraph 11 of the TAC, Defendants deny the allegations contained therein.

12. In answer to Paragraph 12 of the TAC, Defendants deny the allegations contained therein.

13. In answer to Paragraph 13 of the TAC, Defendants deny the allegations contained therein.

## II. CASE SUMMARY

In response to Plaintiff's Case Summary, attached as Exhibit C to the TAC, Defendants state that the Case Summary sets forth legal characterizations and argument, to which no answer is required. Defendants further state that they disagree with Plaintiff's recitation in the Case Summary.

14. In answer to Paragraph 14 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore deny the same.

15. In answer to Paragraph 15 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore deny the same.

16. In answer to Paragraph 16 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore deny the same.

17. In answer to Paragraph 17 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore deny the same.

18. In answer to Paragraph 18 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore deny the same.

19. In answer to Paragraph 19 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore deny the same.

20. In answer to Paragraph 20 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore deny the same.

21. In answer to Paragraph 21 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore deny the same.

22. In answer to Paragraph 22 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore deny the same.

23. In answer to Paragraph 23 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore deny the same.

24. In answer to Paragraph 24 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore deny the same.

25. In answer to Paragraph 25 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore deny the same.

26. In answer to Paragraph 26 of the TAC, Defendants admit they were parties to a contract with Plaintiff, styled as a "Settlement Agreement" that was dated August 2019, which Agreement speaks for itself and requires no further response. Defendants deny all other allegations contained in Paragraph 26.

27. In answer to Paragraph 27 of the TAC, Exhibit D speaks for itself and therefore no answer is required.

28. In answer to Paragraph 28 of the TAC, Plaintiff sets forth legal characterizations and argument, to which no answer is required.

29. In answer to Paragraph 29 of the TAC, Plaintiff sets forth legal characterizations and argument, to which no answer is required.

30. In answer to Paragraph 30 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore deny the same.

31. In answer to Paragraph 31 of the TAC, Defendants deny the allegations contained in Paragraph 31.

32. In answer to Paragraph 32 of the TAC, Defendants deny the allegations contained therein.

33. In answer to Paragraph 33 of the TAC, Defendants deny the allegations contained in Paragraph 33.

### III. FEBRUARY 2022 ADDITIONS RELATED TO LITIGATING GROUP PARTNERSHIP

34. In answer to Paragraph 34 of the TAC, Defendants deny the allegations contained in Paragraph 34.

35. In answer to Paragraph 35 of the TAC, Defendants deny the allegations contained therein.

36. In answer to Paragraph 36 of the TAC, Defendants deny the allegations contained therein.

37. In answer to Paragraph 37 of the TAC, Defendants deny the allegations contained therein.

38. In answer to Paragraph 38 of the TAC, Plaintiff alleges allegations against dismissed parties and therefore no answer is required. In the event an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore deny the same.

39. In answer to Paragraph 39 of the TAC, Plaintiff alleges allegations against dismissed parties and therefore no answer is required. In the event an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore deny the same.

40. In answer to Paragraph 40 of the TAC, Defendants admit they communicated with Plaintiff. As to the remaining allegations contained in Paragraph 40 of the TAC, Defendants deny the same.

41. In answer to Paragraph 41 of the TAC, Defendants deny the allegations contained therein.

42. In answer to Paragraph 42 of the TAC, Defendants deny the allegations contained therein.

43. In answer to Paragraph 43 of the TAC, Defendant Crowe denies the allegations contained therein. In answer to Paragraph 43 of the TAC, Defendant Lyonette is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and therefore denies the same.

44. In answer to Paragraph 44 of the TAC, Plaintiff sets forth legal characterizations and argument, to which no answer is required.

45. In answer to Paragraph 45 of the TAC, Exhibit D speaks for itself and therefore no answer is required.

## IV. NDAs & NCNDs ALSO SIGNED BY THE CROWE GROUP PARTNERS

46. In answer to Paragraph 46 of the TAC, Defendants admit they signed a non-disclosure agreement with Plaintiff. As to the remaining allegations contained in Paragraph 46 Defendants deny the same.

47. In answer to Paragraph 47 of the TAC, Defendants deny the allegations contained therein.

48. In answer to Paragraph 48 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and therefore deny the same.

49. In answer to Paragraph 49 of the TAC, Defendants deny the allegations contained therein.

50. In answer to Paragraph 50 of the TAC, Defendant Crowe admits that he had conversations with Plaintiff. As to the remaining allegations contained therein, Defendant Crowe denies the same. In answer to Paragraph 50 of the TAC, Defendant Lyonette is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore denies the same.

## V. PLAINTIFF'S OTHER DEALS WITH KEVIN FLEMING

51. In answer to Paragraph 51 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and therefore deny the same.

52. In answer to Paragraph 52 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and therefore deny the same.

53. In answer to Paragraph 53 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and therefore deny the same.

54. In answer to Paragraph 54 of the TAC, Defendant Crowe admits that he had conversations with Plaintiff. As to the remaining allegations contained therein, Defendant Crowe denies the same. In answer to Paragraph 54 of the TAC, Defendant Lyonette is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore denies the same.

55. In answer to Paragraph 55 of the TAC, Defendant Crowe denies the allegations contained therein. In answer to Paragraph 55 of the TAC, Defendant Lyonette is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and therefore denies the same.

56. In answer to Paragraph 56 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and therefore deny the same.

57. In answer to Paragraph 57 of the TAC, Defendants admit they had some information related to Seaside Mariana. As to the remaining allegations contained in Paragraph 57, Defendants deny the same.

## VI. NDA (NONDISCLOSURE AGREEMENT) BREACHES UPON INFORMATION & BELIEF

58. In answer to Paragraph 58 of the TAC, Defendants deny the allegations contained therein.

59. In answer to Paragraph 59 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and therefore deny the same.

60. In answer to Paragraph 60 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and therefore deny the same.

61. In answer to Paragraph 61 of the TAC, Defendants deny the allegations contained therein.

62. In answer to Paragraph 62 of the TAC, Defendants deny the allegations contained therein.

63. In answer to Paragraph 63 of the TAC, Defendants deny the allegations contained therein.

64. In answer to Paragraph 64 of the TAC, Defendants deny the allegations contained therein.

65. In answer to Paragraph 65 of the TAC, Defendants deny the allegations contained therein.

66. In answer to Paragraph 66 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and therefore deny the same.

67. In answer to Paragraph 67 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and therefore deny the same.

68. In answer to Paragraph 68 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and therefore deny the same.

69. In answer to Paragraph 69 of the TAC, Defendant Crowe admits he provided $25,000 to Plaintiff. As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and therefore deny the same.

70. In answer to Paragraph 70 of the TAC, Exhibit D speaks for itself and therefore no answer is required.

71. In answer to Paragraph 71, Exhibit D speaks for itself and therefore no answer is required.

72. In answer to Paragraph 72 of the TAC, Defendants deny the allegations contained therein.

73. In answer to Paragraph 73 of the TAC, Defendants deny the allegations contained therein.

74. In answer to Paragraph 74 of the TAC, Defendants deny the allegations contained therein.

## VII.  DEFENDANTS' INITIAL BREACH

75.  In answer to Paragraph 75 of the TAC, Exhibit D and/or any other alleged document speak for themselves and therefore no answer is required.

76.  In answer to Paragraph 76 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and therefore deny the same.

77.  In answer to Paragraph 77 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and therefore deny the same.

78.  In answer to Paragraph 78 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and therefore deny the same.

79.  In answer to Paragraph 79 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and therefore deny the same.

80.  In answer to Paragraph 80 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and therefore deny the same.

81.  In answer to Paragraph 81 of the TAC, Defendant Crowe denies the allegations contained therein. In further answer to Paragraph 81 of the TAC, Defendant Lyonette is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and therefore denies the same.

82.  In answer to Paragraph 82 of the TAC, Defendants deny the allegations contained therein.

83.  In answer to Paragraph 83 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and therefore deny the same.

84.  In answer to Paragraph 84 of the TAC, Defendants deny the allegations contained therein.

85.  In answer to Paragraph 85 of the TAC, Defendants deny the allegations contained therein.

86. In answer to Paragraph 86 of the TAC, Defendants deny the allegations contained therein.

87. In answer to Paragraph 87 of the TAC, Defendants deny the allegations contained therein.

88. In answer to Paragraph 88, Defendant Crowe admits he notified Plaintiff of Mr. Cole's lawsuit against the property. As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and therefore deny the same.

89. In answer to Paragraph 89 of the TAC, Defendants deny the allegations contained therein.

90. In answer to Paragraph 90 of the TAC, Defendant Crowe admits he loaned Plaintiff money that Plaintiff has yet to return. As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and therefore deny the same.

91. In answer to Paragraph 91 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and therefore deny the same.

92. In answer to Paragraph 92 of the TAC, Defendant Crowe admits he obtained a copy of Mr. Cole's lawsuit against the property. As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and therefore deny the same.

93. In answer to Paragraph 93 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and therefore deny the same.

94. In answer to Paragraph 94, Defendant Crowe admits he had conversations with Plaintiff regarding Mr. Cole's lawsuit against the property. As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and therefore deny the same.

95. In answer to Paragraph 95 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and therefore deny the same.

96. In answer to Paragraph 96 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and therefore deny the same.

97. In answer to Paragraph 97 of the TAC, Defendants deny the allegations contained therein.

98. In answer to Paragraph 98 of the TAC, Defendants deny the allegations contained therein.

99. In answer to Paragraph 99, Defendant Crowe denies the allegations contained therein. In further answer to Paragraph 99 of the TAC, Defendant Lyonette is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies the same.

**VIII. THE SECOND BREACH AND REPUDIATION (ON BEHALF OF ALL DEFENDANTS)**

100. In answer to Paragraph 100 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and therefore deny the same.

**IX. THE THIRD BREACH AND REPUDIATION (ON BEHALF OF ALL DEFENDANTS)**

101. In answer to Paragraph 101 of the TAC, Defendant Crowe denies the allegations contained therein. In further answer to Paragraph 101, Defendant Lyonette is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and therefore denies the same.

102. In answer to Paragraph 102 of the TAC, Defendants deny the allegations contained therein.

103. In answer to Paragraph 103 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and therefore deny the same.

104. In answer to Paragraph 104 of the TAC, Defendants deny the allegations contained therein.

105. In answer to Paragraph 105 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and therefore deny the same.

106. In answer to Paragraph 106 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and therefore deny the same.

107. In answer to Paragraph 107 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and therefore deny the same.

## X. CONCLUSION

108. In answer to Paragraph 108 of the TAC, Defendants deny the allegations contained therein.

109. In answer to Paragraph 109 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and therefore deny the same.

110. In answer to Paragraph 110 of the TAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and therefore deny the same.

111. In answer to Paragraph 111 of the TAC, Defendant Crowe admits he has had conversations with Plaintiff, but denies the remaining allegations. In further answer to Paragraph 111, Defendant Lyonette is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and therefore deny the same.

112. In answer to Paragraph 112 of the TAC, Plaintiff alleges allegations against dismissed parties and therefore no answer is required. In the event an answer is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and therefore deny the same.

113. In answer to Paragraph 113 of the TAC, Defendants deny the allegations contained therein.

114. In answer to Paragraph 114 of the TAC, Defendants admit that Madden, Putze, and Winfrey were dismissed with prejudice from this Action. They are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 114 and therefore deny the same.

115. In answer to Paragraph 115 of the TAC, Defendants deny the allegations contained therein.

116. In answer to Paragraph 116 of the TAC, Defendants deny the allegations contained therein.

## XI. Count I (A) – First Breach of Contract

117. In answer to Paragraph 117 of the TAC, Defendants incorporate their answers to the preceding allegations.

118. In answer to Paragraph 118 of the TAC, Defendants admit they entered into a contract with Plaintiff titled "Settlement Agreement". As to the remaining allegations in Paragraph 118, Defendants deny the allegations contained therein.

119. In answer to Paragraph 119 of the TAC, Defendants deny the allegations contained therein.

120. In answer to Paragraph 120 of the TAC, Defendants deny the allegations contained therein.

121. In answer to Paragraph 121 of the TAC, Defendants deny the allegations contained therein.

122. In answer to Paragraph 122 of the TAC, Defendants deny the allegations contained therein.

123. In answer to Paragraph 123 of the TAC, Defendants deny the allegations contained therein.

124. In answer to Paragraph 124 of the TAC, Defendants deny the allegations contained therein.

## XII. Count I (B) – Second Breach of Contract

125. In answer to Paragraph 125 of the TAC, Defendants incorporate their answers to the preceding allegations.

126. In answer to Paragraph 126 of the TAC, Defendants deny the allegations contained therein.

127. In answer to Paragraph 127 of the TAC, Defendants deny the allegations contained therein.

128. In answer to Paragraph 128 of the TAC, Defendants deny the allegations contained therein.

129. In answer to Paragraph 129 of the TAC, Defendants deny the allegations contained therein.

130. In answer to Paragraph 130 of the TAC, Defendants deny the allegations contained therein.

131. In answer to Paragraph 131 of the TAC, Defendants deny the allegations contained therein.

132. In answer to Paragraph 132 of the TAC, Defendants deny the allegations contained therein.

133. In answer to Paragraph 133 of the TAC, Defendants deny the allegations contained therein.

134. In answer to Paragraph 134 of the TAC, Defendants deny the allegations contained therein.

## XIII. Count I (C) – Third Breach of Contract

135. In answer to Paragraph 135 of the TAC, Defendants incorporate their answers to the preceding allegations.

136. In answer to Paragraph 136 of the TAC, Defendants deny the allegations contained therein.

137. In answer to Paragraph 137 of the TAC, Defendants deny the allegations contained therein.

138. In answer to Paragraph 138 of the TAC, Defendants deny the allegations contained therein.

139. In answer to Paragraph 139 of the TAC, Defendants deny the allegations contained therein.

140. In answer to Paragraph 140 of the TAC, Defendants deny the allegations contained therein.

141. In answer to Paragraph 141 of the TAC, Defendants deny the allegations contained therein.

142. In answer to Paragraph 142 of the TAC, Defendants deny the allegations contained therein.

143. In answer to Paragraph 143 of the TAC, Defendants deny the allegations contained therein.

144. In answer to Paragraph 144 of the TAC, Defendants deny the allegations contained therein.

145. In answer to Paragraph 145 of the TAC, Defendants deny the allegations contained therein.

146. In answer to Paragraph 146 of the TAC, Defendants deny the allegations contained therein.

### XIV. Count II – Promissory Fraud

147. Pursuant to the Court's June 17, 2022 Second Order re Motion to Dismiss, this cause of action has been dismissed in its entirety; therefore, no answer is required for Paragraphs 147-166.

### XV. Count III – Promissory Estoppel

148. Pursuant to the Court's June 17, 2022 Second Order re Motion to Dismiss, this cause of action has been dismissed in its entirety; therefore, no answer is required for Paragraphs 167-184.

### XVI. Count IV – Negligent Misrepresentation

149. Pursuant to the Court's June 17, 2022 Second Order re Motion to Dismiss, this cause of action has been dismissed in its entirety; therefore, no answer is required for Paragraphs 185-202.

### XVII. Count V – Tortious Interference with Contractual Relations

150. Pursuant to the Court's June 17, 2022 Second Order re Motion to Dismiss, this cause of action has been dismissed in its entirety; therefore, no answer is required for Paragraphs 203-209 and 128 [sic] – 134 [sic].

### XVIII. Count VI – Negligent Interference with Contractual Relations

151. Pursuant to the Court's June 17, 2022 Second Order re Motion to Dismiss, this cause of action has been dismissed in its entirety; therefore, no answer is required for Paragraphs 210-225.

### XIX. Count VII – Intentional Interference with Prospective Economic Advantage

152. Pursuant to the Court's June 17, 2022 Second Order re Motion to Dismiss, this cause of action has been dismissed in its entirety; therefore, no answer is required for Paragraphs 226-242.

### XX. Count VIII – Negligent Interference with Prospective Economic Advantage

153. Pursuant to the Court's June 17, 2022 Second Order re Motion to Dismiss, this cause of action has been dismissed in its entirety; therefore, no answer is required for Paragraphs 243-252.

### XXI. Count IX – Breach of the Covenant of Good Faith and Fair Dealing

154. In answer to Paragraph 253 of the TAC, Defendants incorporate their answers to the preceding allegations.

155. In answer to Paragraph 254 of the TAC, Defendants admit they entered into a contract titled "Settlement Agreement" with Plaintiff. As to the remaining allegations in Paragraph 254, Defendants deny the allegations contained therein.

156. In answer to Paragraph 255 of the TAC, Defendants deny the allegations contained therein.

157. In answer to Paragraph 256 of the TAC, Defendants deny the allegations contained therein.

158. In answer to Paragraph 257 of the TAC, Defendants deny the allegations contained therein.

159. In answer to Paragraph 258 of the TAC, Defendants deny the allegations contained therein.

160. In answer to Paragraph 259 of the TAC, Defendants deny the allegations contained therein.

161. In answer to Paragraph 260 of the TAC, Defendants deny the allegations contained therein.

### XXII. Count X – Negligent Interference with Prospective Economic Advantage

162. Pursuant to the Court's June 17, 2022 Second Order re Motion to Dismiss, this cause of action has been dismissed in its entirety; therefore, no answer is required for Paragraphs 261-269.

### XXIII. AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER, AND AS AFFIRMATIVE DEFENSES, Defendants allege that Plaintiff's claims are barred wholly or in part by the following affirmative defenses:

1. Failure to state a claim upon which relief can be granted.
2. Plaintiff's own comparative fault.

3. Estoppel.

4. Failure to mitigate damages.

5. Failure to fulfill condition(s) precedent.

6. Unclean hands.

7. Waiver.

8. Breach of contract by Plaintiff.

9. Lack of jurisdiction over the person.

10. Prevention of performance.

11. Laches.

12. Speculative damages.

13. Such other affirmative defenses that may be discovered during the course of discovery.

## XXIV. PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Third Amended Complaint, Defendants pray for the following relief:

1. For dismissal of Plaintiff's Third Amended Complaint with prejudice and without costs;

2. For attorneys' fees and costs, if appropriate; and

3. For such further relief as this Court deems just and equitable.

RESPECTFULLY SUBMITTED this 11th day of July 2022.

ROMERO PARK P.S.

By: */s/ H. Troy Romero*
    H. Troy Romero, CBN #224867

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I, Kathy Koback, certify and declare as follows:

I am a citizen of the United States and a resident of the State of Washington. I am over the age of 18 years and not a party to the within-entitled cause. I am an employee with the law firm of Romero Park P.S., whose addresses are 16935 West Bernardo Drive, Suite 260, San Diego, California 92127 and 155 – 108th Avenue NE, Suite 202, Bellevue, Washington 98004, which is located in the county where the mailing described below took place.

On July 11, 2022, at my place of business in Bellevue, Washington, a copy of the attached document described as:

DEFENDANTS DAVID CROWE'S AND MIKE LYONETTE'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR BREACH OF CONTRACT; PROMISSORY FRAUD; PROMISSORY ESTOPPEL; NEGLIGENT MISREPRESENTATION; TORTIOUS INTEREFERENCE WITH CONTRACTUAL RELATIONS; NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECOMONIC ADVANTAGE; BREACH OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING; & NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

was sent via electronic mail pursuant to the parties' agreement for acceptance of service via electronic mail, and addressed to:

Carl A. Wescott
8210 E. Via De La Escuala
Scottsdale, Arizona 85258
Email: carlwsoj@gmail.com

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: July 11, 2022.

_____
Kathy Koback, Legal Assistant